UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK BABCOCK, ET AL.,  )
    Plaintiffs )
     )
V. ) CIVIL NO. 04CV11413-EFH
     )
UNITED STATES OF AMERICA, ET AL, )
    Defendants )

## DEFENDANT, LEDGEWOOD CONSTRUCTION CO., INC.'S, ANSWER TO PLAINTIFFS' COMPLAINT AND CROSSCLAIMS AGAINST THE UNITED STATES OF AMERICA AND DEPARTMENT OF THE NAVY

### Parties

1. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 1 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

2. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 2 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

3. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 3 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

4. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 4 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

5. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 5 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

6. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 6 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

7. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 7 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

8. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 8 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

9. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 9 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

10. The Defendant, Ledgewood Construction Co., Inc., admits the allegations of Paragraph 10 of the Complaint.

## Jurisdiction

11. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 11 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

12. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 12 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

13. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 13 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

14. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 14 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

15. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 15 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

16. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 16 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

## General Factual Allegations

17. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 17 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

18. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 18 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

19. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 19 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

20. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 20 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

21. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 21 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

22. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 22 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

23. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 23 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

24. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 24 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

25. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 25 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

26. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 26 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

27. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 27 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

28. The Defendant, Ledgewood Construction Co., Inc., admits that it did some renovation work at Parson's field.

29. The Defendant, Ledgewood Construction Co., Inc., denies the allegations of Paragraph 29 of the Complaint.

30. The Defendant, Ledgewood Construction Co., Inc., denies the allegations of Paragraph 30 of the Complaint.

31. The Defendant, Ledgewood Construction Co., Inc., can neither admit nor deny the allegations of Paragraph 31 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

### COUNT I
(Negligence Against the United States – Babcock)

32. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

### COUNT II
(Negligence Against the Navy - Babcock)

33  Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

### COUNT III
(Negligence of Northeastern University - Babcock)

34  Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

### COUNT IV
(Negligence of Sasaki Associates, Inc. - Babcock)

35  Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

### COUNT V
(Breaches Warranty by Sasaki Associates, Inc. - Babcock)

36. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

### COUNT VI
(Negligence of Ledgewood Construction Company, Inc. – Babcock)

37. The Defendant denies the allegations of Paragraph 37 of the Complaint.

### COUNT VII
(Breaches of Warranty by Ledgewood Construction Company, Inc. – Babcock)

38. The Defendant denies the allegations of Paragraph 38 of the Complaint.

## COUNT VIII
(Negligence Against the United States – Canney)

39. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT IX
(Negligence Against the Navy - Canney)

40. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT X
(Negligence of Northeastern University – Canney)

41. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XI
(Negligence of Sasaki Associates, Inc. – Canney)

42. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XII
(Breaches of Warranty by Sasaki Associates, inc. – Canney)

43. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XIII
(Negligence of Ledgewood Construction Company, Inc. – Canney)

44. The Defendant denies the allegations of Paragraph 44 of the Complaint.

## COUNT XIV
(Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)

45. The Defendant denies the allegations of Paragraph 45 of the Complaint.

## COUNT XV
(Negligence Against the United States – Gregorio)

46. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XVI
(Negligence Against the Navy - Gregorio)

47. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XVII
(Negligence of Northeastern University – Gregorio)

48. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XVIII
(Negligence of Sasaki Associates, Inc. - Gregorio)

49. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XIX
(Breaches of Warranty by Sasaki Associates, Inc. - Gregorio)

50. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XX
(Negligence of Ledgewood Construction Company, inc. - Gregorgio)

51. The Defendant denies the allegations of Paragraph 51 of the Complaint.

## COUNT XXI
(Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)

52. The Defendant denies the allegations of Paragraph 52 of the Complaint.

## COUNT XXII
(Negligence Against the United States - Kelley)

53. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXIII
### (Negligence Against the Navy – Kelley)

54. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXIV
### (Negligence of Northeastern University - Kelley)

55. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXV
### (Negligence of Sasaki Associates, Inc. - Kelley)

56. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXVI
### (Breaches of Warranty by Sasaki Associates, Inc. - Kelley)

57. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXVII
### (Negligence of Ledgewood Construction Company, Inc., - Kelley)

58. The Defendant denies the allegations of Paragraph 58 of the Complaint.

## COUNT XXVIII
### (Breaches of Warranty by Ledgewood Construction Company, Inc., - Kelley)

59. The Defendant denies the allegations of Paragraph 59 of the Complaint.

## COUNT XXIX
### (Negligence Against the United States – Mrs. Kelley)

60. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXX
(Negligence Against the Navy – Mrs. Kelley)

61. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXXI
(Negligence of Northeastern University – Mrs. Kelley)

62. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXXII
(Negligence of Sasaki Associates, Inc. – Mrs. Kelley)

63. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXXIII
(Breaches of Warranty by Sasaki Associates, Inc. – Mrs. Kelley)

64. Is not directed to this Defendant and requires no response. In the event that this Count is read as being applicable to this Defendant, it is denied.

## COUNT XXXIV
(Negligence of Ledgewood Construction Company, Inc. – Mrs. Kelley)

65. The Defendant denies the allegations of Paragraph 65 of the Complaint.

## COUNT XXXV
(Breaches of Warranty by Ledgewood Construction Company, Inc. – Mrs. Kelley)

66. The Defendant denies the allegations of Paragraph 66 of the Complaint.

In further answering, the Defendant, Ledgewood Construction Company, Inc., asserts the following affirmative defenses:

### First Affirmative Defense

And further answering, the Defendant says that the injuries and damages alleged were caused in whole or in part by negligence of the Plaintiffs to a degree greater than any alleged negligence of the Defendant.

### Second Affirmative Defense

And further answering, the Defendant says that the injuries and damages alleged were not caused by the act or acts of any person for whose conduct the Defendant was legally responsible.

### Third Affirmative Defense

And further answering, the Defendant says that the location of the Plaintiffs' alleged fall was not an area within the care, custody or control of the Defendant, and the Plaintiffs are thereby barred from recovery.

### Fourth Affirmative Defense

And further answering, the Defendant says that the Complaint fails to state a claim against the Defendant upon which relief can be granted.

### Fifth Affirmative Defense

And further answering, the Defendant says that there was and is no privity of contract between this Defendant and the Plaintiffs.

### Sixth Affirmative Defense

And further answering, the Defendant says that the warranty and/or warranties alleged by the Plaintiffs did not arise under any contract with the Plaintiffs or under any contract alleged or implied.

### Seventh Affirmative Defense

And further answering, the Defendant denies that it made warranties of any kind, express or implied, to the Plaintiffs or to any person, firm or entity through whom the Plaintiffs are entitled to claim.

### Eighth Affirmative Defense

And further answering, the Defendant says that any alleged warranty or warranties, expressed or implied, which the Plaintiffs alleges were made on behalf of the Defendant were void due to a lack of authority to make such warranties on the part of any person, firm or entity making such warranties.

### Ninth Affirmative Defense

And further answering, the Defendant says that any warranties, expressed or implied, which may have been made by the Defendant had expired and were no longer in force at the time of the alleged injury.

### Tenth Affirmative Defense

And further answering, the Defendant denies that it was negligent, careless or grossly negligent in any manner.

### Eleventh Affirmative Defense

And further answering, the Defendant says that the Plaintiffs failed to exercise due care at the time of the accident.

### Twelfth Affirmative Defense

And further answering, the Defendant says that the Plaintiffs voluntarily assumed the risk and were as guilty of contributory negligence.

### Thirteenth Affirmative Defense

And further answering, the Defendant says that the Plaintiffs contributed to the cause of the action and, therefore, the damages, if any, should be diminished in accordance with G.L. c. 231, §85, as amended.

### Fourteenth Affirmative Defense

And further answering, the Defendant denies management, supervision, inspection or testing, maintenance, ownership or control of the premises alleged in the Plaintiffs' Complaint.

The Defendant requests a trial by jury on all issues.

## CROSSCLAIM OF DEFENDANT, LEDGEWOOD CONSTRUCTION COMPANY, INC., AGAINST THE CO-DEFENDANT, UNITED STATES OF AMERICA

### COUNT I

1. The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., is a corporation duly organized under the laws of Massachusetts having a place of business at 233 Victory Road, North Quincy, Massachusetts.

2. The defendant in Crossclaim is the United States of America.

3. The Plaintiffs have served a Complaint on the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., and a copy of said Complaint has been served on the Defendant in Crossclaim, United States of America.

4.  The injuries and damages allegedly suffered by the Plaintiffs were caused entirely by the negligence of the United States of America in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill approach and landing; and in the supervision of the helicopter's operation.

5.  The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., was not negligent and has been exposed to derivative and vicarious liability without fault on the part of the Defendant/Crossclaimant, as a result of the negligence of the Defendant in Crossclaim, United States of America. Consequently, the Defendant/Crossclaimant, Ledgewood Construction Company, Inc. is entitled to indemnification from the Defendant in Crossclaim, United States of America, for any judgment entered against the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., in favor of the Plaintiffs herein, together with interest, costs and attorney's fees.

WHEREFORE, the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., demands judgment against the Defendant in Crossclaim, United States of America, in the amount of any judgment entered in favor of the Plaintiffs herein against the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., together with interests, costs and attorneys fees.

## COUNT II

6.  The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., repeats and incorporates herein by reference the allegations of Paragraphs 1 through 5 of this Crossclaim as if set forth word for word.

7.  If it is determined that the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., was negligent, which it denies, then the Defendant in Crossclaim, United States of America, was a joint tortfeasor and in para delecto. Consequently, the Defendant /Crossclaimant, Ledgewood Construction Company, Inc., is entitled to contribution from the Defendant in Crossclaim, United States of America, pursuant to the provisions of M.G.L. c. 231B.

WHEREFORE, the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., demands Judgment against the Defendant in Crossclaim, United States of America, in an amount of its respective pro rata share of the entire liability, if any, to the Plaintiffs.

## CROSSCLAIM OF DEFENDANT, LEDGEWOOD CONSTRUCTION COMPANY, INC., AGAINST THE CO-DEFENDANT, DEPARTMENT OF THE NAVY

### COUNT III

8. The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., incorporates by reference Paragraphs 1 through 7 set forth above as though the same were fully set forth herein.

### COUNT IV

9. The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., is a corporation duly organized under the laws of Massachusetts having a place of business at 233 Victory Road, North Quincy, Massachusetts.

10. The defendant in Crossclaim is the Department of the Navy.

11. The Plaintiffs have served a Complaint on the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., and a copy of said Complaint has been served on the Defendant in Crossclaim, Department of the Navy.

12. The injuries and damages allegedly suffered by the Plaintiffs were caused entirely by the negligence of the Department of the Navy in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill approach and landing; and in the supervision of the helicopter's operation.

13. The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., was not negligent and has been exposed to derivative and vicarious liability without fault on the part of the Defendant/Crossclaimant, as a result of the negligence of the Defendant in Crossclaim, Department of the Navy. Consequently, the Defendant/Crossclaimant, Ledgewood Construction Company, Inc. is entitled to indemnification from the Defendant in Crossclaim, Department of the Navy, for any judgment entered against the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., in favor of the Plaintiffs herein, together with interest, costs and attorney's fees.

WHEREFORE, the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., demands judgment against the Defendant in Crossclaim, Department of the Navy, in the amount of any judgment entered in favor of the Plaintiffs herein against the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., together with interests, costs and attorneys fees.

## COUNT V

14. The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., repeats and incorporates herein by reference the allegations of Paragraphs 1 through 13 of this Crossclaim as if set forth word for word.

15. If it is determined that the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., was negligent, which it denies, then the Defendant in Crossclaim, Department of the Navy, was a joint tortfeasor and in para delecto. Consequently, the Defendant /Crossclaimant, Ledgewood Construction Company, Inc., is entitled to contribution from the Defendant in Crossclaim, Department of the Navy, pursuant to the provisions of M.G.L. c. 231B.

WHEREFORE, the Defendant/Crossclaimant, Ledgewood Construction Company, Inc., demands Judgment against the Defendant in Crossclaim, Department of the Navy, in an amount of its respective pro rata share of the entire liability, if any, to the Plaintiffs.

The Defendant/Crossclaimant, Ledgewood Construction Company, Inc., requests a trial by jury on all issues.

Ledgewood Construction Company, Inc.
By Its Attorney,

Jon S. Hartmere
B.B.O. No. 224510
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4631

## CERTIFICATE OF SERVICE

I, Jon S. Hartmere, attorney for the Defendant, Ledgewood Construction Co., Inc., s, Ledgewood Construction Co., Inc., in the above-entitled action, hereby certify that on the _15th_ day of September, 2004, I mailed a copy of the within Answer and Crossclaim, postage prepaid, to:

| | |
|---|---|
| Michael E. Mone, Esq. | David J. Hatem, Esq. |
| Kathryn Hand, Esq. | Warren D. Hutchison, Esq. |
| Esdaile Barrett & Esdaile | Donovan Hatem |
| 75 Federal Street | Two Seaport Lane |
| Boston, MA 02110-1904 | Boston, MA 02210 |

_____
Jon S. Hartmere
B.B.O. No. 224510
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4631