UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 24 P 12: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY SASAKI ASSOCIATES, INC. and LEDGEWOOD CONSTRUCTION COMPANY, INC., <br><br> Defendants. | C.A. No. 04-CV-11413-EFH |

## DEFENDANT NORTHEASTERN UNIVERSITY'S MOTION TO DISMISS

Defendant Northeastern University ("Northeastern"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Honorable Court to dismiss Counts III, X, XVII, XXIV and XXXI alleging negligence against it on behalf of the respective plaintiffs. In support of this motion, Northeastern states:

1.   This action arises out of a United States Government military mission on January 5, 2002 involving the test landing of two CH-47D Chinook helicopters at Parsons Field in preparation for an educational visit by President Bush and other U.S. Government officials to the Boston Latin School on January 8, 2002 to celebrate and explain federal education reform legislation. As the first helicopter was in the process of landing, a baseball dugout between home plate and first base allegedly fell onto four firefighters who had sought shelter behind the structure from powerful rotor backwash and swirling debris.

2. As shown in the accompanying memorandum of law, any claims of negligence against Northeastern arising out of this incident are without a basis at law as Northeastern is immune from liability for negligence pursuant to Massachusetts' recreational use statute, M.G.L. c. 21, § 17C. Accordingly, Counts III, X, XVII, XXIV, and XXXI asserted by the plaintiffs against Northeastern for negligence must be dismissed.

3. The Presidential visit to Boston Latin School (and the military security preparations in support thereof) constitutes the use of Northeastern's land by the public for purposes enumerated in M.G.L. c. 21, § 17C. Plaintiffs' complaint fails to plead any basis upon which to evade Northeastern's statutory immunity.

4. In light of the dispositive nature sought in this motion, no assent has been sought from plaintiffs' counsel.

WHEREFORE, in view of the foregoing, Defendant, Northeastern University, respectfully requests that this Honorable Court:

a. Dismiss Counts III, X, XVII, XXIV, and XXXI of the plaintiffs' Complaint alleging negligence against it; and

b. grant other such relief as the court shall deem just.

Respectfully submitted,

DEFENDANT NORTHEASTERN UNIVERSITY

By its attorneys,
NELSON KINDER MOSSEAU & SATURLEY, P.C.

Dated: 9/24/04

By: _____
Gerald F. Lucey, BBO # 306860
Robert B. Smith, BBO # 546580
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
(617) 778-7500

2

## CERTIFICATE OF SERVICE

I, Robert B. Smith, do hereby certify that on this date I served the foregoing **"DEFENDANT NORTHEASTERN UNIVERSITY'S, MOTION TO DISMISS"** upon all parties of record to this action by faxing a copy and mailing same first-class, postage prepaid to each of the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110-1904

Matthew A. Connelly
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Jon S. Hartmere, Esq.
Law Office of Jacqueline Allen
262 Washington Street, Suite 601
Boston, MA  02108

DATED: 9/24/04

Robert B. Smith