UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 SEP 29 P 3: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

FREDERICK BABCOCK, JOSEPH CANNEY, )
THOMAS GREGORIO, JOHN KELLEY and )
YVONNE KELLEY, )
    Plaintiffs, )
)
v. )  CIVIL ACTION
)  NO. 4CV11413EFH
UNITED STATES OF AMERICA, )
NORTHEASTERN UNIVERSITY, )
and LEDGEWOOD CONSTRUCTION )
    COMPANY, INC., )
    Defendants. )

## JOINT CASE MANAGEMENT PROPOSAL

Counsel conferred by telephone on September 21, 2004 and September 23, 2004, to discuss the matters required by the Court's notice order of August 5, 2004 (copy attached), and report to the Court as follows:

**I.   Proposed Plan for Discovery:**

The parties propose that discovery close 400 days after the date of the Court's order making a final determination on the Motion to Dismiss filed by Northeastern University on September 24, 2004[1] and that discovery proceed as follows:

    **A.   Discovery Limitations:**

*Depositions*

The parties believe that there are a significant number of as-yet unidentified fact witnesses who may need to be deposed in the course of discovery, but suggest that they begin discovery limiting the plaintiffs, collectively, to ten (10) depositions and the defendants to eight (8) depositions per defendant. The parties agree that should the need

---

[1] Northeastern University is the sole defendant to have filed a Motion to Dismiss in lieu of an answer to the plaintiffs' complaint. The remaining defendants have answered the complaint.

for further depositions become clear as discovery progresses, they will then seek leave of court to take those depositions.

### *Interrogatories*

The parties agree that the plaintiffs, collectively, will be permitted to propound 25 interrogatories to the defendants, with some portion of this number (to be decided at the plaintiffs' discretion) to be common to all defendants and some portion, at the plaintiffs' discretion, to be allocated to particular individual defendants. The defendants, collectively, will be permitted to propound 25 interrogatories to the plaintiffs, with some portion of this number (to be decided at the defendants' discretion) to be common to all plaintiffs and some portion, at the defendants' discretion, to be allocated to particular individual plaintiffs. Each defendant, individually, will also be permitted to propound up to 15 interrogatories to any other defendant.

### *Requests for Admissions*

The parties agree that the plaintiffs, collectively, will be permitted to propound 25 requests for admissions to the defendants, with some portion of this number (to be decided at the plaintiffs' discretion) to be common to all defendants and some portion, at the plaintiffs' discretion, to be allocated to particular individual defendants. The defendants, collectively, will be permitted to propound 25 requests for admissions to the plaintiffs, with some portion of this number (to be decided at the defendants' discretion) to be common to all plaintiffs and some portion, at the defendants' discretion, to be allocated to particular individual plaintiffs. Each defendant, individually, will also be permitted to propound up to 15 requests for admissions to any other defendant.

### *Request for Production of Documents*

The parties agree that each party will be permitted to serve two sets of requests for production of documents to each opposing party.

2

**B.     Phased Discovery:**

The parties agree that it would not be beneficial to phase the discovery in this case.

1. Each party will provide automatic discovery required by Fed. R. Civ. P. 26(a)(1) by October 5, 2004, and the plaintiff will provide the discovery required by L.R. 35.1 by October 4, 2005.

2. All fact discovery on the issues of liability and damages shall close within 300 days after the date of the Court's order making a final determination on the Motion to Dismiss filed by Northeastern University on September 24, 2004.

3. Expert discovery will be conducted as follows:

   a. The plaintiffs will make their Fed. R. Civ. P. 26(a)(2)(B) disclosure of expert(s) within 330 days after the date of the Court's order making a final determination on the Motion to Dismiss filed by Northeastern University on September 24, 2004;

   b. The defendants will make their Fed. R. Civ. P. 26(a)(2)(B) disclosure of expert(s) within 360 days after the date of the Court's order making a final determination on the Motion to Dismiss filed by Northeastern University on September 24, 2004;

   c. The parties will complete expert depositions within 390 days after the date of the Court's order making a final determination

on the Motion to Dismiss filed by Northeastern University on September 24, 2004.

**II.  Proposed Schedule for Filing Motions:**

The parties have agreed upon the following proposed Scheduling Order in this case:  The parties have agreed that any dispositive motions will be filed and served within 405 days after the date of the Court's order making a final determination on the Motion to Dismiss filed by Northeastern University on September 24, 2004; if necessary, such motions shall be heard as soon thereafter as the Court's schedule permits.

**III.  Certifications:**

Attached are the certifications requested by the notice of the court on August 5, 2004, signed by counsel and by an authorized representative of each party affirming that each party and their counsel have conferred;

    A.    With a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and

    B.    To consider the resolution of the litigation through the use of alternative dispute resolution programs.

**IV.  Parties' Positions Concerning Trial by Magistrate Judge**

Counsel for the parties have conferred on the question of their willingness to consent to trial by a magistrate judge, but have not yet reached a unanimous decision on that issue.

| | |
|---|---|
| Respectfully submitted,<br>The Plaintiffs,<br>By their attorneys,<br><br>/s/ Michael E. Mone<br>_____<br>Michael E. Mone<br>BBO No. 351680<br>Kathryn E. Hand<br>BBO No. 567197<br>Esdaile, Barrett & Esdaile<br>75 Federal Street<br>Boston, MA 02110-1904<br>(617) 482-0333<br>Fax: (617) 426-2978 | The Defendant,<br>United States of America,<br>By its attorneys,<br><br>Peter D. Keisler<br>Assistant Attorney General<br><br>Michael Sullivan<br>United States Attorney<br><br>Barbara Healy Smith<br>Assistant United States Attorney<br><br>_____<br>Matthew A. Connelly, Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Dep't of Justice<br>P.O. Box 14271<br>Washington, DC 20044-4271<br>(202) 616-4040<br>Fax: (202) 616-4159 |
| The Defendant,<br>Northeastern University,<br>By its attorneys,<br><br>/s/ Gerald F. Lucey (KEH)<br>_____<br>Gerald F. Lucey<br>BBO No. 306860<br>Nelson, Kinder, Mosseau & Saturley, PC<br>45 Milk Street<br>Boston, MA 02109<br>(617) 778-7500<br>Fax: (617) 778-7501 | The Defendant,<br>Ledgewood Construction Company, Inc.,<br>By its attorneys,<br><br>/s/ Jon S. Hartmere (KEH)<br>_____<br>Jon S. Hartmere<br>BBO No. 224510<br>Law Office of Jacqueline L. Allen<br>262 Washington Street<br>Boston, MA 02108<br>(617) 878-4600<br>Fax: (617) 878-4650 |

DATED: 9/29/04

Respectfully submitted,
The Plaintiffs,
By their attorneys,

_____
Michael E. Mone
BBO No. 351680
Kathryn E. Hand
BBO No. 567197
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904
(617) 482-0333
Fax: (617) 426-2978

The Defendant,
Northeastern University,
By its attorneys,

_____
Gerald F. Lucey
BBO No. 306860
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street
Boston, MA 02109
(617) 778-7500
Fax: (617) 778-7501

The Defendant,
United States of America,
By its attorneys,

Peter D. Keisler
Assistant Attorney General

Michael Sullivan
United States Attorney

Barbara Healy Smith
Assistant United States Attorney

_____
Matthew A. Connelly, Trial Attorney
Torts Branch, Civil Division
U.S. Dep't of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4040
Fax: (202) 616-4159

The Defendant,
Ledgewood Construction Company, Inc.,
By its attorneys,

_____
Jon S. Hartmere
BBO No. 224510
Law Office of Jacqueline L. Allen
262 Washington Street
Boston, MA 02108
(617) 878-4600
Fax: (617) 878-4650

DATED:

5

## CERTIFICATE OF SERVICE

I, Kathryn E. Hand, certify that I have this 29th day of September, 2004, served a copy of the attached Joint Case Management Proposal by fax and first-class mail on counsel for all parties as follows:

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street
Boston, MA 02109
Fax: (617) 778-7501

Matthew A. Connelly, Trial Attorney
Torts Branch, Civil Division
U.S. Dep't of Justice
P.O. Box 14271
Washington, DC 20044-4271
Fax: (202) 616-4159

Jon S. Hartmere, Esq.
Law Office of Jacqueline L. Allen
262 Washington Street
Boston, MA 02108
Fax: (617) 878-4650

_____
KATHRYN E. HAND

6

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

FREDERICK BABCOCK, ET AL.   v.   UNITED STATES OF AMERICA, ET AL.

Civil Action No.   04-11413-EFH

**NOTICE OF SCHEDULING CONFERENCE**

An Initial Scheduling Conference will be held in Judge Harrington's Courtroom (No. 13 on the 5th floor) at 2:00 p.m. on __Wednesday__, the __6th__ day of __October__, 2004, in accordance with Fed.R.Civ.P. 16(b) and LR 16.1. The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with Sections (B), (C) and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged in trial. Failure to comply fully with this notice and with Sections (B), (C) and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3.

__August 5, 2004__  
Date

/s/ Edward F. Harrington  
**EDWARD F. HARRINGTON**  
**United States Senior District Judge**

---

[1] These sections of LR 16.1 provide:
- (B) Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall confer no later than ten (10) days prior to the date for the scheduling conference for the purpose of:
  (1) preparing an agenda of matters to be discussed at the scheduling conference,
  (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and
  (3) considering whether they will consent to trial by magistrate judge.
- (C) Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement prior to the scheduling conference and be prepared to respond to the proposals at the scheduling conference.
- (D) Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days prior to the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:
  (1) a joint discovery plan scheduling the time and length for all discovery events, that shall
     (a) conform to the obligation to limit discovery set forth in Fed.R.Civ.P. 26(b), and
     (b) consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case, and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and
  (2) a proposed schedule for the filing of motions; and
  (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:
     (a) with a view to establishing a budget for the costs of conducting the full course - and various alternative courses – of the litigation; and
     (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY SASAKI ASSOCIATES, INC. and LEDGEWOOD CONSTRUCTION COMPANY, INC.,<br><br>Defendants. | C.A. No. 04-CV-11413-EFH |

## CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(D)(3), the undersigned hereby affirm that they have conferred

    (a)    with a view toward establishing a budget for the costs of conducting the full course -- and various alternative courses -- of the litigation; and

    (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Dated: September 27, 2004

_____
Gerald F. Lucey, BBO # 306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
(617) 778-7500

_____
Laurence F. Mucciolo
Senior Vice President -
Administration & Finance
Northeastern University
122 St. Stephen Street
Boston, MA 02115

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, et al )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al )<br>)<br>Defendants. )<br>) | Civil Action No. 1:04-CV-11413-EFH |

**DEFENDANT UNITED STATES OF AMERICA'S
CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)**

Defendant hereby certifies, pursuant to Local Rule 16.1(D)(3), that its authorized representative has conferred with counsel on the following subjects:

1. establishing a budget for the costs of conducting the full course, and various alternatives, of this litigation; and,

2. to consider the resolution of litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____  9/22/04
WILLIAM M. SEXTON       Date
Federal Tort Claims Attorney
Naval Legal Service Office Mid-Atlantic
9620 Maryland Avenue, Suite 100
Norfolk, Virginia 23511-2989
(757) 444-3599, (757) 444-4421 (fax)

Authorized Representative of
the United States of America

_____  9/23/2004
MATTHEW A. CONNELLY    Date
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4040, (202) 616-4159 (fax)

Attorney for the
United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, Plaintiffs, | ) ) ) ) ) |
| v. | ) ) CIVIL ACTION ) NO. 4CV11413EFH |
| UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, and LEDGEWOOD ONSTRUCTION COMPANY, INC., Defendants. | ) ) ) ) |

**PLAINTIFF FREDERICK BABCOCK'S CERTIFICATION
PURSUANT TO L. R. 16.1(D)(3)**

Counsel for Plaintiff, Michael E. Mone, and Plaintiff, Frederick Babcock, hereby certify that they have conferred pursuant to L.R. 16.1(D)(3) to establish a budget for the costs of conducting the full course and various alternative courses of litigation and to consider the resolution of this action through alternative dispute resolution programs.

_____
Frederick Babcock

_____ (KEH)
Michael E. Mone
BBO NO. 351680
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, Massachusetts 02110
(617) 482-0333

DATED: 9/29/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, )<br>THOMAS GREGORIO, JOHN KELLEY and )<br>YVONNE KELLEY, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>NORTHEASTERN UNIVERSITY, )<br>and LEDGEWOOD ONSTRUCTION COMPANY, INC., )<br>    Defendants. ) | CIVIL ACTION<br>NO. 4CV11413EFH |

## PLAINTIFF JOSEPH CANNEY'S CERTIFICATION
## PURSUANT TO L. R. 16.1(D)(3)

Counsel for Plaintiff, Michael E. Mone, and Plaintiff, Joseph Canney, hereby certify that they have conferred pursuant to L.R. 16.1(D)(3) to establish a budget for the costs of conducting the full course and various alternative courses of litigation and to consider the resolution of this action through alternative dispute resolution programs.

_____
Joseph Canney

_____ (MEM)
Michael E. Mone
BBO NO. 351680
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, Massachusetts 02110
(617) 482-0333

DATED: 9/29/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, and LEDGEWOOD ONSTRUCTION COMPANY, INC.,<br>Defendants. | CIVIL ACTION<br>NO. 4CV11413EFH |

### PLAINTIFF THOMAS GREGORIO'S CERTIFICATION
### PURSUANT TO L. R. 16.1(D)(3)

Counsel for Plaintiff, Michael E. Mone, and Plaintiff, Thomas Gregorio, hereby certify that they have conferred pursuant to L.R. 16.1(D)(3) to establish a budget for the costs of conducting the full course and various alternative courses of litigation and to consider the resolution of this action through alternative dispute resolution programs.

_____
Thomas Gregorio

_____
Michael E. Mone
BBO NO. 351680
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, Massachusetts 02110
(617) 482-0333

DATED: 9/29/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, )<br>THOMAS GREGORIO, JOHN KELLEY and )<br>YVONNE KELLEY, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>NORTHEASTERN UNIVERSITY, )<br>and LEDGEWOOD ONSTRUCTION COMPANY, INC., )<br>    Defendants. ) | CIVIL ACTION<br>NO. 4CV11413EFH |

## PLAINTIFF JOHN KELLEY'S CERTIFICATION
## PURSUANT TO L. R. 16.1(D)(3)

Counsel for Plaintiff, Michael E. Mone, and Plaintiff, John Kelley, hereby certify that they have conferred pursuant to L.R. 16.1(D)(3) to establish a budget for the costs of conducting the full course and various alternative courses of litigation and to consider the resolution of this action through alternative dispute resolution programs.

_____
John Kelley

_____
Michael E. Mone
BBO NO. 351680
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, Massachusetts 02110
(617) 482-0333

DATED: 9/29/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, ) <br> THOMAS GREGORIO, JOHN KELLEY and ) <br> YVONNE KELLEY, ) <br> Plaintiffs, ) <br> ) <br> v.  ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> NORTHEASTERN UNIVERSITY, ) <br> and LEDGEWOOD ONSTRUCTION COMPANY, INC., ) <br> Defendants. ) | CIVIL ACTION <br> NO. 4CV11413EFH |

## PLAINTIFF YVONNE KELLEY'S CERTIFICATION
## PURSUANT TO L. R. 16.1(D)(3)

Counsel for Plaintiff, Michael E. Mone, and Plaintiff, Yvonne Kelley, hereby certify that they have conferred pursuant to L.R. 16.1(D)(3) to establish a budget for the costs of conducting the full course and various alternative courses of litigation and to consider the resolution of this action through alternative dispute resolution programs.

_____
Yvonne Kelley

_____
Michael E. Mone
BBO NO. 351680
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, Massachusetts 02110
(617) 482-0333

DATED: 9/29/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK BABCOCK, ET AL, )
    Plaintiffs )
     )
V. ) CIVIL NO. 04CV11413-EFH
     )
UNITED STATES OF AMERICA, ET AL, )
    Defendants )

**DEFENDANT, LEDGEWOOD CONSTRUCTION CO., INC.'S,
CERTIFICATION PURSUANT TO LOCAL RULE 16.4**

I, Joseph Trainor, President of Ledgewood Construction Co., Inc., have discussed the costs associated with litigating and conducting a trial in this case initiated by the plaintiffs. Also, we have discussed options to trial including mediation and arbitration. I am open to alternative means of resolution for this action if the plaintiffs consent to an alternative disposition.

Date: Sept. 27, 2004

Joseph Trainor, President
Ledgewood Construction Co., Inc.

By its attorney,

Jon S. Hartmere
B.B.O. No. 224510
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4631

Certificate of Service

I, Jon Hartmere, hereby certify that on the 28th day of September, 2004 I mailed a copy of the with document to all parties.

David J. Hatem, Esq.
Warren D. Hutchison, Esq.
Donovan Hatem
Two Seaport Lane
Boston, MA 02210

John Chaney
Claim No. 29726462-F2