UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, )<br>THOMAS GREGORIO, JOHN KELLEY and )<br>YVONNE KELLEY, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>NORTHEASTERN UNIVERSITY, )<br>and LEDGEWOOD CONSTRUCTION )<br>    COMPANY, INC., )<br>    Defendants. ) | CIVIL ACTION<br>NO. 04-CV-11413-EFH |

**PLAINTIFFS' OPPOSITION
TO DEFENDANT NORTHEASTERN UNIVERSITY'S
MOTION TO DISMISS**

**I.     PRELIMINARY STATEMENT**

Defendant Northeastern University ("Northeastern") has moved for dismissal under Fed. R. Civ. P. 12(b)(6) of the plaintiffs' negligence claims against it on the grounds that it is immunized against those claims by Mass. Gen. L. ch. 21, § 17C, the Massachusetts "recreational use" statute. For the several reasons set out below, this argument must fail.

First, given the patently *non*-recreational purpose for which plaintiffs Frederick Babcock ("Babcock"), Joseph Canney ("Canney"), Thomas Gregorio ("Gregorio") and John Kelley ("Kelley")(collectively, "plaintiffs[1]"), then on-duty firefighters, were present on Parsons Field at the time of their January 5, 2002 injuries, Northeastern simply cannot show that the recreational use statute applies to the facts of the plaintiffs' claims against

---

[1] Yvonne Kelley, wife of plaintiff John Kelley, has also brought claims for her loss of consortium with her husband following John Kelley's January 5, 2002 injuries. As Mrs. Kelley's claim depends for its viability on the viability of her husband's claims, see, e.g., Corrigan v. General Elec. Co., 406 Mass. 478, 480

it.  Second, Northeastern has failed to show that it, as the owner of Parsons Field, meets the criteria entitling it to eligibility for protection under the statute, i.e., that it made its land available to the public, without charging a fee, for recreational purposes.  See Mass. Gen. L. ch. 21, § 17C (2002).  Third, Northeastern has failed to support its claims that the use to which Parsons Field was being put on at the time of the plaintiffs' injuries on January 5, 2002, was either "recreational" or "educational," entitling Northeastern to protection under the recreational use statute.  See Northeastern's Mem. at 2, 4-7; id.  Accordingly, Northeastern's motion to dismiss should be denied in its entirety, and the Court should order Northeastern to provide an answer to the plaintiffs' complaint.

## II.    FACTUAL BACKGROUND

Northeastern, a university located in Boston, Massachusetts, owns Parsons Field located in Brookline, Massachusetts.  Complaint, ¶¶ 8, 17, 20.  At the time of the incident at issue in this lawsuit ("Incident"), one or more structures, including a dugout ("Dugout"), were located on Parsons Field, and were subject to Northeastern's ownership and control.  Complaint, ¶ 19, 20.

On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Parsons Field in preparation for President George W. Bush's January 8, 2002 arrival in the area.[2]  Complaint, ¶¶ 17, 18.  As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock and Firefighters

---

(1990)(noting that loss of consortium claim is a separate cause of action, but one in a "symbiotic" relationship to spouse's underlying claim), the plaintiffs do not discuss it separately in this memorandum.
[2] Northeastern's characterization of the reason for President Bush's January 8, 2002 visit – to "celebrate and explain new federal education reform legislation," Northeastern's Mem. at 1 –  is supported by neither the allegations of the plaintiffs' complaint nor by any other cited authority. As discussed further at section III(B)(3), infra, such a purpose, even if properly documented, would not qualify Northeastern for protection under Mass. Gen. L. ch. 21, § 17C.  Under Fed. R. Civ. P. 12(b), the Court should, in its discretion, exclude this explanation of the purpose behind the Presidential visit from its consideration of Northeastern's motion to dismiss.  Fed. R. Civ. P. 12(b)(in considering Rule 12(b)(6) motions to dismiss court may exclude matters outside the pleadings or may convert the motion to dismiss to a motion for summary judgment). See McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63 (1st Cir. 2003)("Normally on a Rule 12(b)(6) motion to dismiss, only the complaint is reviewed."); Gonzalez v. United States, 284 F.3d 281 (1st Cir. 2002)(court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion).

Joseph Canney, Thomas Gregorio and John Kelley were stationed on foot at the field, near the Dugout. Complaint, ¶ 19. At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground. As the helicopter neared the ground, its rotor wash blew the dugout from its supports; debris fell on and seriously injured Babcock, Canney, Gregorio and Kelley. Complaint, ¶ 21.

The plaintiffs' injuries occurred while the plaintiffs were stationed on Parsons Field in the course of their duties as members of the Brookline Fire Department. Complaint, ¶ 19. As discussed at greater length below, § 3(B)(1), infra, the plaintiffs' activities at the time of the Incident were in no sense "recreational;" accordingly, there is simply no viable basis for Northeastern's claim to protection under the recreational use statute, Mass. Gen. L. ch. 21, § 17C. Even had the firefighters been engaging in a recreational purpose while on Parsons Field – a circumstance that they specifically deny –Northeastern has not shown that its use of its land met the statutory requirements that would entitle Northeastern to immunity from negligence claims under the recreational use statute.

### III. DISCUSSION

#### A. Standard of Review.

A claim cannot be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief." Milford Power Ltd. Partnership by Milford Power Assocs. v. New England Power Co., 918 F. Supp. 471, 482 (D. Mass. 1996). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. Moss v. Camp Pemigewassett, Inc., 312 F.3d 503, 506 (1st Cir. 2003); Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); Knight v. Mills, 836 F.2d 659 (1st Cir. 1987); id. If, under

3

any theory, the plaintiff's allegations are sufficient to state a cause of action in accordance with applicable law, the court must deny the defendant's motion to dismiss. Milford Power, 918 F. Supp. at 482 (citing Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court is to look to the "pleadings and no more," Fleming v. Lindaldock & Co., 922 F.2d 20, 23 (1st Cir. 1990), and generally should not consider materials beyond the complaint. McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003)("Normally on a Rule 12(b)(6) motion to dismiss, only the complaint is reviewed."); Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002)(court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion); United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 2003 U.S. Dist. LEXIS 8846, * 10-11 (D. Mass. May 21, 2003)(same, citing McInnis-Misenor, 319 F.3d at 67; Gonzalez, 284 F.3d at 288).

**B.     Analysis.**

Under the standard applicable to motions to dismiss pursuant to Rule 12(b)(6), Northeastern cannot show that it is entitled to the protections of Mass. Gen. L. ch. 21, § 17C with respect to the plaintiffs' claims against it.

> **1.     The Recreational Use Statute Applies Only Where A Plaintiff Is Injured While Engaging "Objectively Recreational" Activity, And Therefore Does Not Protect Northeastern From The Plaintiffs' Claims.**

The Massachusetts recreational use statute, Mass. Gen. L. ch. 21,§ 17C, immunizes those landowners who permit the public to use their land fee-free for "recreational, conservation, scientific, educational, environmental, ecological, research, religious, or charitable purposes" from liability to recreational users of the land for injury

sustained on the land, other than injury caused by the "wilful, wanton, or reckless conduct [of the landowner]." Mass. Gen.. L. ch. 21, § 17C.[3]

The law in this jurisdiction is crystal clear on the fact that the recreational use statute will only apply where a plaintiff has suffered an injury while engaging in an "objectively recreational" activity. See, e.g., Ali v. City of Boston, 441 Mass. 233, 238 (2004)(defining "recreational users" of park as "members of the public who enter the park to engage in [recreational activities, such as walking, bicycling, or picnicking]" and noting that in applying the recreational use statute, fact finder need only determine whether plaintiff is permitted to be on the property "because he is engaged in an *objectively recreational* activity" (emphasis added)). In interpreting and applying the recreational use statute, the courts have consistently interpreted the terms "recreation" and "recreational" consistent with their usual, plain-language meanings. Catanzarite v. City of Springfield, 32 Mass. App. Ct. 967, 967 (1992)("'Recreation' in its most natural signification means 'refreshment of strength and spirits *after work*; . . . a means of

---

[3] Since its enactment in 1972, Mass. Gen. L. ch. 21, § 17C has undergone several revisions, most recently in 1998. The current version of the statute, also in effect in 2002, provides in relevant part as follows:

> Any person having an interest in land . . . who lawfully permits the public to use such land for recreational, conservation, scientific, educational, environmental, ecological, research, religious, or charitable purposes without imposing a charge or fee therefor, . . . shall not be liable for personal injuries or property damage . . . sustained by such members of the public . . . while on said land in the absence of wilful, wanton, or reckless conduct by such a person. Mass. Gen. L. ch. 21, § 17C (effective Nov. 8 1998).

The version of the statute immediately preceding the 1998 revision had the same import, but used slightly different wording:

> An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor . . . shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of wilful, wanton or reckless conduct by such owner . . . . Mass. Gen. L. ch. 21, § 17C (1991).

There are no indicia, either by way of legislative history or indications in the courts' interpretations of the recreational use statute since its 1998 amendment, that the 1998 revision reflected any change in the way the statute is to be applied in deciding cases under the recreational use statute. In its current form, the recreational use statute continues to limit its protections to landowners allowing the public free access to their property for recreational and other specified purposes and only extends immunity as to those claims

5

refreshment or diversion.'" (quoting Webster's New Collegiate Dictionary 966 (1977))(emphasis added). Frequently-cited examples of recreational activities include playing in or watching sporting events, "strolling in the park to see animals, flowers, the landscape architecture or other sights," and picnicking. Id.; see Ali, 441 Mass. at 237-38 (examples of recreational activity include walking, bicycling, or picnicking); Seich v. Town of Canton, 426 Mass. 84, 85 (1997)(examples of recreational activity include active and passive pursuits, including playing and watching sports, strolling in the park to see animals, flowers, landscape architecture, etc., and picnicking (citing Catanzarite, 32 Mass. App. Ct. at 967)); Whooley v. Commonwealth, 57 Mass. App. Ct. 909, 910 (2003)(holding grandmother watching grandson's hockey game was engaging in "recreation" for purposes of recreational use statute). Cf. Constantine v. City of Cambridge, 2002 Mass. Super. LEXIS 24, *5 (Jan. 10, 2002)(ruling that whether plaintiff's walking through park, "not necessarily to enjoy the sights, but rather, as the shortest route home," was recreational use for purposes of Mass. Gen. L. ch. 21, § 17C was genuine issue of material fact).

Unsurprisingly, no reported decision has categorized purely work-related activity as "recreation" for the purposes of Chapter 21, § 17C. Northeastern's citation to Ali v. City of Boston for the proposition that "an individual injured while using the owner's land for work purposes does not render the statute inapplicable if the activity engaged in was a recreational or educational activity permitted by the landowner," Northeastern's Mem. at 6, is, at best, misleading. In Ali, the Court did not, as Northeastern suggests, treat the concepts of work and recreation interchangeably. See 414 Mass. at 235-39. Rather, discussing the irrelevance of a plaintiffs' *subjective* recreational intent in cases where those plaintiffs were using recreational areas for *objectively* recreational activities,

---

brought by members of the public engaged in recreational activities at the time of their injuries. See Mass.

6

the Court considered the effect of the recreational use statute on a hypothetical claim by a financial analyst who chose to perform a work-related activity (reading a client letter) while in engaging in his or her primary, objectively-recreational activity of enjoying lunch in Franklin Park.  See id. at 238.  With respect to that example, the Court said, "[i]t matters not that the . . . financial analyst's purpose is to work.  *What matters is that [the analyst is] engaging in recreational pursuits permitted in the park.*"  Id. (emphasis added).  In the case at issue here, the plaintiffs' activity at the time of the Incident was completely work-related, Complaint, ¶ 19; there was *no* recreational component to their presence at Parsons Field on January 5, 2002, nor to their activities while there.  In this case, plaintiffs Babcock, Canney, Gregorio and Kelley (along with many other Brookline firefighters) were present at Parsons Field solely because they were stationed there in the course of their employment as Brookline firefighters. Complaint, ¶ 19.  There is no rational view of the facts that would permit this Court to find an objectively recreational activity in the actions of firefighters stationed on a *de facto* helicopter landing field in the course of their landing-rehearsal related duties.  Accordingly, Northeastern's motion to dismiss on the grounds that it is protected under the Massachusetts recreational use statute must fail.

> 2. **Northeastern Has Failed To Show That It Permitted The Public To Use Its Land In Such A Way As To Qualify Northeastern For Protection Under Mass. Gen. L. ch. 21, § 17C.**

Although Northeastern claims in its motion papers that it allows members of the public "to use Parsons Field for recreational and educational uses without charging a fee," Northeastern's Mem. at 6, at this stage of the litigation, its assertions on this point

---

Gen. L. ch. 21, § 17C (2004).

7

are unsupported.[4]  Without evidence that as of January 2002, Northeastern permitted fee-free public access to Parsons Field for some or all of the purposes set out in Chapter 21, § 17C, Northeastern cannot demonstrate its eligibility for immunity under the recreational use statute from the plaintiffs' negligence claims.  For this reason, as well, Northeastern's Rule 12(b)(6) motion to dismiss must fail.

> **3.    Northeastern Has Failed To Show That At The Time Of The Incident Parsons Field Was Being Used For A Purpose Protected By The Recreational Use Statute.**

Finally, Northeastern has failed to show that the helicopter landing drill during which the plaintiffs were injured was, as Northeastern claims, Northeastern's Mem. at 2, 7, either a "recreational" or "educational" use of the land.  First, while practice landings of Presidential helicopters might have a number of articulable purposes – ensuring the safety of the President or of the public, for example – common sense dictates that such drills are by their very nature never "recreational."  Neither the wording of the recreational use statute nor the courts' refinement of the definition of "recreational activity" contemplates the inclusion of practice landings for Presidential helicopters; such an interpretation would be inconsistent with the spirit of the statute and the existing judicial precedent.

Likewise, Northeastern's interpretation of "educational" strains the wording of the statute past its breaking point.  As discussed above with regard to Northeastern's claim that it allows free public use of Parsons Field, there is presently no evidence in the record, other than Northeastern's own assertions, of the purpose behind the January 8, 2002 visit planned for President Bush, and in anticipation of which the landing drill was conducted on January 5, 2002.  Even assuming, as Northeastern argues, first, that the Presidential

---

[4] The fact that Northeastern relies in part on its claim that Northeastern students (who presumably pay, as part of their fees and tuition, for access to Northeastern's athletic facilities) "use Parsons Field as part of

8

visit was planned as a promotion of newly-passed federal legislation, and second, that such a promotion would itself be considered "educational" use of the property on which it was conducted, there is no indication that the *landing practice* being carried out in preparation for the President's arrival had any "educational" purpose of its own. Northeastern's arguments, while creative, are unpersuasive and lack appropriate foundation. Northeastern has failed to show that it is entitled to immunity from *any* claims under the recreational use statute, and has particularly failed to show its entitlement to dismissal of the plaintiffs' claims in this case.

### IV.    CONCLUSION

As discussed above, Northeastern University's Rule 12(b)(6) motion to dismiss on the grounds of immunity conferred on it under Mass. Gen. L. ch. 21, § 17C, the Massachusetts recreational use statute, must fail. First, Northeastern cannot, as the statute requires, show that plaintiffs Babcock, Canney, Gregorio and Kelley were engaged in objectively recreational activity– or, in fact, *any* recreational activity – at Parsons Field at the time their injuries occurred. Second, even had the plaintiffs been engaged in objectively recreational conduct at the time of the Incident, a circumstance they flatly deny, Northeastern has failed to show that it, as a landowner, qualifies for protection under the recreational use statute. As discussed above, there is no support for Northeastern's contentions that, at the relevant time, (a) it allowed the public fee-free access to Parsons Field for any or all of the purposes set out in the statute, or (b) that the activities being conducted on Parsons Field at the time of the Incident were either "recreational" or "educational."

Review of the facts of this case under the relevant standard, particularly in light of the requirement that the review be conducted in the light most favorable to the plaintiffs

---

their educational experience at Northeastern," Northeastern's Mem. at 6, highlights the flimsiness of this

and drawing all inferences in the plaintiffs' favor, mandates the Court's denial of Defendant Northeastern University's Motion to Dismiss.  Accordingly, the plaintiffs respectfully move that Northeastern's motion be denied, and that Northeastern be ordered to provide its answer to the plaintiffs' complaint as soon as the Court deems reasonable.

Respectfully submitted,
The plaintiffs,
By their attorneys,

 /s/ Kathryn E. Hand
Michael E. Mone
BBO No. 351680
Kathryn E. Hand
BBO No. 567197
ESDAILE, BARRETT & ESDAILE

75 Federal Street
Boston, MA  02110-1904
(617) 482-0333
(617) 426-2978 (fax)

CERTIFICATE OF SERVICE

I, Kathryn E. Hand, certify that I have served electronically a copy of the attached document on counsel for the defendants as follows:

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street
Boston, MA 02109
glucey@nkms.com

Matthew A. Connelly, Trial Attorney
Torts Branch, Civil Division
U.S. Dep't of Justice
P.O. Box  14271
Washington, DC  20044-4271
matthew.connelly@usdoj.gov

Barbara Healey Smith
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
barbara.h.smith@usdoj.gov

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
hamilton@casneredwards.com
maffucci@casneredwards.com

 /s/ Kathryn E. Hand
Kathryn E. Hand

DATED:  October 7, 2004

---

argument.

10