UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, Plaintiffs | ) ) ) ) ) | |
| v. | ) ) | C.A. NO. 04-CV-11413-EFH |
| UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, LEDGEWOOD CONSTRUCTION COMPANY, INC., And SPLIT BOULDER CONSTRUCTION, INC., Defendants | ) ) ) ) ) | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1.    Plaintiff Frederick Babcock ("Babcock") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

2.    Plaintiff Joseph Canney ("Canney") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

3.    Plaintiff Thomas Gregorio ("Gregorio") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

4.    Plaintiff John Kelley ("Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff Yvonne Kelley.

5.    Plaintiff Yvonne Kelley ("Mrs. Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff John Kelley.

6.    Defendant United States of America ("United States") oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

7.    Defendant Department of the Navy ("Navy") is a department of the defendant United States through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

8.    Defendant Northeastern University is a Massachusetts school with a principal place of business in Boston, Massachusetts.

9.    Defendant Ledgewood Construction Company, Inc. is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

10.    Defendant Split Boulder Construction, Inc. is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

### Jurisdiction

11.    This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. §1346(b).

12.    This Court has jurisdiction over the claims against the Navy pursuant to 28 U.S.C. §1346(b).

2

13.    This Court has supplemental jurisdiction over Northeastern University pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

14.    This Court has supplemental jurisdiction over Ledgewood Construction Company, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

15.    This Court has supplemental jurisdiction over Split Boulder Construction, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

16.    The amount in controversy exceeds, exclusive of interest and costs, the amount of Seventy-five Thousand Dollars ($75,000.00).

### General Factual Allegations

17.    On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts.

18.    Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002 arrival in the area.

19.    As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock and Firefighters Joseph Canney, Thomas Gregorio and John Kelley were required as part of their official duties to be present at the field; Babcock, Canney, Gregorio and Kelley were stationed on foot near a dugout building ("Dugout") on the field.

20.    Parsons Field, and the Dugout near which Babcock, Canney, Gregorio and Kelley were standing, are and at all times relevant to these allegations were, owned and maintained by Northeastern University, and were and are under Northeastern University's control.

21.    At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground on the field. As the helicopter neared the ground, its rotor wash blew the dugout from its supports; debris fell on and seriously injured Babcock, Canney, Gregorio and Kelley.

22.    As a result of this incident, Babcock suffered injuries including, but not limited to, a right pelvic ramus fracture with anterior column fracture of his acetabulum.

23.    As a result of this incident, Canney suffered injuries including, but not limited to, multiple trauma, including traumatic soft-tissue injury to his left thigh.

24.    As a result of this incident, Gregorio suffered injuries including, but not limited to, traumatic injury to his head and hands.

25.    As a result of this incident, Kelley suffered injuries including, but not limited to, including an avulsion fracture of cervical spine at C-1 and rupture of his right patellar tendon.

26.    As a result of her husband's injuries in this incident, Mrs. Kelley has suffered the loss of her husband's care, society, comfort, companionship and consortium.

27.    A renovation project took place in or around 2001; the 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc.

28.    At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

29.    As a result of the aforesaid incident, Plaintiffs Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley were each caused to sustain severe and permanent personal injuries. Each of them has suffered and will suffer great pain of body and mind, each has

incurred and will incur significant expense for his medical care, and each has been prevented from going about his usual business.

30.     Each of the plaintiffs made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Frederick Babcock and John Kelley each demand Four Million Dollars ($4,000,000); Joseph Canney and Thomas Gregorio each demand Two Million Dollars ($2,000,000); and Yvonne Kelley demands One Million Dollars ($1,000,000). The United States Navy was designated to investigate and decide the merits of these claims; each plaintiff has had his or her claim denied. Copies of the Department of the Navy's March 24, 2004 denials of the claims by each of the plaintiffs are attached at Tab 1.

**COUNT I**
**(Negligence Against the United States - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 30 this Complaint and make them Paragraphs 1 through 30 of this Count I as if each were repeated in whole.

31.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, United States of America.

## COUNT II
### (Negligence Against the Navy - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 31 of Count I and make them Paragraphs 1 through 31 of this Count II as if each were repeated in whole.

32.　　Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Department of the Navy.

## COUNT III
### (Negligence of Northeastern University - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 32 of Count II and make them Paragraphs 1 through 32 of this Count III as if each were repeated in whole.

33.　　Plaintiff Frederick Babcock's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Northeastern University.

## COUNT IV
### (Negligence of Ledgewood Construction Company, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 33 of Count III and make them Paragraphs 1 through 33 of this Count IV as if each were repeated in whole.

34.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT V
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 34 of Count IV and make them Paragraphs 1 through 34 of this Count V as if each were repeated in whole.

35.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT VI
### (Negligence of Split Boulder Construction, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 35 of Count V and make them Paragraphs 1 through 35 of this Count VI as if each were repeated in whole.

36.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT VII
### (Breaches of Warranty by Split Boulder Construction, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 36 of Count VI and make them Paragraphs 1 through 36 of this Count VII as if each were repeated in whole.

37.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT VIII
### (Negligence Against the United States - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 37 of Count VII and make them Paragraphs 1 through 37 of this Count VIII as if each were repeated in whole.

38.    Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, United States of America.

## COUNT IX
### (Negligence Against the Navy - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 38 of Count VIII and make them Paragraphs 1 through 38 of this Count IX as if each were repeated in whole.

39.    Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Department of the Navy.

## COUNT X
### (Negligence of Northeastern University - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 39 of Count IX and make them Paragraphs 1 through 39 of this Count X as if each were repeated in whole.

40.    Joseph Canney's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Northeastern University.

## COUNT XI
### (Negligence of Ledgewood Construction Company, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 40 of Count X and make them Paragraphs 1 through 40 of this Count XI as if each were repeated in whole.

41.    Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XII
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 41 of Count XI and make them Paragraphs 1 through 41 of this Count XII as if each were repeated in whole.

42.      Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XIII
### (Negligence of Split Boulder Construction, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 42 of Count XII and make them Paragraphs 1 through 42 of this Count XIII as if each were repeated in whole.

43.      Plaintiff Joseph Canney's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XIV
### (Breaches of Warranty by Split Boulder Construction, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 43 of Count XIII and make them Paragraphs 1 through 43 of this Count XIV as if each were repeated in whole.

44.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XV
### (Negligence Against the United States - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 44 of Count XIV and make them Paragraphs 1 through 44 of this Count XV as if each were repeated in whole.

45.    Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter; in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, United States of America.

## COUNT XVI
### (Negligence Against the Navy - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 45 of Count XV and make them Paragraphs 1 through 45 of this Count XVI as if each were repeated in whole.

46.    Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the

helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Department of the Navy.

## COUNT XVII
### (Negligence of Northeastern University - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 46 of Count XVI and make them Paragraphs 1 through 46 of this Count XVII as if each were repeated in whole.

47.     Thomas Gregorio's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Northeastern University.

## COUNT XVIII
### (Negligence of Ledgewood Construction Company, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 47 of Count XVII and make them Paragraphs 1 through 47 of this Count XVIII as if each were repeated in whole.

48.     Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XIX
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 48 of Count XVIII and make them Paragraphs 1 through 48 of this Count XIX as if each were repeated in whole.

49.     Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XX
### (Negligence of Split Boulder Construction, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 49 of Count XIX and make them Paragraphs 1 through 49 of this Count XX as if each were repeated in whole.

50.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 50 of Count XX and make them Paragraphs 1 through 50 of this Count XXI as if each were repeated in whole.

51.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXII
### (Negligence Against the United States - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 51 of Count XXI and make them Paragraphs 1 through 51 of this Count XXII as if each were repeated in whole.

52.    John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, United States of America.

## COUNT XXIII
### (Negligence Against the Navy - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 52 of Count XXII and make them Paragraphs 1 through 52 of this Count XXIII as if each were repeated in whole.

53.    John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Department of the Navy.

### COUNT XXIV
### (Negligence of Northeastern University - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 53 of Count XXIII and make them Paragraphs 1 through 53 of this Count XXIV as if each were repeated in whole.

54.    John Kelley's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Northeastern University.

### COUNT XXV
### (Negligence of Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 54 of Count XXIV and make them Paragraphs 1 through 54 of this Count XXV as if each were repeated in whole.

55.    John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

### COUNT XXVI
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 55 of Count XXV and make them Paragraphs 1 through 55 of this Count XXVI as if each were repeated in whole.

56.    John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXVII
### (Negligence of Split Boulder Construction, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 56 of Count XXVI and make them Paragraphs 1 through 56 of this Count XXVII as if each were repeated in whole.

57.    Plaintiff John Kelley's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXVIII
### (Breaches of Warranty by Split Boulder Construction, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 57 of Count XXVII and make them Paragraphs 1 through 57 of this Count XXVIII as if each were repeated in whole.

58.    Plaintiff John Kelley's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXIX
### (Negligence Against the United States - Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 58 of Count XXVIII and make them Paragraphs 1 through 58 of this Count XXIX as if each were repeated in whole.

59.    Yvonne Kelley's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, United States of America.

## COUNT XXX
### (Negligence Against the Navy – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 59 of Count XXIX and make them Paragraphs 1 through 59 of this Count XXX as if each were repeated in whole.

60.    Yvonne Kelley's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Department of the Navy.

## COUNT XXXI
### (Negligence of Northeastern University – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 60 of Count XXX and make them Paragraphs 1 through 60 of this Count XXXI as if each were repeated in whole.

61.    Yvonne Kelley's loss of consortium was caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Northeastern University.

## COUNT XXXII
### (Negligence of Ledgewood Construction Company, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 61 of Count XXXI and make them Paragraphs 1 through 61 of this Count XXXII as if each were repeated in whole.

62.    Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXIII
### (Breaches of Warranty by Ledgewood Construction Company, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 62 of Count XXXII and make them Paragraphs 1 through 62 of this Count XXXIII as if each were repeated in whole.

63.     Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXIV
### (Negligence of Split Boulder Construction, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 63 of Count XXXIII and make them Paragraphs 1 through 63 of this Count XXXIV as if each were repeated in whole.

64.     Yvonne Kelley's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXXV
### (Breaches of Warranty by Split Boulder Construction, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 64 of Count XXXIV and make them Paragraphs 1 through 64 of this Count XXXV as if each were repeated in whole.

65.     Yvonne Kelley's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## EACH PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
## OF ALL MATTERS SO TRIABLE.

FREDERICK BABCOCK,
JOSEPH CANNEY,
THOMAS GREGORIO,
JOHN KELLEY and YVONNE KELLEY,
By their Attorneys,

Michael E. Mone (BBO #351680)
Kathryn E. Hand (BBO #567197)
ESDAILE, BARRETT & ESDAILE
75 Federal St.
Boston, MA 02110-1904
(617) 482-0333

DATED:

### CERTIFICATE OF SERVICE

I, Kathryn E. Hand, certify that I have served a copy of the attached document by electronic mail and first-class mail on counsel for the defendants as follows:

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street
Boston, MA 02109
glucey@nkms.com

Matthew A. Connelly, Trial Attorney
Torts Branch, Civil Division
U.S. Dep't of Justice
P.O. Box 14271
Washington, DC 20044-4271
matthew.connelly@usdoj.gov

Barbara Healey Smith
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
barbara.h.smith@usdoj.gov

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
tjhamilton@casneredwards.com
maffucci@casneredwards.com

And on Split Boulder Construction, Inc. by first-class mail, postage prepaid, on:

P. Scott Donahue, President
Split Boulder Construction, Inc.
5 Split Boulder Road
Rockland, MA 02370

Kathryn E. Hand

DATED:



# DEPARTMENT OF THE NAVY
NAVAL LEGAL SERVICE OFFICE
MID-ATLANTIC
9620 MARYLAND AVENUE, SUITE 100
NORFOLK, VIRGINIA 23511-2989

5890
Ser 03/  0 8 7
MAR 2 4 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Dear Mr. Mone:

SUBJ: FEDERAL TORT CLAIMS ARISING ON JANUARY 5, 2002 AT NORTHEASTRN
UNIVERSITY, 02-FTA-558

This responds to the claim of your client, Frederick Babcock, in the amount of four
million dollars ($4,000,000) for personal injuries sustained at the athletic field complex at
Northeastern University on January 5, 2002. Mr. Babcock was injured when a dugout,
owned and maintained by Northeastern University, overturned and trapped him
underneath.

It is our understanding your client filed claims against other Federal agencies,
including the Department of the Army, the Department of the Air Force, and the United
States Secret Service. Pursuant to 28 C.F.R. §14.2, when more than one Federal
agency is involved in the events giving rise to the claim, they will designate a single
agency to investigate and decide the merits of the claim. The United States Navy was
designated as that agency and, as such, is responsible for the final administrative
determination of the claim.

A thorough examination of the facts available indicates the United States is not liable
under the Federal Tort Claims Act ("FTCA"). The FTCA allows individuals to seek
compensation from the United States when damage is caused by negligent or wrongful
acts or omissions of government employees acting within the scope of their employment.
Our investigation and analysis of this claim finds that there is no negligence on the part
of any government employee. Accordingly, your client's claim is denied.

If your client does not agree with this decision, be advised that he has six months from
the date of mailing of this letter to file suit in the appropriate Federal District Court. My

point of contact for this claim is Kyle Guess, Tort Claims Attorney. If you have any
questions, he may be reached at (757) 444–5341.

Sincerely,

MICHAEL E. MCGREGOR
Captain, United States Navy
Judge Advocate General's Corps
Commanding Officer

cc:

Army Claims Service
4411 Llewllyn Ave.
Ft. Meade, MD 20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA 01731-2125

Office of Chief Counsel
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE
MID-ATLANTIC
9620 MARYLAND AVENUE, SUITE 100
NORFOLK, VIRGINIA 23511-2989

5890
Ser 03/ 0 9 1
MAR 2 4 2004

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Dear Mr. Mone:

SUBJ:  FEDERAL TORT CLAIMS ARISING ON JANUARY 5, 2002 AT NORTHEASTRN
UNIVERSITY, 02-FTA-558

This responds to the claim of your client, Joseph Canney, in the amount of two million dollars ($ 2,000,000) for personal injuries sustained at the athletic field complex at Northeastern University on January 5, 2002. Mr. Canney was injured when a dugout, owned and maintained by Northeastern University, overturned and trapped him underneath.

It is our understanding your client filed claims against other Federal agencies, including the Department of the Army, the Department of the Air Force, and the United States Secret Service. Pursuant to 28 C.F.R. §14.2, when more than one Federal agency is involved in the events giving rise to the claim, they will designate a single agency to investigate and decide the merits of the claim. The United States Navy was designated as that agency and, as such, is responsible for the final administrative determination of the claim.

A thorough examination of the facts available indicates the United States is not liable under the Federal Tort Claims Act ("FTCA"). The FTCA allows individuals to seek compensation from the United States when damage is caused by negligent or wrongful acts or omissions of government employees acting within the scope of their employment. Our investigation and analysis of this claim finds that there is no negligence on the part of any government employee. Accordingly, your client's claim is denied.

If your client does not agree with this decision, be advised that he has six months from the date of mailing of this letter to file suit in the appropriate Federal District Court. My

point of contact for this claim is Kyle Guess, Tort Claims Attorney. If you have any questions, he may be reached at (757) 444–5341.

Sincerely,

*Mᴺᵁ⁊.*

MICHAEL E. MCGREGOR
Captain, United States Navy
Judge Advocate General's Corps
Commanding Officer

cc:

Army Claims Service
4411 Llewllyn Ave.
Ft. Meade, MD 20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA 01731-2125

Office of Chief Counsel
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223



# DEPARTMENT OF THE NAVY
NAVAL LEGAL SERVICE OFFICE
MID-ATLANTIC
9620 MARYLAND AVENUE, SUITE 100
NORFOLK, VIRGINIA 23511-2989

5890
Ser 03/ **092**
MAR 2 4 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Dear Mr. Mone:

SUBJ: FEDERAL TORT CLAIMS ARISING ON JANUARY 5, 2002 AT NORTHEASTRN
UNIVERSITY, 02-FTA-558

This responds to the claim of your client, Thomas Gregorio, in the amount of two
million dollars ($ 2,000,000) for personal injuries sustained at the athletic field complex at
Northeastern University on January 5, 2002. Mr. Gregorio was injured when a dugout,
owned and maintained by Northeastern University, overturned and trapped him
underneath.

It is our understanding your client filed claims against other Federal agencies,
including the Department of the Army, the Department of the Air Force, and the United
States Secret Service. Pursuant to 28 C.F.R. §14.2, when more than one Federal
agency is involved in the events giving rise to the claim, they will designate a single
agency to investigate and decide the merits of the claim. The United States Navy was
designated as that agency and, as such, is responsible for the final administrative
determination of the claim.

A thorough examination of the facts available indicates the United States is not liable
under the Federal Tort Claims Act ("FTCA"). The FTCA allows individuals to seek
compensation from the United States when damage is caused by negligent or wrongful
acts or omissions of government employees acting within the scope of their employment.
Our investigation and analysis of this claim finds that there is no negligence on the part
of any government employee. Accordingly, your client's claim is denied.

If your client does not agree with this decision, be advised that he has six months from
the date of mailing of this letter to file suit in the appropriate Federal District Court. My

point of contact for this claim is Kyle Guess, Tort Claims Attorney. If you have any
questions, he may be reached at (757) 444-5341.

Sincerely,

MICHAEL E. MCGREGOR
Captain, United States Navy
Judge Advocate General's Corps
Commanding Officer

cc:

Army Claims Service
4411 Llewllyn Ave.
Ft. Meade, MD 20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA 01731-2125

Office of Chief Counsel
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223

2



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE
MID-ATLANTIC
9620 MARYLAND AVENUE, SUITE 100
NORFOLK, VIRGINIA 23511-2989

5890
Ser 03/= 0 9 0

MAR 2 4 2004

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Dear Mr. Mone:

SUBJ:  FEDERAL TORT CLAIMS ARISING ON JANUARY 5, 2002 AT NORTHEASTRN
    UNIVERSITY, 02-FTA-558

This responds to the claim of your clients, John Kelley and Yvonne Kelley, stated in the amounts of four million dollars ($4,000,000) and one million dollars ($1,000,000), respectively.  Mr. Kelley is seeking damages for personal injuries sustained at the athletic field complex at Northeastern University on January 5, 2002.  Mr. Kelley was injured when a dugout, owned and maintained by Northeastern University, overturned and trapped him underneath.  Ms. Kelley is seeking damages for loss of consortium.

It is our understanding your clients filed claims against other Federal agencies, including the Department of the Army, the Department of the Air Force, and the United States Secret Service.  Pursuant to 28 C.F.R. §14.2, when more than one Federal agency is involved in the events giving rise to the claim, they will designate a single agency to investigate and decide the merits of the claim.  The United States Navy was designated as that agency and, as such, is responsible for the final administrative determination of the claim.

A thorough examination of the facts available indicates the United States is not liable under the Federal Tort Claims Act ("FTCA").  The FTCA allows individuals to seek compensation from the United States when damage is caused by negligent or wrongful acts or omissions of government employees acting within the scope of their employment.  Our investigation and analysis of this claim finds that there is no negligence on the part of any government employee.  Accordingly, your clients' claim is denied.

If your clients do not agree with this decision, be advised that they have six months from the date of mailing of this letter to file suit in the appropriate Federal District Court.  My

point of contact for this claim is Kyle Guess, Tort Claims Attorney. If you have any questions, he may be reached at (757) 444–5341.

Sincerely,

*MEM`J.*

MICHAEL E. MCGREGOR
Captain, United States Navy
Judge Advocate General's Corps
Commanding Officer

cc:

Army Claims Service
4411 Llewllyn Ave.
Ft. Meade, MD 20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA 01731-2125

Office of Chief Counsel
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223

# SPLIT BOULDER
## CONSTRUCTION, INC.
### ENGINEERING and CONSTRUCTION

May 30, 2001

Mr. Joe Trainor
Ledgewood Construction, Inc.
Address
Town, Ma zip code

Re: Parsons Field – Relocation of
dugouts

Dear Mr. Trainor:

Presented herein below is our proposal to provide labor and material for the above referenced project.

1. Remove 6" to 12" of existing wood paneling at bottom of interior walls.
2. Remove existing anchor bolts.
3. Install new lifting beams to dugout.
4. Install wood blocking and temporary shores for supporting existing dugout beams in appropriate location.
5. Set-up lifting rigs to be attached to excavator. (Excavator supplies by other.)
6. Supervise lifting of dugout and placing of dugout in new location. (Location determined by other.)
7. Removal of all wood blocking.
8. Install new anchor bolts and existing wood paneling.

Our price to perform the work listed above is **$4,523.00**. A deposit of **$1,500.00** is due at acceptance of proposal. Remaining due at time of completion.

Invoices are due and payable net 15 days from receipt.

This quote is valid for four weeks from today's date.

_____        _President_____        __6/5/01__
Accepted                     Title                  Date

We are prepared to commence the work immediately upon receipt of your notice to proceed.

If there are any questions concerning the above, please do not hesitate to call.

Very truly yours,

P. Scott Donahue

## ESDAILE, BARRETT & ESDAILE

*Counselors at Law*
*Seventy-five Federal Street*
*Boston, Massachusetts 02110-1904*

CHARLES W. BARRETT, JR.
JAMES N. ESDAILE, JR.
NORMAN I. JACOBS
MICHAEL E. MONE
PATRICIA L. KELLY
SHAUN SPENCER FORSYTH
RHONDA TRAVER MALONEY
ROBERT J. RUTECKI
STEVEN J. RYAN
C. WILLIAM BARRETT
JON M. JACOBS
KATHRYN E. HAND
MICHAEL E. MONE, JR.
JOSEPH P. McGINN
WENDIE E. MURSTEIN
CATHERINE A. RYAN

(617) 482-0333
Fax (617) 426-2978

J. NEWTON ESDAILE
(1904-2001)

CHARLES J. MURRAY
OF COUNSEL

October 13, 2004

BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED
P. Scott Donahue, President
Split Boulder Construction, Inc.
5 Split Boulder Road
Rockland, MA  02370

> **Re:** **Frederick Babcock, Joseph Canney, Thomas Gregorio, John Kelley**
> **and Yvonne Kelley v. United States of America, Northeastern**
> **University and Ledgewood Construction Company, Inc.**
> **United States District Court for the District of Massachusetts**
> **C.A. No. 04-CV-11413-EFH**

Dear Mr. Donahue:

This office represents plaintiffs Frederick Babcock, Joseph Canney, Thomas
Gregorio, John Kelley and Yvonne Kelley in connection with their claims arising out of
an incident that occurred on January 5, 2002 at Parsons Field in Brookline,
Massachusetts.  It is the plaintiffs' intention to name Split Boulder Construction, Inc. as a
defendant in the above-referenced lawsuit.  I enclose with this letter the Plaintiffs'
Motion to Amend Complaint to Add Party Defendant; I intend to file this motion with the
Court on October 27, 2004.

ESDAILE, BARRETT & ESDAILE

P. Scott Donahue, President
October 13, 2004
Page 2

Kindly forward this letter and the enclosed motion to your liability insurer so that I can communicate directly with that insurer.

Thank you for your attention to this matter.

Sincerely yours,

Michael E. Mone

MEM/kh
Enclosure
Cc:     Matthew A. Connelly, Trial Attorney
        Barbara Healey Smith, Ass't U.S. Att'y
        Gerald F. Lucey, Esq.
        Terrance J. Hamilton, Esq.
        Christopher Maffucci, Esq.