UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
FREDERICK BABCOCK, JOSEPH CANNEY,
THOMAS GREGORIO, JOHN KELLEY and
YVONNE KELLEY,
    Plaintiffs

VS.                                                       C.A. NO. 04-CV-11413-EFH

UNITED STATES OF AMERICA,
NORTHEASTERN UNIVERSITY,
LEDGEWOOD CONSTRUCTION COMPANY, INC.
and SPLIT BOULDER CONSTRUCTION, INC.,
    Defendants
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER OF THE DEFENDANT, SPLIT BOULDER CONSTRUCTION, INC., TO PLAINTIFFS' AMENDED COMPLAINT AND DEMAND FOR TRIAL

1. The defendant admits the allegations set forth in this paragraph.

2. The defendant admits the allegations set forth in this paragraph.

3. The defendant admits the allegations set forth in this paragraph.

4. The defendant has no particular knowledge relating to the marital status of the plaintiffs, John Kelley and Yvonne Kelley. Otherwise, the defendant admit the allegations in this paragraph.

5. The defendant has no particular knowledge relating to the marital status of the plaintiffs, John Kelley and Yvonne Kelley. Otherwise, the defendant admit the allegations in this paragraph.

6. The defendant has no specific information relating to the allegations in paragraph 6 and is therefore unable to admit or deny.

7. The defendant has no specific information relating to the allegations in paragraph 7 and is therefore unable to admit or deny.

8. The defendant admits the allegations set forth in this paragraph.

9. The defendant admits the allegations set forth in this paragraph.

10. The defendant admits the allegations set forth in this paragraph.

## Jurisdiction

11. The defendant admits the allegations set forth in this paragraph.

12. The defendant admits the allegations set forth in this paragraph.

13. The allegations of this paragraph are not directed to this defendant and this defendant is therefore unable to admit or deny.

14. The allegations of this paragraph are not directed to this defendant and this defendant is therefore unable to admit or deny.

15. The defendant denies the allegations set forth in this paragraph.

16. The defendant admits that the plaintiff's claim exceeds $75,000, but denies any further allegation of this paragraph.

## General Factual Allegations

17. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

18. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

19. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

20. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

21. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

22. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

23. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

24. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

25. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

26. The defendant has no knowledge relating to the allegations of this paragraph and therefore deny same.

27. The defendant, Split Boulder Construction, Inc., admits that a specific proposal was made for the relocation of dugouts at Parsons Field, Northeastern University. The work to be performed was limited in scope and nature. The defendant, Split Boulder Construction, Inc., has no further information relating to the allegations of this paragraph and therefore denies same.

28. The defendant, Split Boulder Construction, Inc., has no information relating to the condition of the dugout on or about January 5, 2002 and therefore denies the allegations in this paragraph.

29. The defendant denies the allegations set forth in this paragraph.

30. The defendant, Split Boulder Construction, Inc., has no information relating to the allegations of this paragraph and therefore deny same.

## COUNT I

The defendant restates the answers to paragraphs 1 through 30 of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT II

The defendant restates the answers to paragraphs 1 through 31 of Count I of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT III

The defendant restates the answers to paragraphs 1 through 32 of Count II of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT IV

The defendant restates the answers to paragraphs 1 through 33 of Count III of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT V

The defendant restates the answers to paragraphs 1 through 34 of Count IV of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT VI

The defendant restates the answers to paragraphs 1 through 35 of Count V of the Complaint.

36. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that any party is entitled to judgment against it.

## COUNT VII

The defendant restates the answers to paragraphs 1 through 36 of Count VI of the Complaint.

37. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that any party is entitled to judgment against it.

## COUNT VIII

The defendant restates the answers to paragraphs 1 through 37 of Count IV of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT IX

The defendant restates the answers to paragraphs 1 through 38 of Count VIII of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this

4

count since they do not apply to this defendant.

## COUNT X

The defendant restates the answers to paragraphs 1 through 39 of Count IX of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XI

The defendant restates the answers to paragraphs 1 through 40 of Count X of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XII

The defendant restates the answers to paragraphs 1 through 41 of Count XI of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XIII

The defendant restates the answers to paragraphs 1 through 42 Count XII of the Complaint.

43.    The defendant denies the allegations set forth in this paragraph..

WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

## COUNT XIV

The defendant restates the answers to paragraphs 1 through 43 Count XIII of the Complaint.

44.    The defendant denies the allegations set forth in this paragraph..

WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

## COUNT XV

The defendant restates the answers to paragraphs 1 through 44 of Count XIV of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XVI

The defendant restates the answers to paragraphs 1 through 45 of Count XV of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XVII

The defendant restates the answers to paragraphs 1 through 46 of Count XVI of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XVIII

The defendant restates the answers to paragraphs 1 through 47 of Count XVII of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XIX

The defendant restates the answers to paragraphs 1 through 48 of Count XVIII of the Complaint.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XX

The defendant restates the answers to paragraphs 1 through 49 of Count XIX.

50. The defendant denies that the allegations in this paragraph.

    WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

### COUNT XXI

    The defendant restates the answers to paragraphs 1 through 50 of Count XX.

51.    The defendant denies that the allegations in this paragraph.

    WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

### COUNT XXII

    The defendant restates the answers to paragraphs 1 through 51 of Count XVIII of the Complaint.

    The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

### COUNT XXIII

    The defendant restates the answers to paragraphs 1 through 52 of Count XVIII of the Complaint.

    The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

### COUNT XXIV

    The defendant restates the answers to paragraphs 1 through 53 of Count XXIII.

    The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

### COUNT XXV

    The defendant restates the answers to paragraphs 1 through 54 of Count XXIV.

    The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

### COUNT XXVI

    The defendant restates the answers to paragraphs 1 through 55 of Count XXV.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XXVII

The defendant restates the answers to paragraphs 1 through 56 of Count XXVI.

57. The defendant denies that the allegations in this paragraph.

WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

## COUNT XXVIII

The defendant restates the answers to paragraph 1 through 57 of Count XXVII.

58. The defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

## COUNT XXIX

The defendant restates the answers to paragraphs 1 through 58 of Count XXVII.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XXX

The defendant restates the answers to paragraphs 1 through 59 of Count XXVII.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XXXI

The defendant restates the answers to paragraphs 1 through 60 of Count XXX.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

## COUNT XXXII

The defendant restates the answers to paragraphs 1 through 61 of Count XXXI.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

### COUNT XXXIII

The defendant restates the answers to paragraphs 1 through 62 of Count XXXII.

The defendant, Split Boulder Construction, Inc., declines to answer the allegations of this count since they do not apply to this defendant.

### COUNT XXIV

The defendant restates the answers to paragraphs 1 through 63 of Count XXXIII.

64.    The defendant denies that the allegations in this paragraph.

WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

### COUNT XXV

The defendant restates the answers to paragraphs 1 through 64 of Count XXXIII.

65.    The defendant denies that the allegations in this paragraph.

WHEREFORE, the defendant, Split Boulder Construction, Inc., denies that anyone is entitled to judgment against it.

**THE DEFENDANT, SPLIT BOULDER CONSTRUCTION, INC., DEMANDS A TRIAL BY JURY OF ALL ISSUES HEREIN.**

### AFFIRMATIVE DEFENSES

1. The plaintiffs' injuries and damages were caused in whole or in part by the plaintiffs' negligence which was greater than any negligence of the defendants.

2. The plaintiffs' injuries and damages were caused by a person or persons or entity for whose conduct the defendants are not responsible.

3. The cause of action asserted in the complaint should be dismissed for failure to state a claim upon which relief may be granted.

4. The plaintiffs are not entitled to recover because the plaintiffs failed to give timely and sufficient notice of the accident alleged in this Complaint.

5.  The defendants have not been given adequate and timely notice of the alleged breach of warranty.

**THE DEFENDANT, SPLIT BOULDER CONSTRUCTION, INC., DEMANDS A TRIAL BY JURY OF ALL ISSUES HEREIN.**

Respectfully submitted,

_____
John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on
11/19/04

10