UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| FREDERICK BABCOCK, JOSEPH CANNEY, ) | |
| THOMAS GREGORIO, JOHN KELLEY and ) | |
| YVONNE KELLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 04-CV-11413-EFH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| NORTHEASTERN UNIVERSITY ) | |
| SASAKI ASSOCIATES, INC., LEDGEWOOD ) | |
| CONSTRUCTION COMPANY, INC., and ) | |
| SPLIT BOULDER CONSTRUCTION, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER AND CROSSCLAIMS OF NORTHEASTERN
## UNIVERSITY AND DEMAND FOR TRIAL BY JURY

Defendant Northeastern University ("the University") hereby answers the plaintiffs'

Amended Complaint, and asserts crossclaims against the codefendants as follows:

### Parties

1.    The University is without knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 1 and calls upon plaintiffs to prove the same.

2.    The University is without knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 2 and calls upon plaintiffs to prove the same.

3.    The University is without knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 3 and calls upon plaintiffs to prove the same.

4.    The University is without knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 4 and calls upon plaintiffs to prove the same.

5.      The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and calls upon plaintiffs to prove the same.

6.      The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and calls upon plaintiffs to prove the same.

7.      The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and calls upon plaintiffs to prove the same.

8.      The allegations set forth in paragraph 8 are admitted.  By way of further answer the University admits that it is a private institution of higher learning established and existing under the laws of the Commonwealth of Massachusetts and that it is a not-for-profit charitable corporation with a principal place of business at 360 Huntington Avenue, Boston, Massachusetts.

9.      The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and calls upon plaintiffs to prove the same.

10.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and calls upon plaintiffs to prove the same.

## Jurisdiction

11.     The allegations set forth in paragraph 11 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

12.     The allegations set forth in paragraph 12 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

13.     The allegations set forth in paragraph 13 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

14.     The allegations set forth in paragraph 14 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

15.     The allegations set forth in paragraph 15 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

16.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and calls upon plaintiffs to prove the same. To the extent paragraph 16 sets forth conclusions of law as opposed to factual allegations, such conclusions of law can be neither admitted nor denied.

## Allegations

17.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, except it is admitted that on January 5, 2002 Presidential helicopters were scheduled to perform a rehearsal landing at Parsons Field, Brookline, Massachusetts, owned by the University.

18.     The allegations set forth in paragraph 18 are admitted.

19.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and calls upon plaintiffs to prove the same.

20.     The allegations set forth in paragraph 20 are admitted, except it is denied that at all times relevant to the allegations set forth in plaintiffs' Complaint Parsons Field and the dugout in question were under the control of the University.

21.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21, except it is admitted that at approximately 5:10 p.m. on January 5, 2002 one of the helicopters participating in the drill approached the surface of the field.

3

22.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, except it is admitted that as a result of the accident plaintiff Babcock suffered physical injury(ies).

23.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, except it is admitted that as a result of the accident plaintiff Canney suffered physical injury(ies).

24.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, except it is admitted that as a result of the accident plaintiff Gregorio suffered physical injury(ies).

25.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, except it is admitted that as a result of the accident plaintiff Kelley suffered physical injury(ies).

26.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and calls upon plaintiffs to prove the same.

27.     The allegations set forth in paragraph 27 are admitted.  By way of further answer, others were also involved in the renovation project.

28.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, except it is admitted that by January 5, 2002 the dugout involved in plaintiffs' accident had been moved from its original location on Parsons Field to a different location.

4

29.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and calls upon plaintiffs to prove the same.

30.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and calls upon plaintiffs to prove the same.

**COUNT I**
**(Negligence Against the United States - Babcock)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 30 inclusive as set forth in the within Answer.

31.    In that the allegations set forth in Count I, paragraph 31 are directed to a different defendant, no answer is required from the University. To the extent paragraph 31 sets forth allegations against the University, those allegations are denied.

**COUNT II**
**(Negligence Against the Navy - Babcock)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 31 inclusive as set forth in the within Answer.

32.    In that the allegations set forth in Count II, paragraph 32 are directed to a different defendant, no answer is required from the University. To the extent paragraph 32 sets forth allegations against the University, those allegations are denied.

**COUNT III**
**(Negligence Against Northeastern University - Babcock)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 32 inclusive as set forth in the within Answer.

33.    The allegations set forth in Count III, paragraph 33 are denied.

5

WHEREFORE in view of the foregoing, Northeastern University demands that plaintiffs' Complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

**COUNT IV**
**(Negligence of Ledgewood Construction Company, Inc.- Babcock)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 33 inclusive as set forth in the within Answer.

34.    In that the allegations set forth in Count IV, paragraph 34 are directed to a different defendant, no answer is required from the University. To the extent paragraph 34 sets forth allegations against the University, those allegations are denied.

**COUNT V**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Babcock)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 34 inclusive as set forth in the within Answer.

35.    In that the allegations set forth in Count V, paragraph 35 are directed to a different defendant, no answer is required from the University. To the extent paragraph 35 sets forth allegations against the University, those allegations are denied.

**COUNT VI**
**(Negligence of Split Boulder Construction, Inc. - Babcock)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 35 inclusive as set forth in the within Answer.

36.    In that the allegations set forth in Count VI, paragraph 36 are directed to a different defendant, no answer is required from the University. To the extent paragraph 36 sets forth allegations against the University, those allegations are denied.

### COUNT VII
### (Breaches of Warranty by Split Boulder Construction, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 36 inclusive as set forth in the within Answer.

37.     In that the allegations set forth in Count VII, paragraph 37 are directed to a different defendant, no answer is required from the University. To the extent paragraph 37 sets forth allegations against the University, those allegations are denied.

### COUNT VIII
### (Negligence Against the United States - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 37 inclusive as set forth in the within Answer.

38.     In that the allegations set forth in Count VIII, paragraph 38 are directed to a different defendant, no answer is required from the University. To the extent paragraph 38 sets forth allegations against the University, those allegations are denied.

### COUNT IX
### (Negligence Against the Navy - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 38 inclusive as set forth in the within Answer.

39.     In that the allegations set forth in Count IX, paragraph 39 are directed to a different defendant, no answer is required from the University. To the extent paragraph 39 sets forth allegations against the University, those allegations are denied.

### COUNT X
### (Negligence Against Northeastern University- Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 39 inclusive as set forth in the within Answer.

40.     The allegations of Count X, paragraph 40 are denied.

WHEREFORE in view of the foregoing, Northeastern University demands that plaintiffs' Complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT XI
### (Negligence of Ledgewood Construction Company, Inc. - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 40 inclusive as set forth in the within Answer.

41.     In that the allegations set forth in Count XI, paragraph 41 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 41 sets forth allegations against the University, those allegations are denied.

## COUNT XII
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 41 inclusive as set forth in the within Answer.

42.     In that the allegations set forth in Count XII, paragraph 42 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 42 sets forth allegations against the University, those allegations are denied.

## COUNT XIII
### (Negligence of Split Boulder Construction, Inc. - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 42 inclusive as set forth in the within Answer.

43.     In that the allegations set forth in Count XIII, paragraph 43 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 43 sets forth allegations against the University, those allegations are denied.

## COUNT XIV
### (Breaches of Warranty by Split Boulder Construction, Inc. - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 43 inclusive as set forth in the within Answer.

44.     In that the allegations set forth in Count XIV, paragraph 44 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 44 sets forth allegations against the University, those allegations are denied.

## COUNT XV
### (Negligence Against the United States - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 44 inclusive as set forth in the within Answer.

45.     In that the allegations set forth in Count XV, paragraph 45 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 45 sets forth allegations against the University, those allegations are denied.

## COUNT XVI
### (Negligence Against the Navy - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 45 inclusive as set forth in the within Answer.

46.     In that the allegations set forth in Count XVI, paragraph 46 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 46 sets forth allegations against the University, those allegations are denied.

## COUNT XVII
### (Negligence Against Northeastern University- Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 46 inclusive as set forth in the within Answer.

47.     The allegations set forth in Count XVII, paragraph 47 are denied.

WHEREFORE, in view of the foregoing, Northeastern University demands that plaintiffs' Complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT XVIII
### (Negligence of Ledgewood Construction Company, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 47 inclusive as set forth in the within Answer.

48.    In that the allegations set forth in Count XVIII, paragraph 48 are directed to a different defendant, no answer is required from the University. To the extent paragraph 48 sets forth allegations against the University, those allegations are denied.

## COUNT XIX
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 48 inclusive as set forth in the within Answer.

49.    In that the allegations set forth in Count XIX, paragraph 49 are directed to a different defendant, no answer is required from the University. To the extent paragraph 49 sets forth allegations against the University, those allegations are denied.

## COUNT XX
### (Negligence of Split Boulder Construction, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 49 inclusive as set forth in the within Answer.

50.    In that the allegations set forth in Count XX, paragraph 50 are directed to a different defendant, no answer is required from the University. To the extent paragraph 50 sets forth allegations against the University, those allegations are denied.

## COUNT XXI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 50 inclusive as set forth in the within Answer.

51.     In that the allegations set forth in Count XXI, paragraph 51 are directed to a different defendant, no answer is required from the University. To the extent paragraph 51 sets forth allegations against the University, those allegations are denied.

## COUNT XXII
### (Negligence Against the United States - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 51 inclusive as set forth in the within Answer.

52.     In that the allegations set forth in Count XXII, paragraph 52 are directed to a different defendant, no answer is required from the University. To the extent paragraph 52 sets forth allegations against the University, those allegations are denied.

## COUNT XXIII
### (Negligence Against the Navy - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 52 inclusive as set forth in the within Answer.

53.     In that the allegations set forth in Count XXIII, paragraph 53 are directed to a different defendant, no answer is required from the University. To the extent paragraph 53 sets forth allegations against the University, those allegations are denied.

## COUNT XXIV
### (Negligence Against Northeastern University - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 53 inclusive as set forth in the within Answer.

54.     The allegations set forth in Count XXIV, paragraph 54 are denied.

WHEREFORE, in view of the foregoing, Northeastern University demands that plaintiffs' complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT XXV
### (Negligence of Ledgewood Construction Company, Inc. - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 54 inclusive as set forth in the within Answer.

55.    In that the allegations set forth in Count XXV, paragraph 55 are directed to a different defendant, no answer is required from the University. To the extent paragraph 55 sets forth allegations against the University, those allegations are denied.

## COUNT XXVI
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 55 inclusive as set forth in the within Answer.

56.    In that the allegations set forth in Count XXVI, paragraph 56 are directed to a different defendant, no answer is required from the University. To the extent paragraph 56 sets forth allegations against the University, those allegations are denied.

## COUNT XXVII
### (Negligence of Split Boulder Construction, Inc. - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 56 inclusive as set forth in the within Answer.

57.    In that the allegations set forth in Count XXVII, paragraph 57 are directed to a different defendant, no answer is required from the University. To the extent paragraph 57 sets forth allegations against the University, those allegations are denied.

## COUNT XXVIII
### (Breaches of Warranty by Split Boulder Construction, Inc. - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 57 inclusive as set forth in the within Answer.

58.    In that the allegations set forth in Count XXVIII, paragraph 58 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 58 sets forth allegations against the University, those allegations are denied.

## COUNT XXIX
### (Negligence Against the United States - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 58 inclusive as set forth in the within Answer.

59.    In that the allegations set forth in Count XXIX, paragraph 59 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 59 sets forth allegations against the University, those allegations are denied.

## COUNT XXX
### (Negligence Against the Navy - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 59 inclusive as set forth in the within Answer.

60.    In that the allegations set forth in Count XXX, paragraph 60 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 60 sets forth allegations against the University, those allegations are denied.

## COUNT XXXI
### (Negligence Against Northeastern University - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 60 inclusive as set forth in the within Answer.

61.    The allegations set forth in Count XXXI, paragraph 61 are denied.

13

WHEREFORE, in view of the foregoing, Northeastern University demands that plaintiffs' complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

**COUNT XXXII**
**(Negligence of Ledgewood Construction Company, Inc.- Mrs. Kelley)**

The defendant repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 61 inclusive as set forth in the within Answer.

62.    In that the allegations set forth in Count XXXII, paragraph 62 are directed to a different defendant, no answer is required from the University. To the extent paragraph 62 sets forth allegations against the University, those allegations are denied.

**COUNT XXXIII**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Mrs. Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 62 inclusive as set forth in the within Answer.

63.    In that the allegations set forth in Count XXXIII, paragraph 63 are directed to a different defendant, no answer is required from the University. To the extent paragraph 63 sets forth allegations against the University, those allegations are denied.

**COUNT XXXIV**
**(Negligence of Split Boulder Construction, Inc. - Mrs. Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 63 inclusive as set forth in the within Answer.

64.    In that the allegations set forth in Count XXXIV, paragraph 64 are directed to a different defendant, no answer is required from the University. To the extent paragraph 64 sets forth allegations against the University, those allegations are denied.

14

## COUNT XXXV
### (Breaches of Warranty by Split Boulder Construction, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 64 inclusive as set forth in the within Answer.

65.     In that the allegations set forth in Count XXXV, paragraph 65 are directed to a different defendant, no answer is required from the University. To the extent paragraph 65 sets forth allegations against the University, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the failure of the plaintiffs to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of the plaintiffs is greater than the negligence, if any, of the University.

## FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the University.

## SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the University is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has been failed to be joined.

## NINTH AFFIRMATIVE DEFENSE

The acts or omissions alleged by the plaintiffs were done with the actual or implied consent of the plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

The University is a charitable corporation and any recovery by plaintiffs is limited by the provisions of M.G.L. c.231, § 85K.

## ELEVENTH AFFIRMATIVE DEFENSE

The University hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

## DEMAND FOR JURY TRIAL

Defendant Northeastern University hereby demands a trial by jury on all issues and claims so triable.

## AND BY WAY OF FURTHER ANSWER, NORTHEASTERN UNIVERSITY ASSERTS CROSSCLAIMS AS FOLLOWS:

### PARTIES

1.     Defendant/crossclaim plaintiff Northeastern University (the "University") is a not-for-profit charitable corporation, and is a private institution of higher learning established and existing under the laws of the Commonwealth of Massachusetts.

2.     Upon information and belief, the defendant/crossclaim defendant United States of America ("United States") oversees and is responsible for the operation and maintenance of the helicopters used to transport the President of the United States, for training and supervising the pilots on the Presidential helicopters, as well as for the preparation for and completion of drill landings of such helicopters.

3.     Upon information and belief, the defendant/crossclaim defendant Department of the Navy ("Navy"), is a department of the United States through Marine Helicopter Squadron One, HMX-1, which oversees and is responsible for the operation of helicopters used to transport the President of the United States, for training and supervising the pilots on the Presidential helicopters, for drilling landings for the Presidential helicopters, for preparing for such landing drills, for supervising such landing drills, and for control of such helicopters' operation.

4.     Upon information and belief, the defendant/crossclaim defendant Ledgewood Construction Company, Inc. ("Ledgewood Construction") is a Massachusetts corporation with a principal place of business in North Quincy Massachusetts.

17

5.      Upon information and belief, the defendant/crossclaim defendant Split Boulder Construction, Inc. ("Split Boulder") is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

6.      Upon information and belief, plaintiff Frederick Babcock ("Babcock") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts.

7.      Upon information and belief, plaintiff Joseph Canney ("Canney") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts.

8.      Upon information and belief, plaintiff Thomas Gregorio ("Gregorio") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts.

9.      Upon information and belief, plaintiff John Kelley ("Kelley ") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts and has been married to plaintiff Yvonne Kelley.

10.     Upon information and belief, plaintiff Yvonne Kelley ("Mrs. Kelley") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts and has been married to plaintiff John Kelley.

## JURISDICTION

11.     This Court has original jurisdiction over the crossclaims against the United States pursuant to 28 U.S.C. § 1346(b).

12.     This Court has original jurisdiction over the crossclaims against the Navy pursuant to 28 U.S.C. § 1346(b).

13.     This Court has supplemental jurisdiction over the crossclaims against Ledgewood Construction pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Department of the Navy and the crossclaims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

14.     This Court has supplemental jurisdiction over the crossclaims against Split Boulder pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and cross claims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## ALLEGATIONS COMMON TO ALL COUNTS

15.     Plaintiffs have filed and served an Amended Complaint as the result of an accident which occurred on January 5, 2002.

16.     In their Amended Complaint plaintiffs allege that they suffered serious personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts, and rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and fall over onto the plaintiffs.

17.     The test landing mission was in anticipation of a visit to Massachusetts by President George W. Bush on January 8, 2002 in connection with federal education reform legislation entitled "The No Child Left Behind Act of 2001."

18.     The United States, through the Department of the Navy, oversees, controls, and is responsible for the operation of the helicopters used to transport the President.

19.     As part of their responsibility in overseeing the operation of the Presidential helicopters, the Navy is also responsible for drill landings of the Presidential helicopters, including preparing sites for the landing drills, supervising the landing drills, and controlling the helicopters' operations during the landing drills.

20.     The drill landings of the Presidential helicopters at Parsons Field were planned, prepared, and controlled by members of the United States Navy and performed by pilots trained by the Navy.

21.     At all times material, Parsons Field was owned by Northeastern University.

22.     In 2001, Parsons Field underwent extensive renovations.  Work in connection with those renovations, including the relocation of the dugouts, was performed by Ledgewood Construction, Split Boulder and others.

## COUNT I

### (Indemnification Against The United States)

23.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

24.     The injuries and damages allegedly suffered by the plaintiffs were caused by the negligence of the defendant/crossclaim defendant United States in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

25.     The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of the United States.  As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant United States for any judgment entered

20

against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant United States of America in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT II

### (Contribution Against The United States)

26.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

27.    If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant United States is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provision of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant United States of America for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

## COUNT III

### (Indemnification Against The Navy)

28.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

29.    The injuries and damages allegedly suffered by the plaintiffs were caused by the negligence of the defendant/crossclaim defendant the Navy in the preparation for the drill,

approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

30.     The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of the Navy. As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant the Navy for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant the Department of the Navy in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT IV

### (Contribution Against The Navy)

31.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

32.     If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant the Navy is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provision of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant the Department of the Navy for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

22

## COUNT V

### (Indemnification Against Ledgewood Construction)

33.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

34.    The injuries and damages allegedly suffered by the plaintiffs were caused by the negligence and breaches of warranty of the defendant/crossclaim defendant Ledgewood Construction in performing renovations to Parsons Field and to the dugout in question.

35.    The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of Ledgewood Construction.  As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant Ledgewood Construction for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction Company, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT VI

### (Contribution Against Ledgewood Construction)

36.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

37.    If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant Ledgewood Construction is a joint

tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provision of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction Company, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

**COUNT VII**

**(Indemnification Against Split Boulder)**

38.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

39.    The injuries and damages allegedly suffered by the plaintiffs were caused by the negligence and breaches of warranty of the defendant/crossclaim defendant Split Boulder in performing renovations to Parsons Field and to the dugout in question.

40.    The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of Split Boulder. As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant Split Boulder for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder Construction, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT VIII

### (Contribution Against Split Boulder)

41.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 22 inclusive.

42.     If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant Split Boulder is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provision of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder Construction, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

### DEMAND FOR JURY TRIAL

Northeastern University hereby demands a trial by jury on all issues and claims so triable.

Respectfully Submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Dated: *November 30*, 2004

Gerald F. Lucey, BBO#366860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA  02109
(617) 778-7500
fax (617) 778-7501

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, do hereby certify that on this date I served the foregoing "ANSWER AND CROSSCLAIMS OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110-1904

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

DATED: November 30, 2004

Gerald F. Lucey

26