UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK BABCOCK, et al )
)
Plaintiffs, )
)
v. )
) Civil No. 1:04-CV-11413 EFH
UNITED STATES OF AMERICA, )
et al, )
)
Defendants. )
———————————————— )
)

ANSWER OF DEFENDANT UNITED STATES OF AMERICA
TO THE CROSS-CLAIM OF DEFENDANT
NORTHEASTERN UNIVERSITY

For its Answer, the United States of America responds to the allegations contained in defendant Northeastern University's Cross-Claim in similarly numbered paragraphs as follows:

1.    The allegations contained in paragraph 1 are denied for lack of knowledge and information.

2.    To the extent that paragraph 2 alleges that the United States was responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 2 are denied. The remaining allegations in paragraph 2 are admitted.

3.   To the extent that paragraph 3 alleges that the United States Navy was responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 3 are denied. The remaining allegations in paragraph 3 are admitted.

4-10.  The allegations contained in paragraphs 4 through 10 are denied for lack of knowledge and information.

11.  Paragraph 11 contains a conclusion of law to which no response is required.  To the extent that paragraph 11 is deemed to contain allegations of fact, such allegations are denied.

12.  Paragraph 12 contains a conclusion of law to which no response is required.  However, the United States notes that the plaintiffs' conclusion is incorrect. This Court has no jurisdiction over the claims against the United States Navy. The only proper defendant in an action brought pursuant to 28 U.S.C. § 1346(b) is the United States.  To the extent that paragraph 12 is deemed to contain allegations of fact, such allegations are denied.

13-14. Paragraphs 13 and 14 contain conclusions of law to which no response is required.  To the extent that paragraphs 13 and 14 are deemed to contain allegations of fact, such allegations are denied for lack of knowledge and information.

15.   Admitted

2

16.     Denied.

17.     Admitted.

18.     The United States admits only that it was responsible for the operation of the military helicopters used in the rehearsal landing at Parsons Field on January 5, 2002. Any remaining allegation contained in paragraph 18 is denied.

19.     To the extent that paragraph 19 alleges that the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 19 are denied. The remaining allegations in paragraph 19 are admitted.

20.     Denied. Various aspects of the January 5, 2002 rehearsal landing at Parsons Field were planned and carried out by employees of several agencies within the executive branch of the United States Government. Pilots from both the Marine Corps and the Army National Guard flew the military helicopters that took part in this rehearsal.

21-22. The allegations contained in paragraphs 21 and 22 are denied for lack of knowledge and information.

## COUNT I

23.     The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

3

24.  Denied.

25.  Denied.

WHEREFORE, defendant/cross-claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT II

26.  The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

27.  Denied.

WHEREFORE, defendant/cross-claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT III

28.  The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

29.  Denied.

30.  Denied.

WHEREFORE, defendant/cross-claimant Northeastern University is not entitled to a judgment against the United States Navy.

4

## COUNT IV

31.    The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

32.    Denied.

WHEREFORE, defendant/cross-claimant Northeastern University is not entitled to a judgment against the United States Navy.

## COUNT V

33.    The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

34-35. Paragraphs 34 and 35 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 34 and 35 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VI

36.    The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

37.    Paragraph 37 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 37 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VII

38.    The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

39-40. Paragraphs 39 and 40 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 39 and 40 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VIII

41.    The United States repeats and incorporates its responses to paragraphs 1 through 22 of this Cross-Claim as if each response were set forth in whole.

42.    Paragraph 42 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 42 are directed against United States, those allegations are denied for lack of knowledge and information.

6

43. Any allegations not specifically addressed are denied.

## AFFIRMATIVE DEFENSES

1. The Cross-Claim fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over the cross-claims brought against the United States Navy.

3. The defendant/cross-claimant is not entitled to contribution or indemnification because the plaintiffs' injuries were caused by the negligent conduct of persons or entities other than the United States who failed to secure the first base dugout properly to its foundation.

4. The intentional, willful, wanton, reckless, careless, grossly negligent, and/or negligent conduct of others over whom the United States had no control was an intervening and superseding cause of the plaintiffs' injuries.

5. The plaintiffs' injuries are the result, in whole or in part, of their own contributory negligence and such negligence bars and/or diminishes cross-claimant's recovery against the United States.

6. Any recovery by defendant/cross-claimant for injuries suffered by a particular plaintiff may not exceed the amount of compensation claimed on that plaintiff's administrative claim form.

7

7.     The United States asserts any and all other affirmative defenses to which it may be entitled and/or which discovery may reveal.

WHEREFORE, the United States demands that the Cross-Claims of defendant Northeastern University be dismissed with costs, and seeks such other relief as this Court may deem proper.

Dated:  January 13, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

MATTHEW A. CONNELLY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the Answer of Defendant United States of America to the Cross-Claim of Defendant Northeastern University were sent via first class mail, postage pre-paid, this 13th day of January, 2005, addressed to the following counsel of record:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA 02360

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA 02109

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

MATTHEW A. CONNELLY

9