UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

FREDERICK BABCOCK, JOSEPH CANNEY,    )
THOMAS GREGORIO, JOHN KELLEY and     )
YVONNE KELLEY,                       )
                                     )
              Plaintiffs,            )
                                     )
v.                                   )        C.A. No. 04-CV-11413-EFH
                                     )
UNITED STATES OF AMERICA,            )
NORTHEASTERN UNIVERSITY,             )
SASAKI ASSOCIATES, INC., LEDGEWOOD   )
CONSTRUCTION COMPANY, INC., and      )
SPLIT BOULDER CONSTRUCTION, INC.     )
                                     )
              Defendants.            )
_____)
                                     )
NORTHEASTERN UNIVERSITY,             )
                                     )
        Defendant, Third-Party Plaintiff,    )
                                     )
v.                                   )
                                     )
PEDA, Inc.                           )
                                     )
              Third-Party Defendant. )
_____)

## DEFENDANT, PEDA, INC'S ANSWER TO AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant, PEDA, Inc. ("PEDA") answers Plaintiffs' Amended Complaint as
follows:

1.  PEDA is without knowledge or information sufficient to form a belief as to
the allegations in this paragraph.

2.  PEDA is without knowledge or information sufficient to form a belief as to
the allegations in this paragraph.

3.  PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

4.  PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5.  PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6.  PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7.  PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

8.  Admitted.

9.  PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. Admitted.

12. This paragraph calls for a legal conclusion and thus no response is required.

13. This paragraph calls for a legal conclusion and thus no response is required.

14. This paragraph calls for a legal conclusion and thus no response is required.

15. This paragraph calls for a legal conclusion and thus no response is required.

16. This paragraph calls for a legal conclusion and thus no response is required.

17. This paragraph calls for a legal conclusion and thus no response is required.

18. This paragraph calls for a legal conclusion and thus no response is required.

19. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

20. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

21. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

22. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

25. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

26. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

27. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

28. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

29. PEDA admits that renovation work was performed at Parsons' Field in and around 2001 and that Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc. participated in those renovations.

30. PEDA admits that it performed services in connection with the renovations under a contract with Northeastern University. PEDA refers to the terms of its contractual relationship with Northeastern University for evidence of the scope of its services and denies any allegations in this paragraph inconsistent with that contract.

31. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

32. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

33. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

## COUNT I

34. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT II

35. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT III

36. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT IV

37. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT V

38. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VI

39. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VII

40. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VIII

41. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT IX

42. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond.  To the extent that a response is required, PEDA denies the allegations.

## COUNT X

43. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond.  To the extent that a response is required, PEDA denies the allegations.

## COUNT XI

44. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond.  To the extent that a response is required, PEDA denies the allegations.

## COUNT XII

45. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond.  To the extent that a response is required, PEDA denies the allegations.

## COUNT XIII

46. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond.  To the extent that a response is required, PEDA denies the allegations.

**COUNT XIV**

47. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XV**

48. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XVI**

49. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XVII**

50. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XVIII**

51. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XIX

52. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XX

53. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXI

54. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XX11

55. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXIII

56. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXIV

57. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXV

58. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXVI

59. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXVII

60. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXVIII

61. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXIX

62. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXX

63. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXI

64. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXII

65. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXIII

66. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XXXIV**

67. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XXXV**

68. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

**COUNT XXXVI**

69. Denied.

**COUNT XXXVII**

70. Denied.

**COUNT XXXVIII**

71. Denied.

**COUNT XXXIX**

72. Denied.

**COUNT XXXX**

73. Denied.

**COUNT XXXXI**

74. Denied.

**COUNT XXXXII**

75. Denied.

## COUNT XXXXIII

76. Denied.

## COUNT XXXXIV

77. Denied.

## COUNT XXXXV

78. Denied.

WHEREFORE PEDA, Inc., demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to this action and that it be awarded such other relief as the Court deems proper.

## FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the statute of limitations and / or statute of repose.

## FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred or the damages must be reduced by the doctrine of contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The clams are barred because the alleged losses were caused by the conduct of others.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by the conduct of persons or entities over whom PEDA had no control or responsibility.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by the intervening and/or superceding acts of third persons for whom PEDA was not responsible.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged conduct of PEDA was not the legal or proximate cause of the alleged losses.

## JURY DEMAND

**PEDA, Inc. Demands Trial by Jury on All Claims so Triable.**

Respectfully Submitted,

PEDA, Inc.
By its Attorneys,

Dated: March 28, 2005

s/ Brian C. Newberry
David J. Hatem, Esq., PC, BBO #225700
Warren D. Hutchison, Esq., BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 405-4500 – tel.
(617) 406-4501 – fax

13

## CERTIFICATE OF SERVICE

I, Warren Hutchison, hereby certify that on this 28th day of March, 2005, I served the foregoing by mailing a copy first class, postage prepaid, to:

Kathryn E. Hand, Esq.
Michael E. Mone, Sr., Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
5th Floor
45 Milk Street
Boston, MA  02109

Jon S. Hartmere, Esq.
Law Office of Jacqueline Allen
Suite 601
262 Washington Street
Boston, MA  02108

Terrance J. Hamilton, Esq.
Christopher P. Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

Matthew A. Connelly, Esq.
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC  20044

Barbara Healy Smith, Esq.
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA  02210

John Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA  02360

s/ Brian C. Newberry

00901936/2500.2021

14