RECEIPT # _____ 56823
AMOUNT $ _____ 157
SUMMONS ISSUED __Y__ ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __17__
DATE __6-22-04__

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN 22 P 1:5

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, Plaintiffs | ) ) ) ) ) |
| v. | ) ) C.A. NO. _____ |
| UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, SASAKI ASSOCIATES, INC. and LEDGEWOOD CONSTRUCTION COMPANY, INC., Defendants | ) ) ) ) ) |

# 04 CV 11413 EFH

## COMPLAINT AND DEMAND FOR JURY TRIAL MAGISTRATE JUDGE Bowler

### Parties

1.      Plaintiff Frederick Babcock ("Babcock") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

2.      Plaintiff Joseph Canney ("Canney") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

3.      Plaintiff Thomas Gregorio ("Gregorio") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

4.      Plaintiff John Kelley ("Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff Yvonne Kelley.

5.      Plaintiff Yvonne Kelley ("Mrs. Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff John Kelley.

6.      Defendant United States of America ("United States") oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

7.      Defendant Department of the Navy ("Navy") is a department of the defendant United States through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

8.      Defendant Northeastern University is a Massachusetts school with a principal place of business in Boston, Massachusetts.

9.      Defendant Sasaki Associates, Inc. is a Massachusetts corporation with a principal place of business in Watertown, Massachusetts.

10.     Defendant Ledgewood Construction Company, Inc. is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

### Jurisdiction

11.     This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. §1346(b).

12.     This Court has jurisdiction over the claims against the Navy pursuant to 28 U.S.C. §1346(b).

13.     This Court has supplemental jurisdiction over Northeastern University pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

14.     This Court has supplemental jurisdiction over Sasaki Associates, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

15.     This Court has supplemental jurisdiction over Ledgewood Construction Company, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

16.     The amount in controversy exceeds, exclusive of interest and costs, the amount of Seventy-five Thousand Dollars ($75,000.00).

## General Factual Allegations

17.     On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts.

18.     Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002 arrival in the area.

19.     As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock and Firefighters Joseph Canney, Thomas Gregorio and John Kelley were present at the field; they were stationed on foot near a dugout building ("Dugout") on the field.

20.     Parsons Field, and the Dugout near which Babcock, Canney, Gregorio and Kelley were standing, are and at all times relevant to these allegations were, owned and maintained by Northeastern University, and were and are under Northeastern University's control.

21.    At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground on the field. As the helicopter neared the ground, its rotor wash blew the dugout from its supports; debris fell on and seriously injured Babcock, Canney, Gregorio and Kelley.

22.    As a result of this incident, Babcock suffered injuries including, but not limited to, a right pelvic ramus fracture with anterior column fracture of his acetabulum.

23.    As a result of this incident, Canney suffered injuries including, but not limited to, multiple trauma, including traumatic soft-tissue injury to his left thigh.

24.    As a result of this incident, Gregorio suffered injuries including, but not limited to, traumatic injury to his head and hands.

25.    As a result of this incident, Kelley suffered injuries including, but not limited to, including an avulsion fracture of cervical spine at C-1 and rupture of his right patellar tendon.

26.    As a result of her husband's injuries in this incident, Mrs. Kelley has suffered the loss of her husband's care, society, comfort, companionship and consortium.

27.    As part of a renovation project that took place in or around 2001, Sasaki Associates, Inc. prepared plans that included removal and disposal of structures on and/or around Parsons Field, including the Dugout.

28.    The 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc.

29.    At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

4

30.     As a result of the aforesaid incident, Plaintiffs Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley were each caused to sustain severe and permanent personal injuries. Each of them has suffered and will suffer great pain of body and mind, each has incurred and will incur significant expense for his medical care, and each has been prevented from going about his usual business.

31.     Each of the plaintiffs made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Frederick Babcock and John Kelley each demand Four Million Dollars ($4,000,000); Joseph Canney and Thomas Gregorio each demand Two Million Dollars ($2,000,000); and Yvonne Kelley demands One Million Dollars ($1,000,000). The United States Navy was designated to investigate and decide the merits of these claims; each plaintiff has had his or her claim denied. Copies of the Department of the Navy's March 24, 2004 denials of the claims by each of the plaintiffs are attached at Tab 1.

## COUNT I
### (Negligence Against the United States - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 31 this Complaint and make them Paragraphs 1 through 31 of this Count I as if each were repeated in whole.

32.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, United States of America.

## COUNT II
### (Negligence Against the Navy - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 32 of Count I and make them Paragraphs 1 through 32 of this Count II as if each were repeated in whole.

33.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Department of the Navy.

## COUNT III
### (Negligence of Northeastern University - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 33 of Count II and make them Paragraphs 1 through 33 of this Count III as if each were repeated in whole.

34.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Northeastern University.

## COUNT IV
### (Negligence of Sasaki Associates, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 34 of Count III and make them Paragraphs 1 through 34 of this Count IV as if each were repeated in whole.

35.  Plaintiff Frederick Babcock's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parsons Field, including the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT V
### (Breaches of Warranty by Sasaki Associates, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 35 of Count IV and make them Paragraphs 1 through 35 of this Count V as if each were repeated in whole.

36.  Plaintiff Frederick Babcock's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT VI
### (Negligence of Ledgewood Construction Company, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 36 of Count V and make them Paragraphs 1 through 36 of this Count VI as if each were repeated in whole.

37.  Plaintiff Frederick Babcock's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

7

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT VII
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 37 of Count VI and make them Paragraphs 1 through 37 of this Count VII as if each were repeated in whole.

38.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT VIII
**(Negligence Against the United States - Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 38 of Count VII and make them Paragraphs 1 through 38 of this Count VIII as if each were repeated in whole.

39.     Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, United States of America.

## COUNT IX
### (Negligence Against the Navy - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 39 of Count VIII and make them Paragraphs 1 through 39 of this Count IX as if each were repeated in whole.

40.     Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Department of the Navy.

## COUNT X
### (Negligence of Northeastern University - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 40 of Count IX and make them Paragraphs 1 through 40 of this Count X as if each were repeated in whole.

41.     Joseph Canney's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Northeastern University.

## COUNT XI
### (Negligence of Sasaki Associates, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 41 of Count X and make them Paragraphs 1 through 41 of this Count XI as if each were repeated in whole.

42.     Joseph Canney's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parsons Field, including the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XII
### (Breaches of Warranty by Sasaki Associates, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 42 of Count XI and make them Paragraphs 1 through 42 of this Count XII as if each were repeated in whole.

43.     Joseph Canney's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XIII
### (Negligence of Ledgewood Construction Company, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 43 of Count XII and make them Paragraphs 1 through 43 of this Count XIII as if each were repeated in whole.

44.     Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XIV
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 44 of Count XIII and make them Paragraphs 1 through 44 of this Count XIV as if each were repeated in whole.

45.     Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XV
**(Negligence Against the United States - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 45 of Count XIV and make them Paragraphs 1 through 45 of this Count XV as if each were repeated in whole.

46.     Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter; in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, United States of America.

## COUNT XVI
**(Negligence Against the Navy - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 46 of Count XV and make them Paragraphs 1 through 46 of this Count XVI as if each were repeated in whole.

47. Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Department of the Navy.

### COUNT XVII
### (Negligence of Northeastern University - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 47 of Count XVI and make them Paragraphs 1 through 47 of this Count XVII as if each were repeated in whole.

48. Thomas Gregorio's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Northeastern University.

### COUNT XVIII
### (Negligence of Sasaki Associates, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 48 of Count XVII and make them Paragraphs 1 through 48 of this Count XVIII as if each were repeated in whole.

49. Thomas Gregorio's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parsons Field, including the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XIX
### (Breaches of Warranty by Sasaki Associates, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 49 of Count XVIII and make them Paragraphs 1 through 49 of this Count XIX as if each were repeated in whole.

50.    Thomas Gregorio's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XX
### (Negligence of Ledgewood Construction Company, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 50 of Count XIX and make them Paragraphs 1 through 50 of this Count XX as if each were repeated in whole.

51.    Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXI
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 51 of Count XX and make them Paragraphs 1 through 51 of this Count XXI as if each were repeated in whole.

52.    Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXII
### (Negligence Against the United States - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 52 of Count XXI and make them Paragraphs 1 through 52 of this Count XXII as if each were repeated in whole.

53.    John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, United States of America.

## COUNT XXIII
### (Negligence Against the Navy - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 53 of Count XXII and make them Paragraphs 1 through 53 of this Count XXIII as if each were repeated in whole.

54.    John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the

set

helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Department of the Navy.

## COUNT XXIV
### (Negligence of Northeastern University - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 54 of Count XXIII and make them Paragraphs 1 through 54 of this Count XXIV as if each were repeated in whole.

55.    John Kelley's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Northeastern University.

## COUNT XXV
### (Negligence of Sasaki Associates, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 55 of Count XXIV and make them Paragraphs 1 through 55 of this Count XXV as if each were repeated in whole.

56.    John Kelley's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parsons Field, including the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XXVI
### (Breaches of Warranty by Sasaki Associates, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 56 of Count XXV and make them Paragraphs 1 through 56 of this Count XXVI as if each were repeated in whole.

57.     John Kelley's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XXVII
### (Negligence of Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 57 of Count XXVI and make them Paragraphs 1 through 57 of this Count XXVII as if each were repeated in whole.

58.     John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXVIII
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 58 of Count XXVII and make them Paragraphs 1 through 58 of this Count XXVIII as if each were repeated in whole.

59.     John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant,

Ledgewood Construction Company, Inc.

## COUNT XXIX
### (Negligence Against the United States - Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 59 of Count XXVIII and make

them Paragraphs 1 through 59 of this Count XXIX as if each were repeated in whole.

60.     Yvonne Kelley's loss of consortium was caused entirely or in part by the

negligence and carelessness of the United States in the operation of the helicopter(s) involved in

the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision

of the helicopters' operation and of the drill, approach and landing; and in the control of the

helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant,

United States of America.

## COUNT XXX
### (Negligence Against the Navy – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 60 of Count XXIX and make

them Paragraphs 1 through 60 of this Count XXX as if each were repeated in whole.

61.     Yvonne Kelley's loss of consortium was caused entirely or in part by the

negligence and carelessness of the United States in the operation of the helicopter(s) involved in

the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision

of the helicopters' operation and of the drill, approach and landing; and in the control of the

helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant,

Department of the Navy.

17

## COUNT XXXI
### (Negligence of Northeastern University – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 61 of Count XXX and make them Paragraphs 1 through 61 of this Count XXXI as if each were repeated in whole.

62.     Yvonne Kelley's loss of consortium was caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Northeastern University.

## COUNT XXXII
### (Negligence of Sasaki Associates, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 62 of Count XXXI and make them Paragraphs 1 through 62 of this Count XXXII as if each were repeated in whole.

63.     Yvonne Kelley's loss of consortium was caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in the design and planning for the renovations to Parsons Field, including the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XXXIII
### (Breaches of Warranty by Sasaki Associates, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 63 of Count XXXII and make them Paragraphs 1 through 63 of this Count XXXIII as if each were repeated in whole.

64.     Yvonne Kelley's loss of consortium was caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of fitness for the intended use of the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Sasaki Associates, Inc.

## COUNT XXXIV
### (Negligence of Ledgewood Construction Company, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 64 of Count XXXIII and make them Paragraphs 1 through 64 of this Count XXXIV as if each were repeated in whole.

65.     Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 65 of Count XXXIV and make them Paragraphs 1 through 65 of this Count XXXV as if each were repeated in whole.

66.     Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

### EACH PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
### OF ALL MATTERS SO TRIABLE.

FREDERICK BABCOCK,
JOSEPH CANNEY,
THOMAS GREGORIO,
JOHN KELLEY and YVONNE KELLEY,
By their Attorneys,

_____
Michael E. Mone (BBO #351680)
ESDAILE, BARRETT & ESDAILE
75 Federal St.
Boston, MA 02110-1904
(617) 482-0333

DATED: June 22, 2004

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

FREDERICK BABCOCK, JOSEPH CANNEY,
THOMAS GREGORIO, JOHN KELLEY, and
YVONNE KELLEY

## DEFENDANTS

UNITED STATES OF AMERICA, NORTHEASTERN
UNIVERSITY, SASAKI ASSOCIATES, INC., and
LEDGEWOOD CONSTRUCTION COMPANY, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Norfolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E. Mone, BBO #351680
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110 (617) 482-0333

ATTORNEYS (IF KNOWN)

04 11413 EFH

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX
(For Diversity Cases Only)                FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

### See Attachment

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) ☐ 863 DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
**See Attachment**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):   N/A

JUDGE _____   DOCKET NUMBER _____

DATE 6/22/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  **Frederick Babcock v. United States of America**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

    [X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.  150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    **None**

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [X]

7.  Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [X]    NO [ ]

    A.  If yes, in which division do **all** of the non-governmental parties reside?

        Eastern Division  [X]    Central Division  [ ]    Western Division  [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  [ ]    Central Division  [ ]    Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Michael E. Mone, Esdaile, Barrett & Esdaile

ADDRESS  75 Federal Street, Boston, MA 02110

TELEPHONE NO.  (617) 482-0333

(Coversheetlocal.wpd - 10/17/02)