UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT #
AMOUNT $250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. _____
DATE 12-17-04

SANDRA BABCOCK,  )
    Plaintiff  )
        )
        )
v.  )
        )  **04 CV 12647 EFH**
UNITED STATES OF AMERICA,  )  C. A. NO.
NORTHEASTERN UNIVERSITY,  )
LEDGEWOOD CONSTRUCTION  )
COMPANY, INC., AND SPLIT  )
BOULDER CONSTRUCTION, INC.,  )  MAGISTRATE JUDGE _____
    Defendants  )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1.    Plaintiff, Sandra Babcock, is and at all times relevant to the allegations set forth in this Complaint, has been a citizen of Massachusetts and was married to Frederick Babcock.

2.    Defendant, United States of America ("United States"), oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

3.    Defendant, Department of the Navy ("Navy"), is a department of the defendant, United States, through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

4.      Defendant, Northeastern University, is a Massachusetts school with a principal place of business in Boston, Massachusetts.

5.      Defendant, Ledgewood Construction Company, Inc., is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

6.      Defendant, Split Boulder Construction, Inc., is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

### Jurisdiction

7.      This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. §1346(b).

8.      This Court has jurisdiction over the claims against the Navy pursuant to 28 U.S.C. §1346(b).

9.      This Court has supplemental jurisdiction over Northeastern University pursuant to 28 U.S.C. § 1367(a), as the plaintiff's claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

10.     This Court has supplemental jurisdiction over Ledgewood Construction Company, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiff's claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

11.     This Court has supplemental jurisdiction over Split Boulder Construction, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiff's claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

12.     The amount in controversy exceeds, exclusive of interest and costs, the amount of Seventy-Five Thousand Dollars ($75,000.00).

## General Factual Allegations

13.     On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts.

14.     Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002, arrival in the area.

15.     As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock, were required as part of their official duties to be present at the field; Frederick Babcock was stationed on foot near a dugout building ("Dugout") on the field.

16.     Parsons Field, and the Dugout near which Frederick Babcock was standing, are and at all times relevant to these allegations were owned and maintained by Northeastern University, and were and are under Northeastern University's control.

17.     At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground on the field. As the helicopter neared the ground, its rotor wash blew the dugout from its supports; debris fell on and seriously injured Frederick Babcock.

18.     As a result of this incident, Frederick Babcock suffered injuries including, but not limited to, a right pelvic ramus fracture with anterior column fracture of his acetabulum.

19.     As a result of her husband's injuries in this incident, Sandra Babcock has suffered the loss of her husband's care, society, comfort, companionship and consortium.

20.     A renovation project took place in or around 2001; the 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc.

21.     At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

22.     As a result of the aforesaid incident, Frederick Babcock was caused to sustain severe and permanent personal injuries. He has suffered and will suffer great pain of body and mind, has incurred and will incur significant expense for his medical care, and has been prevented from going about his usual business.

23.     Frederick Babcock made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Frederick Babcock demanded Four Million Dollars ($4,000,000). The United States Navy was designated to investigate and decide the merits of these claims; Frederick Babcock had his claim denied.

24.     Sandra Babcock made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Sandra Babcock demanded Two Hundred Fifty Thousand Dollars ($250,000). The United States Navy was designated to investigate and decide the merits of these claims; Sandra Babcock had her claim denied.

25.     Frederick Babcock, three other men injured as a result of the same incident and the wife of one of the injured men previously filed an action in this Court, presently pending as civil action number 04-CV-11413-EFH. The wife of one of the plaintiffs in the pending action asserted a derivative loss of consortium claim against the defendants, just as Sandra Babcock is

4

doing in her claim. A copy of the Amended Complaint And Demand For Jury Trial (without tab 1) in civil action no. 04-CV-11413-EFH is attached hereto and incorporated herein as Exhibit 1.

## COUNT I

### (Negligence Against the United States)

The Plaintiff repeats and realleges Paragraphs 1 through 25 of this Complaint and makes them Paragraphs 1 through 25 of this Count I as if each were repeated in whole.

26.     Sandra Babcock's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002, drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, United States of America.

## COUNT II

### (Negligence Against the Navy)

The Plaintiff repeats and realleges Paragraphs 1 through 26 of Count I and makes them Paragraphs 1 through 26 of this Count II as if each were repeated in whole.

27.     Sandra Babcock's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002, drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Department of the Navy.

### COUNT III

### (Negligence of Northeastern University)

The Plaintiff repeats and realleges Paragraphs 1 through 27 of Count II and makes them Paragraphs 1 through 27 of this Count III as if each were repeated in whole.

28. Sandra Babcock's loss of consortium was caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Northeastern University.

### COUNT IV

### (Negligence of Ledgewood Construction Company, Inc.)

The Plaintiff repeats and realleges Paragraphs 1 through 28 of Count III and makes them Paragraphs 1 through 28 of this Count IV as if each were repeated in whole.

29. Sandra Babcock's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Ledgewood Construction Company, Inc.

<h2 align="center">COUNT V</h2>

<h3 align="center">(Breaches of Warranty by Ledgewood Construction Company, Inc.)</h3>

The Plaintiff repeats and realleges Paragraphs 1 through 29 of Count IV and makes them Paragraphs 1 through 29 of this Count V as if each were repeated in whole.

30.     Sandra Babcock's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Ledgewood Construction Company, Inc.

<h2 align="center">COUNT VI</h2>

<h3 align="center">(Negligence of Split Boulder Construction, Inc.)</h3>

The Plaintiff repeats and realleges Paragraphs 1 through 30 of Count V and makes them Paragraphs 1 through 30 of this Count VI as if each were repeated in whole.

31.     Sandra Babcock's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Split Boulder Construction, Inc.

<h2 align="center">COUNT VII</h2>

<h3 align="center">(Breaches of Warranty by Split Boulder Construction, Inc.)</h3>

The Plaintiff repeats and realleges Paragraphs 1 through 31 of Count VI and makes them Paragraphs 1 through 31 of this Count VII as if each were repeated in whole.

32.     Sandra Babcock's loss of consortium was caused entirely or in part by Split

Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness

with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant,

Split Boulder Construction, Inc.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL MATTERS SO TRIABLE.**

PLAINTIFF, SANDRA BABCOCK

By her Attorney,

Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, Massachusetts  02114
TEL#:  (617) 227-8383
BBO#: 203890