UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, Plaintiffs/Plaintiffs-in-Cross-Claim, | ) ) ) ) ) | |
| v. | ) | C.A. NO. 04CV11413-EFH |
| UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC., Defendants. | ) ) ) ) ) ) | *consolidated with* |
|  | ) | C.A. NO. 04CV12647-EFH |
| NORTHEASTERN UNIVERSITY, Defendant, Third-Party Plaintiff, | ) ) ) | *and* |
| v. | ) | C.A. NO. 04CV12003-EFH |
| PEDA, Inc. Third-Party Defendant/Defendant-in-Cross-Claim. | ) ) ) | |
| SPLIT BOULDER CONSTRUCTION, INC., Defendant/Third-Party Plaintiff, | ) ) ) | |
| v. | ) | |
| SASAKI ASSOCIATES, INC., Third-Party Defendant/Defendant-in-Cross-Claim. | ) ) ) | |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT AND
TO ADD CROSS-CLAIMS**

Now come Plaintiffs Frederick Babcock, Joseph Canney, Thomas Gregorio, John Kelley and Yvonne Kelley ("Plaintiffs") and, pursuant to Fed. R. Civ. P. 13(g) and 15(a), move to amend further their most recent Amended Complaint, Counterclaim and Demand

for Jury Trial, filed February 11, 2005, and docketed as entries 49 and 50, in order to add cross-claims against Third-Party Defendant Sasaki Associates, Inc. The parties also seek leave under Fed. R. Civ. P. 15(a) to correct their earlier references to the Plaintiffs' *counterclaims* against PEDA, Inc.; these claims are correctly *cross-claims* against PEDA, Inc. A copy of Plaintiffs' proposed Third Amended Complaint and Jury Demand is attached at Tab 1.

Briefly, this case arises out of an incident that occurred on January 5, 2002 at Northeastern University's Parsons Field. On the evening of January 5, 2002, plaintiffs Babcock, Canney, Gregorio and John Kelley were Brookline firefighters and were stationed at Parsons Field as part of a landing drill for a Presidential helicopter landing scheduled for later in the week. In the course of the drill, a baseball dugout adjacent to where the firefighters were standing toppled from its foundation onto the firefighters, injuring each of them. Inspection into the incident performed by the Town of Brookline indicated that the dugout (which had been relocated on Parsons Field as part of a 1991 renovation of that field) had not been properly fastened to its foundation at the time of the January 5, 2002 landing drill.

<u>Motion For Leave To Cross-Claim Against Sasaki</u>

Based on these events, the firefighters, and John Kelley's wife, Yvonne Kelley, have made claims against the United States, Northeastern University, and certain of the construction and construction management entities involved in the 1991 Parsons Field renovation project. Although the plaintiffs originally named Sasaki Associates, Inc. as defendants in this case, the plaintiffs voluntarily dismissed Sasaki without prejudice, <u>see</u> Docket No. 15 (Stipulation of Dismissal Without Prejudice), early in the litigation after

Sasaki provided an affidavit indicating that its involvement with the Parsons Field project was limited to matters relating to the placement of new artificial turf on the field, and did not include work on the dugouts. In the course of discovery, however, the parties have learned that Sasaki was the architect of record on the Parsons Field renovation project, responsible for overall design and control of the construction project, see Tab 2, Dep. Gerald A. Brown, 4/25/06, pp. 33, 68-72; Tab 3, Dep. James J. Nickerson, 3/13/06, pp. 74, 85; Tab 4, Construction Control Certification of John D. Hollywood, P.E., 5/8/01, and that on September 18, 2001, at the conclusion of the renovation project, its agent or employee, John Hollywood, P.E., provided the Town of Brookline with his certification that the Parsons Field Project was in compliance with all applicable building codes and with the plans and specifications for the renovation project. See Tab 4, Final Affidavit of John Hollywood, P.E. Deposition of Brookline building inspectors indicates (a) that the Town of Brookline relied on Sasaki's certification, see Tab 3, Dep. James J. Nickerson, 3/13/06, pp. 163-164, (b) that Sasaki's certification was not correct, see, e.g., Tab 3, Dep. James J. Nickerson, 3/13/06, pp. 166, and (c) that the building at issue was not properly constructed. See id.

On May 31, 2006, defendant Split Boulder Construction Company, Inc. moved for leave to add Sasaki Associates, Inc. as a third-party defendant. This Court granted Split Boulder's motion on May 31, 2006, see Docket No. 64; the motion was allowed on June 15, 2006, and Split Boulder's third-party complaint was filed on June 20, 2006. See Docket No. 65. Sasaki answered the third-party complaint on July 6, 2006. Plaintiffs now seek leave to cross-claim against Sasaki. In keeping with Fed. R. Civ. P. 13(g), the Plaintiffs' claims against Sasaki arise out of the same January 5, 2002 incident that is the

subject of their original action; the Plaintiffs' motion is consistent with the spirit of Fed. R. Civ. P. 15, permitting generous access to amendment of pleadings. As the parties are currently engaging in discovery efforts and have not been assigned a pretrial or trial date, and given that Sasaki has recently been added to the suit as a third-party defendant by Split Boulder, there is no prejudice to any party in allowing the Plaintiffs' motion to cross-claim against Sasaki.

<u>Motion To Correct References to Plaintiffs' "Counterclaims" Against PEDA, Inc.</u>

On March 2, 2005, the Court granted Plaintiffs' motion to amend their complaint and to claim against PEDA, Inc. based on PEDA, Inc.'s involvement in the Parsons Field renovation project. In their Amended Complaint, however, Plaintiffs incorrectly characterized their claims as "counterclaims." In fact, Plaintiffs' claims against PEDA are *cross-claims*. Plaintiffs seek leave to correct this mischaracterization of their claims against PEDA, and have done so in the attached Third Amended Complaint and Jury Demand.

WHEREFORE, Plaintiffs respectfully move this Honorable Court to allow them (a) to cross-claim against Sasaki Associates, Inc. and (b) to allow them to correct their earlier references to "counterclaims" against PEDA, Inc. to indicate that their claims against PEDA, Inc. are in the nature of *cross-claims*.

        FREDERICK BABCOCK,
        JOSEPH CANNEY,
        THOMAS GREGORIO,
        JOHN KELLEY and YVONNE KELLEY,
        By their Attorneys,

        __/s/  Michael E. Mone_____
        Michael E. Mone (BBO #351680)
        Kathryn E. Hand (BBO # 5967197)
        ESDAILE, BARRETT & ESDAILE
        75 Federal St.
        Boston, MA 02110-1904
        (617) 482-0333

DATED:  August 16, 2006

## CERTIFICATE OF SERVICE

    I, Kathryn E. Hand, attorney for the Plaintiffs, hereby certify that on this day I served a copy of the attached document by mailing a copy thereof, first class, postage prepaid, to:

David J. Hatem PC.
Warren D. Hutchison, Esq.
Brian C. Newberry, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
5th Floor, 45 Milk Street
Boston, MA 02109

Joslin Ham Murphy, Esq.
Town of Brookline
Town Hall
333 Washington Street
Brookline, MA 02445

Matthew A. Connelly, Esq.
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Christopher P. Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

Jeffrey A. Gorlick, Esq.                David J. Hatem, PC
Law Office of Jeffrey A. Gorlick        Deborah S. Russo, Esq.
One Longfellow Place                    Donovan Hatem, LLP
Suite 3409                              Two Seaport Lane
Boston, MA 02114                        Boston, MA  02210



                                    __/s/ Kathryn E. Hand__
                                    Kathryn E. Hand


DATED:  August 16, 2006