1

```
                              Volume:   1
                              Pages:    1-154
                              Exhibits: 52-55
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11413-EFH

*********************************************x
FREDERICK BABCOCK, et al
        Plaintiffs

    vs.

UNITED STATES OF AMERICA, et al
        Defendants
*********************************************x

DEPOSITION OF GERALD A. BROWN, a witness called on behalf of the Defendant, Northeastern University, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Camille Macomber, Registered Professional Reporter and Notary Public within and for the Commonwealth of Massachusetts, at the Law offices of Nelson, Kinder, Mosseau & Saturley, P.C., 45 Milk Street, Seventh Floor, Boston, Massachusetts, on Tuesday, April 25, 2006, commencing at 10:10 a.m.

SHEA COURT REPORTING SERVICES
ONE UNION STREET, SECOND FLOOR
BOSTON, MASSACHUSETTS 02108
(617)227-3097

2

APPEARANCES:

    ESDAILE, BARRETT & ESDAILE
    By Kathryn E. Hand, Attorney
    75 Federal Street
    Boston, Massachusetts 02110
        On behalf of the Plaintiffs,
        Frederick Babcock, Joseph Canney,
        Thomas Gregorio, John Kelley, and
        Yvonne Kelley

    UNITED STATES DEPARTMENT OF JUSTICE
    By Matthew A. Connelly, Esquire
    Post Office Box 14271
    Washington, D.C. 20044-4271
        On behalf of the Defendant,
        United Sates of America

    NELSON, KINDER, MOSSEAU & SATURLEY, P.C.
    By Gerald F. Lucey, Esquire
    45 Milk Street, Seventh Floor
    Boston, Massachusetts 02109
        On behalf of the Defendant,
        Northeastern University

    CASNER & EDWARDS, LLP
    By Christopher P. Maffucci, Esquire
    303 Congress Street
    Boston, Massachusetts 02210
        On behalf of the Defendant,
        Ledgewood Construction Company, Inc.

    DONOVAN HATEM, LLP
    By Brian C. Newberry, Esquire
    Two Seaport Lane
    Boston, Massachusetts 02210
        On behalf of the Defendant,
        Sasaki Associates, Inc.

    MASI & BRUNO
    By John H. Bruno II, Esquire
    124 Long Pond Road, Unit 11
    Plymouth, Massachusetts 02360
        On behalf of the Defendant,
        Split Boulder Construction, Inc.

Also Present:  Brian J. Burns, Esquire

3

# INDEX

WITNESS                          EXAMINATION

Gerald A. Brown
   By Mr. Lucey..............4, 136
   By Mr. Maffucci.........76
   By Mr. Connelly.........96, 148
   By Mr. Bruno...........118

# EXHIBITS

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 52 | Subpoena Duces Tecum with attached Schedule A | 10 |
| 53 | two-sided document for the Phase 2 Permit for 186 Kent Street, originally marked Exhibit 35 | 90 |
| 54A-L | Photographs | 137 |
| 55 | Brookline Police Department Supplemental Report, dated 1/5/02, written by Barry McNeilly | 145 |

(Exhibits retained by Attorney Lucey)

33

1  A   Controlled construction is anything over 35,000
2      cubic feet or commercial type construction or
3      anything a building official deems necessary to
4      hire or to have the stamp of a registered
5      professional on board.
6  Q   You mentioned code review, does that come after
7      the initial building code analysis?
8  A   The building code analysis is provided on a
9      controlled construction job by the architect of
10     record.
11 Q   In what form does that building code analysis
12     take?
13 A   In a narrative form on the drawings or it could
14     be a separate form.
15 Q   The code review is conducted by you of that
16     narrative?
17 A   Right.
18 Q   Or --
19 A   Simultaneously, if he brings it in, which I
20     requested he brings it in, I would have to
21     review this stuff.
22 Q   Final affidavit, again, relates to controlled
23     construction; correct?
24 A   Right.

68

1        and I will ask if you can identify that for the
2        record?
3   A   It is a control construction document by Sasaki
4        Associates, Inc., Exhibit Number 39. This is
5        the site work permit, John Hollywood, who is the
6        PE of record, I believe, right, on those
7        drawings?
8   Q   Right.
9   A   Registration 28920, signing that he will take
10       control over this job.
11   Q   When you say take control over the job, what do
12       you mean?
13   A   Control construction, he will be present on the
14       job for periodic inspections, and certify that
15       the job will be built according to the
16       specifications, plans and drawings.
17   Q   Are those the permit set of drawings that we
18       previously talked about a few moments ago?
19   A   Yes.
20   Q   Now, down below on Exhibit 39, Mr. Hollywood
21       certifies that he will perform the necessary
22       professional services and be present on the
23       construction site on a regular and periodic
24       basis to determine that the work is proceeding

69

| | | |
|---|---|---|
| 1 | | in accordance with documents approved for the |
| 2 | | building permit; correct? |
| 3 | A | Yes. |
| 4 | Q | Below that -- well, Number 3 under that section |
| 5 | | states what, if you could read it for the |
| 6 | | record? |
| 7 | A | "Special architectural or engineering |
| 8 | | professional inspection of critical construction |
| 9 | | components required controlled materials or |
| 10 | | construction specified in the accepted |
| 11 | | engineering practice listed in Appendix B." |
| 12 | Q | And that's Appendix B to what, please? Do you |
| 13 | | know what that refers to? |
| 14 | A | Special engineering, I think. |
| 15 | Q | Is there an Appendix B or would there have been |
| 16 | | an Appendix B to this construction control |
| 17 | | affidavit? |
| 18 | A | I believe they're talking about the 780 CMR |
| 19 | | Building Code. Appendix B is special |
| 20 | | architectural engineering services. That's |
| 21 | | Appendix B. That's in the Building Code. |
| 22 | Q | The last paragraph on Exhibit 39 indicates that |
| 23 | | Mr. Hollywood will submit periodically progress |
| 24 | | reports together with pertinent comments to the |

70

```
 1        Brookline Building Inspector, and upon
 2        completion of the work that he will submit a
 3        final report as to the satisfactory completion
 4        and readiness of the project for occupancy; is
 5        that correct?
 6   A    That is correct, and that is what's required by
 7        law.
 8   Q    Do you know whether or not Mr. Hollywood or
 9        Sasaki Associates submitted periodic progress
10        reports or a final report to the Town of
11        Brookline in connection with the Parsons Field
12        renovation project?
13   A    I don't recall any inspection reports in my
14        hand.  That was five years ago.  There should be
15        a public record if he had submitted those, and
16        there should be a public record if he had
17        submitted the final affidavit, which is required
18        by law.
19   Q    When you say a public record, are you referring
20        to a file in the Building Department in the Town
21        of Brookline?
22   A    A document that you have the final inspection
23        affidavit.
24   Q    I'm going to show you that in a moment, but
```

71

```
 1        based upon your review and understanding of
 2        Exhibit 39, was Mr. Hollywood obligated to
 3        submit periodic progress reports in connection
 4        with the Parsons Field renovation project?
 5    A   Yes.
 6    Q   If he did that, they should be on file with the
 7        Town of Brookline?
 8    A   Yes.
 9    Q   And if he didn't do that, what would you have
10        expected the Town of Brookline to do?
11    A   They should have called him up and made him do
12        it.
13    Q   When you say they, who do you mean?
14    A   My office at that time.  The Town of Brookline's
15        Building Department should have done it.
16    Q   Let me show you what's previously been marked as
17        Exhibit 38, and ask if you can identify it?
18    A   That is a final affidavit by the same civil
19        engineer, PE, John Hollywood, Exhibit Number 38
20        saying that he went before a commission and
21        before a notary public, "He has inspected the
22        construction at Northeastern University Parsons
23        Field under Permit BL0100515.  This site
24        conforms to submitted plans and codes of the
```

72

1   Town of Brookline and the Commonwealth of
2   Massachusetts. Further, that all required
3   approvals, materials and affidavits have been
4   submitted, and there is no violations of laws or
5   orders by the Department of Public Buildings.
6   I, as the affidavit engineer, hereby certify
7   that the date of September 18, 2001, inspected
8   the property located at 186 Kent Street, and
9   find the locus comply with my plans and
10  specifications and rules and regulations of the
11  Town of Brookline and the Commonwealth of
12  Massachusetts. Therefore, I request a
13  certificate of occupancy for the above address."
14  Signed by him and notarized.
15 Q What is the significance of that final affidavit
16  to you as a building inspector?
17 A That he has inspected the structures that he has
18  applied for permit for, that he is overseeing,
19  that he has followed the rules of controlled
20  construction, and is submitting the affidavit
21  stating as such. And he's asking for occupancy
22  under his stamp and signature.
23 Q As we sit here today, do you recall whether or
24  not a certificate of occupancy issued from the

154

# CERTIFICATE

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, SS.

I, Camille Macomber, Notary Public and Registered Professional Reporter in and for the Commonwealth of Massachusetts, do hereby certify:

That Gerald A. Brown, the witness whose deposition is hereinbefore set forth on pages 4 through 152, inclusive, was duly sworn by me; that his testimony thereupon given was recorded by me stenographically and transcribed by me; and that such deposition is a true record of the testimony given by the said witness to the best of my knowledge, skill and ability.

IN WITNESS WHEREOF, I hereunto set my hand this 4th day of May 2006.

                                        Camille Macomber, RPR
                                        Court Reporter
                                        Notary Public

My Commission Expires:
July 27, 2012