UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, | ) | |
| THOMAS GREGORIO, JOHN KELLEY and | ) | |
| YVONNE KELLEY, | ) | |
|     Plaintiffs/Plaintiffs-in-Cross-Claim, | ) | |
| | ) | |
| v. | ) | C.A. NO. 04CV11413-EFH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| NORTHEASTERN UNIVERSITY, | ) | *consolidated with* |
| LEDGEWOOD CONSTRUCTION COMPANY, INC., | ) | |
| and SPLIT BOULDER CONSTRUCTION, INC., | ) | |
|     Defendants. | ) | C.A. NO. 04CV12647-EFH |
| | ) | |
| NORTHEASTERN UNIVERSITY, | ) | *and* |
|     Defendant, Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. 04CV12003-EFH |
| | ) | |
| PEDA, Inc. | ) | |
|     Third-Party Defendant/Defendant-in-Cross-Claim. | ) | |
| | ) | |
| SPLIT BOULDER CONSTRUCTION, INC., | ) | |
|     Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SASAKI ASSOCIATES, INC., | ) | |
|     Third-Party Defendant/Defendant-in-Cross-Claim. | ) | |
| | ) | |

**PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY DEMAND**

**<u>Parties</u>**

1.    Plaintiff Frederick Babcock ("Babcock") is, and at all times relevant to the

allegations set forth in this Complaint has been, a citizen of Massachusetts.

2.      Plaintiff Joseph Canney ("Canney") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

3.      Plaintiff Thomas Gregorio ("Gregorio") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

4.      Plaintiff John Kelley ("Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff Yvonne Kelley.

5.      Plaintiff Yvonne Kelley ("Mrs. Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff John Kelley.

6.      Defendant United States of America ("United States") oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

7.      Defendant United States, through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

8.      Defendant Northeastern University is a Massachusetts school with a principal place of business in Boston, Massachusetts.

9.    Defendant Ledgewood Construction Company, Inc. is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

10.    Defendant Split Boulder Construction, Inc. is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

11.    Third-party Defendant/Defendant-in-Cross-Claim PEDA, Inc. is a Massachusetts corporation with principal place of business in South Weymouth, Massachusetts.

12.    Third-party Defendant/Defendant-in-Cross-Claim Sasaki Associates, Inc. is a Massachusetts corporation with a principal place of business in Watertown, Massachusetts.

## Jurisdiction

13.    This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. §1346(b).

14.    This Court has supplemental jurisdiction over Northeastern University pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

15.    This Court has supplemental jurisdiction over Ledgewood Construction Company, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

16.    This Court has supplemental jurisdiction over Split Boulder Construction, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

17.     This Court has supplemental jurisdiction over PEDA, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants and the third-party defendant "are so related . . . that they form part of the same case or controversy . . . ."

18.     This Court has supplemental jurisdiction over Sasaki Associates, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants and the third-party defendant "are so related . . . that they form part of the same case or controversy . . . ."

19.     The amount in controversy exceeds, exclusive of interest and costs, the amount of Seventy-five Thousand Dollars ($75,000.00).

## General Factual Allegations

20.     On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts.

21.      Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002 arrival in the area.

22.     As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock and Firefighters Joseph Canney, Thomas Gregorio and John Kelley were required as part of their official duties to be present at the field; Babcock, Canney, Gregorio and Kelley were stationed on foot near a dugout building ("Dugout") on the field.

23.     Parsons Field, and the Dugout near which Babcock, Canney, Gregorio and Kelley were standing, are and at all times relevant to these allegations were, owned and

maintained by Northeastern University, and were and are under Northeastern University's control.

24.    At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground on the field. As the helicopter neared the ground, its rotor wash blew the Dugout from its supports; debris fell on and seriously injured Babcock, Canney, Gregorio and Kelley.

25.    As a result of this incident, Babcock suffered injuries including, but not limited to, a right pelvic ramus fracture with anterior column fracture of his acetabulum.

26.    As a result of this incident, Canney suffered injuries including, but not limited to, multiple trauma, including traumatic soft-tissue injury to his left thigh.

27.    As a result of this incident, Gregorio suffered injuries including, but not limited to, traumatic injury to his head and hands.

28.    As a result of this incident, Kelley suffered injuries including, but not limited to, including an avulsion fracture of cervical spine at C-1 and rupture of his right patellar tendon.

29.    As a result of her husband's injuries in this incident, Mrs. Kelley has suffered the loss of her husband's care, society, comfort, companionship and consortium.

30.    Approximately a year before the January 5, 2002 incident in which the plaintiffs were injured – on or around 2001 – Northeastern University contracted for the renovation of portions of its athletic complex, including the Parsons Field area ("Parsons Field renovation project" or "renovation project").  The 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc.

31. On information and belief, Sasaki Associates, Inc. was the architect of record on the 2001 Parsons Field renovation project.

32. On information and belief, Sasaki Associates, Inc.'s responsibilities with regard to the Parsons Field renovation project included planning and architectural services for the renovation project, inspection of the work performed on the renovation project, and general oversight of the renovation project, including the relocation of the Dugout.

33. On information and belief, on or about September 18, 2001, John Hollywood, P.E., then employed by or acting as an agent of Sasaki Associates, Inc,. certified that the Parsons Field renovation project had been completed in compliance with all applicable building codes and with the plans and specifications for the renovation of Parsons Field.

34. On information and belief, the Town of Brookline's building officials relied on this certification during and after completion of the Parsons Field renovation project.

35. On information and belief, in and around May 2001, PEDA, Inc. agreed to perform construction management and engineering services in connection with the renovation project, which included relocation of the Dugout.

36. At the time of the incident on January 5, 2002, the Dugout had been removed from its original location and repositioned on Parsons Field; its construction did not comply with the applicable building codes and the Dugout was in an unsafe condition.

37.    As a result of the aforesaid incident, Plaintiffs Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley were each caused to sustain severe and permanent personal injuries.  Each of them has suffered and will suffer great pain of body and mind, each has incurred and will incur significant expense for his medical care, and each has been prevented from going about his usual business.

38.    Each of the plaintiffs made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Frederick Babcock and John Kelley each demand Four Million Dollars ($4,000,000); Joseph Canney and Thomas Gregorio each demand Two Million Dollars ($2,000,000); and Yvonne Kelley demands One Million Dollars ($1,000,000).  The United States Navy was designated to investigate and decide the merits of these claims; each plaintiff has had his or her claim denied.  Copies of the Department of the Navy's March 24, 2004 denials of the claims by each of the plaintiffs are attached at Tab 1.

## COUNT I
### (Negligence Against the United States - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 38 of this Complaint and make them Paragraphs 1 through 38 of this Count I as if each were repeated in whole.

39.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, United States of America.

## COUNT II
**(Negligence of Northeastern University - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 39 of Count I and make them Paragraphs 1 through 39 of this Count II as if each were repeated in whole.

40.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Northeastern University.

## COUNT III
**(Negligence of Ledgewood Construction Company, Inc. - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 40 of Count II and make them Paragraphs 1 through 40 of this Count III as if each were repeated in whole.

41.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Ledgewood Construction Company, Inc.

<u>**COUNT IV**</u>
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 41 of Count III and make them Paragraphs 1 through 41 of this Count IV as if each were repeated in whole.

42.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Ledgewood Construction Company, Inc.

<u>**COUNT V**</u>
**(Negligence of Split Boulder Construction, Inc. - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 42 of Count IV and make them Paragraphs 1 through 42 of this Count V as if each were repeated in whole.

43.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Split Boulder Construction, Inc.

<u>**COUNT VI**</u>
**(Breaches of Warranty by Split Boulder Construction, Inc. - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 43 of Count V and make them Paragraphs 1 through 43 of this Count VI as if each were repeated in whole.

44.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

9

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT VII
### (Negligence of PEDA, Inc. – Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 44 of Count VI and make them Paragraphs 1 through 44 of this Count VII as if each were repeated in whole.

45.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by PEDA, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT VIII
### (Breaches of Warranty by PEDA, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 45 of Count VII and make them Paragraphs 1 through 45 of this Count VIII as if each were repeated in whole.

46.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by PEDA, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT IX
### (Negligence of Sasaki Associates, Inc. – Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 46 of Count VIII and make them Paragraphs 1 through 46 of this Count IX as if each were repeated in whole.

47.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT X
### (Breaches of Warranty by Sasaki Associates, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 47 of Count IX and make them Paragraphs 1 through 47 of this Count X as if each were repeated in whole.

48.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of workmanlike performance and/or fitness with respect to the Parsons Field renovations, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT XI
### (Negligence Against the United States - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 48 of Count X and make them Paragraphs 1 through 48 of this Count XI as if each were repeated in whole.

49.     Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, United States of America.

### COUNT XII
### (Negligence of Northeastern University - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 49 of Count XI and make them Paragraphs 1 through 49 of this Count XII as if each were repeated in whole.

50.     Joseph Canney's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Northeastern University.

### COUNT XIII
### (Negligence of Ledgewood Construction Company, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 50 of Count XII and make them Paragraphs 1 through 50 of this Count XIII as if each were repeated in whole.

51.     Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XIV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 51 of Count XIII and make them Paragraphs 1 through 51 of this Count XIV as if each were repeated in whole.

52.    Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XV
### (Negligence of Split Boulder Construction, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 52 of Count XIV and make them Paragraphs 1 through 52 of this Count XV as if each were repeated in whole.

53.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XVI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 53 of Count XV and make them Paragraphs 1 through 53 of this Count XVI as if each were repeated in whole.

54.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Split Boulder Construction, Inc.

**COUNT XVII**
**(Negligence of PEDA, Inc. – Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 54 of Count XVI and make them Paragraphs 1 through 54 of this Count XVII as if each were repeated in whole.

55.    Plaintiff Joseph Canney's injuries were caused entirely or in part by PEDA, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

**COUNT XVIII**
**(Breaches of Warranty by PEDA, Inc. - Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 55 of Count XVII and make them Paragraphs 1 through 55 of this Count XVIII as if each were repeated in whole.

56.    Plaintiff Joseph Canney's injuries were caused entirely or in part by PEDA, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with

respect to the Parsons Field renovations, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XIX
### (Negligence of Sasaki Associates, Inc. – Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 56 of Count XVIII and make them Paragraphs 1 through 56 of this Count XIX as if each were repeated in whole.

57.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT XX
### (Breaches of Warranty by Sasaki Associates, Inc. – Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 57 of Count XIX and make them Paragraphs 1 through 57 of this Count XX as if each were repeated in whole.

58.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT XXI
### (Negligence Against the United States - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 58 of Count XX and make them Paragraphs 1 through 58 of this Count XXI as if each were repeated in whole.

59.    Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter; in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, United States of America.

## COUNT XXII

### (Negligence of Northeastern University - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 59 of Count XXI and make them Paragraphs 1 through 59 of this Count XXII as if each were repeated in whole.

60.    Thomas Gregorio's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Northeastern University.

**COUNT XXIII**
**(Negligence of Ledgewood Construction Company, Inc. - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 60 of Count XXII and make them Paragraphs 1 through 60 of this Count XXIII as if each were repeated in whole.

61.     Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

**COUNT XXIV**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 61 of Count XXIII and make them Paragraphs 1 through 61 of this Count XXIV as if each were repeated in whole.

62.     Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

**COUNT XXV**
**(Negligence of Split Boulder Construction, Inc. - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 62 of Count XXIV and make them Paragraphs 1 through 62 of this Count XXV as if each were repeated in whole.

63.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXVI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 63 of Count XXV and make them Paragraphs 1 through 63 of this Count XXVI as if each were repeated in whole.

64.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXVII
### (Negligence of PEDA, Inc. – Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 64 of Count XXVI and make them Paragraphs 1 through 64 of this Count XXVII as if each were repeated in whole.

65.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by PEDA, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XXVIII
### (Breaches of Warranty by PEDA, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 65 of Count XXVII and make them Paragraphs 1 through 65 of this Count XXVIII as if each were repeated in whole.

66.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by PEDA, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XXIX
### (Negligence of Sasaki Associates, Inc. – Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 66 of Count XXVIII and make them Paragraphs 1 through 66 of this Count XXIX as if each were repeated in whole.

67.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT XXX
### (Breaches of Warranty by Sasaki Associates, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 67 of Count XXIX and make them Paragraphs 1 through 67 of this Count XXX as if each were repeated in whole.

68.     Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT XXXI
### (Negligence Against the United States - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 68 of Count XXX and make them Paragraphs 1 through 68 of this Count XXXI as if each were repeated in whole.

69.     John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, United States of America.

## COUNT XXXII

### (Negligence of Northeastern University - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 69 of Count XXXI and make them Paragraphs 1 through 69 of this Count XXXII as if each were repeated in whole.

70.     John Kelley's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Northeastern University.

## COUNT XXXIII
### (Negligence of Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 70 of Count XXXII and make them Paragraphs 1 through 70 of this Count XXXIII as if each were repeated in whole.

71.     John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXIV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 71 of Count XXXIII and make them Paragraphs 1 through 71 of this Count XXXIV as if each were repeated in whole.

72.    John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXV
### (Negligence of Split Boulder Construction, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 72 of Count XXXIV and make them Paragraphs 1 through 72 of this Count XXXV as if each were repeated in whole.

73.    Plaintiff John Kelley's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXXVI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 73 of Count XXXV and make them Paragraphs 1 through 73 of this Count XXXVI as if each were repeated in whole.

74.     Plaintiff John Kelley's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXXVII
### (Negligence of PEDA, Inc. – Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 74 of Count XXXVI and make them Paragraphs 1 through 74 of this Count XXXVII as if each were repeated in whole.

75.     Plaintiff John Kelley's injuries were caused entirely or in part by PEDA, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff John Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XXXVIII
### (Breaches of Warranty by PEDA, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 75 of Count XXXVII and make them Paragraphs 1 through 75 of this Count XXXVIII as if each were repeated in whole.

76.     Plaintiff John Kelley's injuries were caused entirely or in part by PEDA, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to

the Parsons Field renovations, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff John Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XXXIX
### (Negligence of Sasaki Associates, Inc. – Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 76 of Count XXXVIII and make them Paragraphs 1 through 76 of this Count XXXIX as if each were repeated in whole.

77.     Plaintiff John Kelley's injuries were caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff John Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT XL
### (Breaches of Warranty by Sasaki Associates, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 77 of Count XXXIX and make them Paragraphs 1 through 77 of this Count XL as if each were repeated in whole.

78.     Plaintiff John Kelley's injuries were caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff John Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

### COUNT XLI
#### (Negligence Against the United States - Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 78 of Count XL and make them Paragraphs 1 through 78 of this Count XLI as if each were repeated in whole.

79.     Yvonne Kelley's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, United States of America.

### COUNT XLII
#### (Negligence of Northeastern University – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 79 of Count XLI and make them Paragraphs 1 through 79 of this Count XLII as if each were repeated in whole.

80.     Yvonne Kelley's loss of consortium was caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Northeastern University.

### COUNT XLIII
**(Negligence of Ledgewood Construction Company, Inc. – Mrs. Kelley)**

The Plaintiffs repeat and reallege Paragraphs 1 through 80 of Count XLII and make them Paragraphs 1 through 80 of this Count XLIII as if each were repeated in whole.

81.    Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

### COUNT XLIV
**(Breaches of Warranty by Ledgewood Construction Company, Inc. – Mrs. Kelley)**

The Plaintiffs repeat and reallege Paragraphs 1 through 81 of Count XLIII and make them Paragraphs 1 through 81 of this Count XLIV as if each were repeated in whole.

82.    Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XLV
### (Negligence of Split Boulder Construction, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 82 of Count XLIV and make them Paragraphs 1 through 82 of this Count XLV as if each were repeated in whole.

83.     Yvonne Kelley's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XLVI
### (Breaches of Warranty by Split Boulder Construction, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 83 of Count XLV and make them Paragraphs 1 through 83 of this Count XLVI as if each were repeated in whole.

84.     Yvonne Kelley's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XLVII
### (Negligence of PEDA, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 84 of Count XLVI and make them Paragraphs 1 through 84 of this Count XLVII as if each were repeated in whole.

85.    Yvonne Kelley's loss of consortium was caused entirely or in part by PEDA, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XLVIII
### (Breaches of Warranty by PEDA, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 85 of Count XLVII and make them Paragraphs 1 through 85 of this Count XLVIII as if each were repeated in whole.

86.    Yvonne Kelley's loss of consortium was caused entirely or in part by PEDA, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing construction management and engineering services for that renovation project.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, PEDA, Inc.

## COUNT XLIX
### (Negligence of Sasaki Associates, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 86 of Count XLVIII and make them Paragraphs 1 through 86 of this Count XLIX as if each were repeated in whole.

87.    Yvonne Kelley's loss of consortium was caused entirely or in part by Sasaki Associates, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

## COUNT L
### (Breaches of Warranty by Sasaki Associates, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 87 of Count XLIX and make them Paragraphs 1 through 87 of this Count L as if each were repeated in whole.

88.    Yvonne Kelley's loss of consortium was caused entirely or in part by Sasaki Associates, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations, and/or in providing architectural and/or engineering services for that renovation project.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Third-Party Defendant/Defendant-in-Cross-Claim, Sasaki Associates, Inc.

### EACH PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
### OF ALL MATTERS SO TRIABLE.

FREDERICK BABCOCK,
JOSEPH CANNEY,
THOMAS GREGORIO,
JOHN KELLEY and YVONNE KELLEY,
By their Attorneys,


__/s/ Michael E. Mone_____
Michael E. Mone (BBO #351680)
Kathryn E. Hand (BBO #567197)
ESDAILE, BARRETT & ESDAILE
75 Federal St.
Boston, MA 02110-1904
(617) 482-0333

DATED:  August 16, 2006

## CERTIFICATE OF SERVICE

I, Kathryn E. Hand, attorney for the Plaintiffs, hereby certify that on this day I served a copy of the attached document by mailing a copy thereof, first class, postage prepaid, to:


David J. Hatem PC.
Warren D. Hutchison, Esq.
Brian C. Newberry, Esq.
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
5th Floor, 45 Milk Street
Boston, MA 02109


Joslin Ham Murphy, Esq.
Town of Brookline
Town Hall
333 Washington Street
Brookline, MA 02445

Matthew A. Connelly, Esq.
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044


John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Christopher P. Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

Jeffrey A. Gorlick, Esq.                    David J. Hatem, PC
Law Office of Jeffrey A. Gorlick           Deborah S. Russo, Esq.
One Longfellow Place                        Donovan Hatem, LLP
Suite 3409                                  Two Seaport Lane
Boston, MA 02114                            Boston, MA  02210


                                   __/s/ Kathryn E. Hand_____
                                   Kathryn E. Hand


DATED:  August 16, 2006