UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, SASAKI ASSOCIATES, INC., LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC. <br><br> Defendants. <br><br> NORTHEASTERN UNIVERSITY, <br><br> Defendant, Third-Party Plaintiff, <br><br> v. <br><br> PEDA, Inc. <br><br> Third-Party Defendant. | C.A. No. 04-CV-11413-EFH |

**THIRD-PARTY DEFENDANT PEDA, INC'S ANSWER TO PLAINITIFFS'
THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Third-Party Defendant PEDA, Inc. ("PEDA") answers the plaintiffs' third

amended complaint as follows:

1. PEDA is without knowledge or information sufficient to form a belief as to the

   allegations in this paragraph.

2. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

4. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

8. Admitted.

9. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. Admitted.

12. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

13. This paragraph calls for a legal conclusion and thus no response is required.

14. This paragraph calls for a legal conclusion and thus no response is required.

15. This paragraph calls for a legal conclusion and thus no response is required.

16. This paragraph calls for a legal conclusion and thus no response is required.

17. This paragraph calls for a legal conclusion and thus no response is required.

18. This paragraph calls for a legal conclusion and thus no response is required.

19. This paragraph calls for a legal conclusion and thus no response is required.

20. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

21. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

22. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

25. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

26. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

27. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

28. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

29. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

30. PEDA admits that renovation work was performed at Parsons' Field in and around 2001 and that Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc. participated in those renovations.

31. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

32. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

33. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

34. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

35. PEDA admits that it performed services in connection with the renovations under a contract with Northeastern University. PEDA refers to the terms of its contractual relationship with Northeastern University for evidence of the scope of its services and denies any allegations in this paragraph inconsistent with that contract.

36. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

37. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

38. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

## COUNT I

39. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT II

40. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT III

41. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT IV

42. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT V

43. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VI

44. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VII

45. Denied.

## COUNT VIII

46. Denied.

## COUNT IX

47. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT X

48. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XI

49. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XII

50. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XIII

51. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XIV

52. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XV

53. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XVI

54. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XVII

55. Denied.

## COUNT XVIII

56. Denied.

## COUNT XIX

57. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XX

58. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXI

59. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXII

60. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXIII

61. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XIV

62. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXV

63. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXVI

64. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXVII

65. Denied.

## COUNT XXVIII

66. Denied.

## COUNT XXIX

67. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXX

68. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXI

69. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXII

70. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXIII

71. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXIV

72. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXV

73. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXVI

74. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XXXVII

75. Denied.

## COUNT XXXVIII

76. Denied.

## COUNT XXXIX

77. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XL

78. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLI

79. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLII

80. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLIII

81. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLIV

82. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLV

83. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLVI

84. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XLVII

85. Denied.

## COUNT XLVIII

86. Denied.

## COUNT XLIX

87. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT L

88. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

WHEREFORE PEDA, Inc., demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to this action and that it be awarded such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims are barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

The claims are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

The claims are barred by the statute of limitations and / or statute of repose.

**FIFTH AFFIRMATIVE DEFENSE**

The claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

The claims are barred or its damages must be reduced by the doctrine of contributory negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

The clams are barred because the alleged losses were caused by Northeastern's own conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims are barred because the alleged losses were caused by the conduct of persons or entities over whom PEDA had no control or responsibility.

**NINTH AFFIRMATIVE DEFENSE**

The claims are barred because the alleged losses were caused by the intervening and/or superceding acts of third persons for whom PEDA was not responsible.

**TENTH AFFIRMATIVE DEFENSE**

The claims are barred because the alleged conduct of PEDA was not the legal or proximate cause of the alleged losses.

**JURY DEMAND**

**PEDA Demands Trial by Jury on All Claims so Triable.**

         Respectfully Submitted,
         PEDA, Inc.

         By its Attorneys,


         */s/ Brian C. Newberry*
         David J. Hatem, PC, BBO #225700
         Warren D. Hutchison, BBO # 246150
         Brian C. Newberry, BBO #635498
         DONOVAN HATEM LLP
         Two Seaport Lane
         Boston, MA 02210
         (617) 405-4500 – tel.
Dated:  September 29, 2006   (617) 406-4501 – fax

**CERTIFICATE OF SERVICE**

      I, Brian C. Newberry certify that on this 29th day of September, 2006, I served the foregoing by mailing a copy first class, postage prepaid, to:

| | |
|---|---|
| Kathryn E. Hand, Esq.<br>Michael E. Mone, Sr., Esq.<br>Esdaile, Barrett & Esdaile<br>75 Fedeal Street<br>Boston, MA  02110 | Gerald F. Lucey, Esq.<br>Nelson, Kinder, Mosseau & Saturley, P.C.<br>5th Floor<br>45 Milk Street<br>Boston, MA  02109 |
| Jon S. Hartmere, Esq.<br>Law Office of Jacqueline Allen<br>Suite 601<br>262 Washington Street<br>Boston, MA  02108 | Terrance J. Hamilton, Esq.<br>Christopher P. Maffucci, Esq.<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA  02210 |
| Matthew A. Connelly, Esq.<br>US Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Washington, DC  20044 | John Bruno, Esq.<br>Masi & Bruno<br>124 Long Pond Road<br>Plymouth, MA  02360 |
| Joslin Ham Murphy, Esq.<br>Town of Brookline<br>333 Washington Street<br>Brookline, MA  02445 | Deborah S. Russo, Esq.<br>Donovan Hatem LLP<br>World Trade Center East<br>Two Seaport Lane<br>Boston, MA  02210 |

                                                                */s/ Brian C. Newberry*
                                                                 Brian C. Newberry

01031121/2500.2021