UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK BABCOCK, JOSEPH CANNEY,        )
THOMAS GREGORIO, JOHN KELLEY and         )
YVONNE KELLEY,                           )
                     Plaintiffs,         )
                                         )
v.                                       )        C.A. No. 04-CV-11413-EFH
                                         )
UNITED STATES OF AMERICA,                )        *consolidated with*
NORTHEASTERN UNIVERSITY,                 )
LEDGEWOOD CONSTRUCTION                   )
COMPANY, INC., and SPLIT BOULDER         )        C.A. NO. 04CV12647-EFH
CONSTRUCTION, INC.                       )
                     Defendants.         )        *and*
_____  )
                                         )        C.A. NO. 04CV12003-EFH
NORTHEASTERN UNIVERSITY,                 )
          Defendant, Third-Party Plaintiff, )
                                         )
v.                                       )
                                         )
PEDA, Inc.                               )
          Third-Party Defendant/Defendant )
          In Crossclaim.                 )
_____  )
                                         )
SPLIT BOULDER CONSTRUCTION, INC.,        )
          Defendant, Third-Party Plaintiff, )
                                         )
v.                                       )
                                         )
SASAKI ASSOCIATES, INC.,                 )
          Third-Party Defendant/Defendant )
          In Crossclaim.                 )
_____  )

### ANSWER OF NORTHEASTERN UNIVERSITY TO PLAINTIFFS' THIRD AMENDED COMPLAINT, CROSSCLAIMS, AND DEMAND FOR TRIAL BY JURY

Defendant Northeastern University ("the University") hereby answers the Plaintiffs'

Third Amended Complaint, and asserts crossclaims against the codefendants as follows:

## Parties

1.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and calls upon plaintiffs to prove the same.

2.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and calls upon plaintiffs to prove the same.

3.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and calls upon plaintiffs to prove the same.

4.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and calls upon plaintiffs to prove the same.

5.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and calls upon plaintiffs to prove the same.

6.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and calls upon plaintiffs to prove the same.

7.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and calls upon plaintiffs to prove the same.

8.    The allegations set forth in paragraph 8 are admitted.  By way of further answer the University admits that it is a private institution of higher learning established and existing under the laws of the Commonwealth of Massachusetts and that it is a not-for-profit charitable corporation with a principal place of business at 360 Huntington Avenue, Boston, Massachusetts.

9.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and calls upon plaintiffs to prove the same.

10. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and calls upon plaintiffs to prove the same.

11. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and calls upon plaintiffs to prove the same.

12. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and calls upon plaintiffs to prove the same.

## Jurisdiction

13. The allegations set forth in paragraph 12 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

14. The allegations set forth in paragraph 14 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

15. The allegations set forth in paragraph 15 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

16. The allegations set forth in paragraph 16 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

17. The allegations set forth in paragraph 17 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

18. The allegations set forth in paragraph 18 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

19. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and calls upon plaintiffs to prove the

same.  To the extent paragraph 19 sets forth conclusions of law as opposed to factual allegations, such conclusions of law can be neither admitted nor denied.

<u>**Allegations**</u>

20.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, except it is admitted that on January 5, 2002 Presidential helicopters were scheduled to perform a rehearsal landing at Parsons Field, Brookline, Massachusetts, owned by the University.

21.     The allegations set forth in paragraph 21 are admitted.

22.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and calls upon plaintiffs to prove the same.

23.     The allegations set forth in paragraph 23 are admitted, except it is denied that at all times relevant to the allegations set forth in plaintiffs' Complaint Parsons Field and the dugout in question were under the control of the University.

24.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, except it is admitted that at approximately 5:10 p.m. on January 5, 2002 one of the helicopters participating in the drill approached the surface of the field.

25.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, except it is admitted that as a result of the accident plaintiff Babcock suffered physical injury(ies).

26.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26, except it is admitted that as a result of the accident plaintiff Canney suffered physical injury(ies).

27.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, except it is admitted that as a result of the accident plaintiff Gregorio suffered physical injury(ies).

28.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, except it is admitted that as a result of the accident plaintiff Kelley suffered physical injury(ies).

29.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and calls upon plaintiffs to prove the same.

30.    The allegations set forth in paragraph 30 are admitted.  By way of further answer, others were also involved in the renovation project.

31.    The allegations set forth in paragraph 31 are admitted.

32.    The allegations set forth in paragraph 32 are admitted.

33.    The allegations set forth in paragraph 33 are admitted.

34.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, except it is admitted that certain present and former building officials for the Town of Brookline have so testified.

35.    The allegations set forth in paragraph 35 are admitted.

36.    The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, except it is admitted that by January 5, 2002 the dugout involved in plaintiffs' accident had been moved from its original location on Parsons Field to a different location.

37.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and calls upon plaintiffs to prove the same.

38.     The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and calls upon plaintiffs to prove the same.

## COUNT I
### (Negligence Against the United States - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 38 inclusive in the within Answer.

39.     In that the allegations set forth in Count I, paragraph 39 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 39 sets forth allegations against the University, those allegations are denied.

## COUNT II
### (Negligence Against Northeastern University - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 39 inclusive in the within Answer.

40.     The allegations set forth in Count II, paragraph 40 are denied.

WHEREFORE in view of the foregoing, Northeastern University demands that plaintiffs' Complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT III
### (Negligence of Ledgewood Construction Company, Inc.- Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 40 inclusive in the within Answer.

41.    In that the allegations set forth in Count III, paragraph 41 are directed to a different defendant, no answer is required from the University. To the extent paragraph 41 sets forth allegations against the University, those allegations are denied.

## COUNT IV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 41 inclusive in the within Answer.

42.    In that the allegations set forth in Count IV, paragraph 42 are directed to a different defendant, no answer is required from the University. To the extent paragraph 42 sets forth allegations against the University, those allegations are denied.

## COUNT V
### (Negligence of Split Boulder Construction, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 42 inclusive in the within Answer.

43.    In that the allegations set forth in Count V, paragraph 43 are directed to a different defendant, no answer is required from the University. To the extent paragraph 43 sets forth allegations against the University, those allegations are denied.

## COUNT VI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 43 inclusive in the within Answer.

44. In that the allegations set forth in Count VI, paragraph 44 are directed to a different defendant, no answer is required from the University. To the extent paragraph 44 sets forth allegations against the University, those allegations are denied.

## COUNT VII
### (Negligence of PEDA, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 44 inclusive in the within Answer.

45. In that the allegations set forth in Count VII, paragraph 45 are directed to a different defendant, no answer is required from the University. To the extent paragraph 45 sets forth allegations against the University, those allegations are denied.

## COUNT VIII
### (Breaches of Warranty by PEDA, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 45 inclusive in the within Answer.

46. In that the allegations set forth in Count VIII, paragraph 46 are directed to a different defendant, no answer is required from the University. To the extent paragraph 46 sets forth allegations against the University, those allegations are denied.

## COUNT IX
### (Negligence of Sasaki Associates, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 46 inclusive in the within Answer.

47. In that the allegations set forth in Count IX, paragraph 47 are directed to a different defendant, no answer is required from the University. To the extent paragraph 47 sets forth allegations against the University, those allegations are denied.

## COUNT X
### (Breaches of Warranty by Sasaki Associates, Inc. - Babcock)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 47 inclusive in the within Answer.

48.    In that the allegations set forth in Count X, paragraph 48 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 48 sets forth allegations against the University, those allegations are denied.

## COUNT XI
### (Negligence Against the United States - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 48 inclusive in the within Answer.

49.    In that the allegations set forth in Count XI, paragraph 49 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 49 sets forth allegations against the University, those allegations are denied.

## COUNT XII
### (Negligence Against Northeastern University- Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 49 inclusive in the within Answer.

50.    The allegations set forth in Count XII, paragraph 50 are denied.

WHEREFORE in view of the foregoing, Northeastern University demands that plaintiffs' Complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

9

## COUNT XIII
**(Negligence of Ledgewood Construction Company, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 50 inclusive in the within Answer.

51.    In that the allegations set forth in Count XIII, paragraph 51 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 51 sets forth allegations against the University, those allegations are denied.

## COUNT XIV
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 51 inclusive in the within Answer.

52.    In that the allegations set forth in Count XIV, paragraph 52 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 52 sets forth allegations against the University, those allegations are denied.

## COUNT XV
**(Negligence of Split Boulder Construction, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 52 inclusive in the within Answer.

53.    In that the allegations set forth in Count XV, paragraph 53 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 53 sets forth allegations against the University, those allegations are denied.

## COUNT XVI
**(Breaches of Warranty by Split Boulder Construction, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 53 inclusive in the within Answer.

54.    In that the allegations set forth in Count XVI, paragraph 54 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 54 sets forth allegations against the University, those allegations are denied.

**COUNT XVII**
**(Negligence of PEDA, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 54 inclusive in the within Answer.

55.    In that the allegations set forth in Count XVII, paragraph 55 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 55 sets forth allegations against the University, those allegations are denied.

**COUNT XVIII**
**(Breaches of Warranty by PEDA, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 55 inclusive in the within Answer.

56.    In that the allegations set forth in Count XVIII, paragraph 56 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 56 sets forth allegations against the University, those allegations are denied.

**COUNT XIX**
**(Negligence of Sasaki Associates, Inc. - Canney)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 56 inclusive in the within Answer.

57.    In that the allegations set forth in Count XIX, paragraph 57 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 57 sets forth allegations against the University, those allegations are denied.

## COUNT XX
### (Breaches of Warranty by Sasaki Associates, Inc. - Canney)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 57 inclusive in the within Answer.

58.     In that the allegations set forth in Count XX, paragraph 58 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 58 sets forth allegations against the University, those allegations are denied.

## COUNT XXI
### (Negligence Against the United States - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 58 inclusive in the within Answer.

59.     In that the allegations set forth in Count XXI, paragraph 59 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 59 sets forth allegations against the University, those allegations are denied.

## COUNT XXII
### (Negligence Against Northeastern University- Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 59 inclusive in the within Answer.

60.     The allegations set forth in Count XXII, paragraph 60 are denied.

WHEREFORE, in view of the foregoing, Northeastern University demands that plaintiffs' Complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT XXIII
### (Negligence of Ledgewood Construction Company, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 60 inclusive in the within Answer.

61.    In that the allegations set forth in Count XXIII, paragraph 61 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 61 sets forth allegations against the University, those allegations are denied.

## COUNT XXIV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 61 inclusive in the within Answer.

62.    In that the allegations set forth in Count XXIV, paragraph 62 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 62 sets forth allegations against the University, those allegations are denied.

## COUNT XXV
### (Negligence of Split Boulder Construction, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 62 inclusive in the within Answer.

63.    In that the allegations set forth in Count XXV, paragraph 63 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 63 sets forth allegations against the University, those allegations are denied.

## COUNT XXVI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 63 inclusive in the within Answer.

64.     In that the allegations set forth in Count XXVI, paragraph 64 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 64 sets forth allegations against the University, those allegations are denied.

### COUNT XXVII
### (Negligence of PEDA, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 64 inclusive in the within Answer.

65.     In that the allegations set forth in Count XXVII, paragraph 65 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 65 sets forth allegations against the University, those allegations are denied.

### COUNT XXVIII
### (Breaches of Warranty by PEDA, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 65 inclusive in the within Answer.

66.     In that the allegations set forth in Count XXVIII, paragraph 66 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 66 sets forth allegations against the University, those allegations are denied.

### COUNT XXIX
### (Negligence of Sasaki Associates, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 66 inclusive in the within Answer.

67.     In that the allegations set forth in Count XXIX, paragraph 67 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 67 sets forth allegations against the University, those allegations are denied.

## COUNT XXX
### (Breaches of Warranty by Sasaki Associates, Inc. - Gregorio)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 67 inclusive in the within Answer.

68.     In that the allegations set forth in Count XXX, paragraph 68 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 68 sets forth allegations against the University, those allegations are denied.

## COUNT XXXI
### (Negligence Against the United States - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 68 inclusive in the within Answer.

69.     In that the allegations set forth in Count XXXI, paragraph 69 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 69 sets forth allegations against the University, those allegations are denied.

## COUNT XXXII
### (Negligence Against Northeastern University - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 69 inclusive in the within Answer.

70.     The allegations set forth in Count XXXII, paragraph 70 are denied.

WHEREFORE, in view of the foregoing, Northeastern University demands that plaintiffs' complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

**COUNT XXXIII**
**(Negligence of Ledgewood Construction Company, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 70 inclusive in the within Answer.

71.    In that the allegations set forth in Count XXXIII, paragraph 71 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 71 sets forth allegations against the University, those allegations are denied.

**COUNT XXXIV**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 71 inclusive in the within Answer.

72.    In that the allegations set forth in Count XXXIV, paragraph 72 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 72 sets forth allegations against the University, those allegations are denied.

**COUNT XXXV**
**(Negligence of Split Boulder Construction, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 72 inclusive in the within Answer.

73.    In that the allegations set forth in Count XXXV, paragraph 73 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 73 sets forth allegations against the University, those allegations are denied.

**COUNT XXXVI**
**(Breaches of Warranty by Split Boulder Construction, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 73 inclusive in the within Answer.

74.    In that the allegations set forth in Count XXXVI, paragraph 74 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 74 sets forth allegations against the University, those allegations are denied.

### COUNT XXXVII
**(Negligence of PEDA, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 74 inclusive in the within Answer.

75.    In that the allegations set forth in Count XXVII, paragraph 75 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 75 sets forth allegations against the University, those allegations are denied.

### COUNT XXXVIII
**(Breaches of Warranty by PEDA, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 75 inclusive in the within Answer.

76.    In that the allegations set forth in Count XXXVIII, paragraph 76 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 76 sets forth allegations against the University, those allegations are denied.

### COUNT XXXIX
**(Negligence of Sasaki Associates, Inc. - Kelley)**

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 76 inclusive in the within Answer.

77.    In that the allegations set forth in Count XXXIX, paragraph 77 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 77 sets forth allegations against the University, those allegations are denied.

### COUNT XL
### (Breaches of Warranty by Sasaki Associates, Inc. - Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 77 inclusive in the within Answer.

78.    In that the allegations set forth in Count XL, paragraph 78 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 78 sets forth allegations against the University, those allegations are denied.

### COUNT XLI
### (Negligence Against the United States - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 78 inclusive in the within Answer.

79.    In that the allegations set forth in Count XLI, paragraph 79 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 79 sets forth allegations against the University, those allegations are denied.

### COUNT XLII
### (Negligence Against Northeastern University - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 79 inclusive in the within Answer.

80.    The allegations set forth in Count XLII, paragraph 80 are denied.

WHEREFORE, in view of the foregoing, Northeastern University demands that plaintiffs' complaint be dismissed, that plaintiffs take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT XLIII
### (Negligence of Ledgewood Construction Company, Inc.- Mrs. Kelley)

The defendant repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 80 inclusive in the within Answer.

81.    In that the allegations set forth in Count XLIII, paragraph 81 are directed to a different defendant, no answer is required from the University. To the extent paragraph 81 sets forth allegations against the University, those allegations are denied.

## COUNT XLIV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 81 inclusive in the within Answer.

82.    In that the allegations set forth in Count XLIV, paragraph 82 are directed to a different defendant, no answer is required from the University. To the extent paragraph 82 sets forth allegations against the University, those allegations are denied.

## COUNT XLV
### (Negligence of Split Boulder Construction, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 82 inclusive in the within Answer.

83.    In that the allegations set forth in Count XLV, paragraph 83 are directed to a different defendant, no answer is required from the University. To the extent paragraph 83 sets forth allegations against the University, those allegations are denied.

## COUNT XLVI
### (Breaches of Warranty by Split Boulder Construction, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 83 inclusive in the within Answer.

84.    In that the allegations set forth in Count XLVI, paragraph 84 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 84 sets forth allegations against the University, those allegations are denied.

### COUNT XLVII
### (Negligence of PEDA, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 84 inclusive in the within Answer.

85.    In that the allegations set forth in Count XLVII, paragraph 85 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 85 sets forth allegations against the University, those allegations are denied.

### COUNT XLVIII
### (Breaches of Warranty by PEDA, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 85 inclusive in the within Answer.

86.    In that the allegations set forth in Count XLVIII, paragraph 86 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 86 sets forth allegations against the University, those allegations are denied.

### COUNT XLIX
### (Negligence of Sasaki Associates, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 86 inclusive in the within Answer.

87.    In that the allegations set forth in Count XLIX, paragraph 87 are directed to a different defendant, no answer is required from the University.  To the extent paragraph 87 sets forth allegations against the University, those allegations are denied.

## COUNT L
### (Breaches of Warranty by Sasaki Associates, Inc. - Mrs. Kelley)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 87 inclusive in the within Answer.

88.    In that the allegations set forth in Count L, paragraph 88 are directed to a different defendant, no answer is required from the University. To the extent paragraph 88 sets forth allegations against the University, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the failure of the plaintiffs to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of the plaintiffs is greater than the negligence, if any, of the University.

### FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the University.

## SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the University is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has been failed to be joined.

## NINTH AFFIRMATIVE DEFENSE

The acts or omissions alleged by the plaintiffs were done with the actual or implied consent of the plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

The alleged acts of the University were justified under the facts and circumstances of this case.

## ELEVENTH AFFIRMATIVE DEFENSE

The University is a charitable corporation and any recovery by plaintiffs is limited by the provisions of M.G.L. c.231, § 85K.

## TWELFTH AFFIRMATIVE DEFENSE

The University hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

**DEMAND FOR JURY TRIAL**

Defendant Northeastern University hereby demands a trial by jury on all issues and claims so triable.

**AND BY WAY OF FURTHER ANSWER, NORTHEASTERN UNIVERSITY ASSERTS CROSSCLAIMS AS FOLLOWS:**

**PARTIES**

1.    Defendant/crossclaim plaintiff Northeastern University (the "University") is a not-for-profit charitable corporation, and is a private institution of higher learning established and existing under the laws of the Commonwealth of Massachusetts.

2.    Upon information and belief, the defendant/crossclaim defendant United States of America ("United States") oversees and is responsible for the operation and maintenance of the helicopters used to transport the President of the United States; for training and supervising the pilots of the Presidential helicopters; for drill landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operations.

3.    Upon information and belief, the defendant/crossclaim defendant United States, through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for the operation of helicopters used to transport the President of the United States; for training and supervising the pilots of the Presidential helicopters; for drill landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills, and for control of such helicopters' operation.

4.    Upon information and belief, the defendant/crossclaim defendant Ledgewood Construction Company, Inc. ("Ledgewood Construction") is a Massachusetts corporation with a principal place of business in North Quincy Massachusetts.

5.      Upon information and belief, the defendant/crossclaim defendant Split Boulder Construction, Inc. ("Split Boulder") is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

6.      Upon information and belief, third-party defendant/crossclaim defendant PEDA, Inc. ("PEDA") is a Massachusetts corporation with a usual place of business in South Weymouth, Massachusetts.

7.      Upon information and belief, third-party defendant/crossclaim defendant Sasaki Associates, Inc. ("Sasaki") is a Massachusetts corporation with a principal place of business in Watertown, Massachusetts.

8.      Upon information and belief, plaintiff Frederick Babcock ("Babcock") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts residing at 16 Cobleigh Street, Westwood, Massachusetts.

9.      Upon information and belief, plaintiff Joseph Canney ("Canney") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts residing at 44 Kingsbury Road, Norfolk, Massachusetts.

10.     Upon information and belief, plaintiff Thomas Gregorio ("Gregorio") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts residing at 48 Washington Avenue, Waltham, Massachusetts.

11.     Upon information and belief, plaintiff John Kelley ("Kelley ") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts residing at 15 Leseur Road, Hyde Park, Massachusetts and has been married to plaintiff Yvonne Kelley.

12.     Upon information and belief, plaintiff Yvonne Kelley ("Mrs. Kelley") is, and at all times relevant to the allegations set forth in plaintiffs' complaint has been, a citizen of Massachusetts residing at 15 Leseur Road, Hyde Park, Massachusetts and has been married to plaintiff John Kelley.

## JURISDICTION

13.     This Court has original jurisdiction over the crossclaims against the United States pursuant to 28 U.S.C. § 1346(b).

14.     This Court has supplemental jurisdiction over the crossclaims against Ledgewood Construction pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the crossclaims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

15.     This Court has supplemental jurisdiction over the crossclaims against Split Boulder pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the crossclaims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

16.     This Court has supplemental jurisdiction over the crossclaims against PEDA pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the crossclaims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

17.     This Court has supplemental jurisdiction over the crossclaims against Sasaki pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims

against the United States and the crossclaims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Plaintiffs have filed and served a Third Amended Complaint as the result of an accident which occurred on January 5, 2002.

19.     In their Third Amended Complaint plaintiffs allege that they suffered serious personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts, and rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and fall over onto the plaintiffs.

20.     The test landing mission was in anticipation of a visit to Massachusetts by President George W. Bush on January 8, 2002 in connection with federal education reform legislation entitled "The No Child Left Behind Act of 2001."

21.     The United States, through the Department of the Navy and other departments, branches and organizations, oversees, controls, and is responsible for the operation of the helicopters used to transport the President.

22.     As part of its responsibility in connection with the oversight, control and operation of the Presidential helicopters, the Navy is also responsible for drill landings of the Presidential helicopters, including preparing sites for the landing drills, supervising the landing drills, and controlling the helicopters' operations during the landing drills.

23.     At all times material, Parsons Field was owned by Northeastern University.

24.     In 2001, Parsons Field underwent extensive renovations.  Work in connection with those renovations, including the relocation of the dugouts, was performed by Ledgewood Construction, Split Boulder, PEDA and Sasaki.

26

## COUNT I
### (Indemnification Against The United States)

25.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 24 inclusive.

26.     If the plaintiffs were injured and damaged as alleged, such injuries and damages were caused by the negligence of the defendant/crossclaim defendant United States in the oversight, control and operation of the Presidential helicopters; in training the pilots of the Presidential helicopters; the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing. Such injuries and damages were not caused by any negligence on the part of Northeastern University.

27.     The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of the United States. As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant United States for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant United States of America in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT II
### (Contribution Against The United States)

28.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 inclusive.

29.     If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant United States is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant United States of America for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

## COUNT III
### (Indemnification Against Ledgewood Construction)

30.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 29 inclusive.

31.     If the plaintiffs were injured and damaged as alleged, such injuries and damages were caused by the negligence of the defendant/crossclaim defendant Ledgewood Construction in performing renovations to Parsons Field and in connection with the relocation of the dugout in question.

32.     The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of Ledgewood Construction.  As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant Ledgewood Construction for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction

Company, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT IV
### (Breaches of Warranty Against Ledgewood Construction)

33.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 32 inclusive.

34.    The injuries and damages allegedly suffered by the plaintiffs were caused by the defendant/crossclaim defendant Ledgewood Construction's breaches of warranty of workmanlike performance and fitness in performing renovations to Parsons Field and in connection with the relocation of the dugout in question.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction Company, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT V
### (Contribution Against Ledgewood Construction)

35.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 34 inclusive.

36.    If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant Ledgewood Construction is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction

Company, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

**COUNT VI**
**(Indemnification Against Split Boulder)**

37.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 36 inclusive.

38.     If the plaintiffs were injured and damaged as alleged, such injuries and damages were caused by the negligence of the defendant/crossclaim defendant Split Boulder in performing renovations to Parsons Field and in connection with the relocation of the dugout in question.

39.     The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of Split Boulder.  As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant Split Boulder for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder Construction, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

**COUNT VII**
**(Breaches of Warranty Against Split Boulder)**

40.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 39 inclusive.

41.     The injuries and damages allegedly suffered by the plaintiffs were caused by the defendant/crossclaim defendant Split Boulder's breaches of warranty of workmanlike

30

performance and fitness in performing renovations to Parsons Field and in connection with the relocation of the dugout in question.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder Construction, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT VIII
### (Contribution Against Split Boulder)

42.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 41 inclusive.

43.    If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant Split Boulder is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder Construction, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

## COUNT IX
### (Indemnification Against PEDA)

44.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 43 inclusive.

45.    If the plaintiffs were injured and damaged as alleged, such injuries and damages were caused by the negligence of the third-party defendant/crossclaim defendant PEDA in connection with the renovations to Parsons Field and the relocation of the dugout in question.

46.    The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of PEDA.  As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by third-party defendant/crossclaim defendant PEDA for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against third-party defendant/crossclaim defendant PEDA, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT X
### (Breaches of Warranty Against PEDA)

47.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 46 inclusive.

48.    The injuries and damages allegedly suffered by the plaintiffs were caused by the third-party defendant/crossclaim defendant PEDA's breaches of warranty of workmanlike performance and fitness in connection with the renovations to Parsons Field and the relocation of the dugout in question.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against third-party defendant/crossclaim defendant PEDA, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT XI
### (Contribution Against PEDA)

49.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 48 inclusive.

50.     If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then third-party defendant/crossclaim defendant PEDA is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against third-party defendant/crossclaim defendant PEDA, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

## COUNT XII
### (Indemnification Against Sasaki)

51.     Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 inclusive.

52.     If the plaintiffs were injured and damaged as alleged, such injuries and damages were caused by the negligence of the third-party defendant/crossclaim defendant Sasaki in connection with the renovations to Parsons Field and the relocation of the dugout in question.

53.     The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of Sasaki.  As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by third-party defendant/crossclaim defendant Sasaki for any judgment entered against Northeastern University in favor of the plaintiffs, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against third-party defendant/crossclaim defendant Sasaki Associates, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT XIII
### (Breaches of Warranty Against Sasaki)

54.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 53 inclusive.

55.    The injuries and damages allegedly suffered by the plaintiffs were caused by the third-party defendant/crossclaim defendant Sasaki's breaches of warranty of workmanlike performance and fitness in connection with the renovations to Parsons Field and the relocation of the dugout in question.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against third-party defendant/crossclaim defendant Sasaki Associates, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiffs, together with interest, costs and attorneys' fees.

## COUNT XIV
### (Contribution Against Sasaki)

56.    Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 55 inclusive.

57.    If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then third-party defendant/crossclaim defendant Sasaki is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against third-party defendant/crossclaim defendant Sasaki Associates, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiffs, together with interest, costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Northeastern University hereby demands a trial by jury on all issues and claims so triable.

Respectfully Submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Dated: October 6, 2006

*/s/ Gerald F. Lucey*
Gerald F. Lucey, BBO#306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA  02109
(617) 778-7500
fax (617) 778-7501

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, do hereby certify that on this date the foregoing "ANSWER OF NORTHEASTERN UNIVERSITY TO PLAINTIFFS' THIRD AMENDED COMPLAINT, CROSSCLAIMS, AND DEMAND FOR TRIAL BY JURY" was filed through the ECF system and will be sent electronically to the registered participants and by sending paper copies to non-registered participants as indicated on the NEF.

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110-1904

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Jeffrey A. Gorlick, Esq.
One Longfellow Place, Suite 3409
Boston, MA  02114

Albert Rossi, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Joslin Murphy, Esq.
Associate Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA  02445-6863

Brian C. Newberry, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

DATED:  October 6, 2006                    */s/ Gerald F. Lucey*

                                           Gerald F. Lucey