UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-CV-11413-EFH |
| UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, SASAKI ASSOCIATES, INC., LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NORTHEASTERN UNIVERSITY, | ) ) | |
| Defendant, Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| PEDA, Inc. | ) ) | |
| Third-Party Defendant. | ) ) | |

### PEDA, INC'S REPLY TO NORTHEASTERN UNIVERSITY'S CROSSCLAIM

PEDA, Inc. ("PEDA") answers the crossclaim of Northeastern University as follows:

1. Admitted.

2. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

4. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6. Admitted.

7. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

8. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

12. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

13. This paragraph calls for a legal conclusion and thus no response is required.

14. This paragraph calls for a legal conclusion and thus no response is required.

15. This paragraph calls for a legal conclusion and thus no response is required.

16. This paragraph calls for a legal conclusion and thus no response is required.

17. This paragraph calls for a legal conclusion and thus no response is required.

18. Admitted that the plaintiffs have filed and served a Third Amended Complaint and that the Third Amended Complaint speaks for itself. PEDA denies any allegations in this paragraph inconsistent with the terms of that Third Amended Complaint.

19. Admitted that the plaintiffs have filed and served a Third Amended Complaint and that the Third Amended Complaint speaks for itself. PEDA denies any allegations in this paragraph inconsistent with the terms of that Third Amended Complaint.

20. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

21. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

22. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23. PEDA is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. PEDA admits that Ledgewood Construction and Split Boulder performed work in connection with renovations to Parsons Field. PEDA admits that Northeastern University retained it to perform certain services in connection with the renovations of Parsons Field but denies that it performed "work" as that term is generally used in the construction industry. PEDA admits, upon information and belief, that Sasaki was also retained by Northeastern to

perform certain services in connection with the renovations at Parsons field but lacks knowledge or information sufficient to form a belief as to the truth of whether Sasaki performed "work" as that term is commonly used in the construction industry.

## COUNT I

25. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 24 above.

26. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

27. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT II

28. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 27 above.

29. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT III

30. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 29 above.

31. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

32. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT IV

33. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 32 above.

34. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT V

35. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 34 above.

36. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VI

37. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 36 above.

38. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

39. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VII

40. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 39 above.

41. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VIII

42. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 41 above.

43. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT IX

44. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 43 above.

45. Denied.

46. Denied.

## COUNT X

47. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 46 above.

48. Denied.

## COUNT XI

49. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 48 above.

50. Denied.

## COUNT XII

51. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 50 above.

52. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

53. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XIII

54. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 53 above.

55. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT XIV

56. PEDA repeats and incorporates by reference its responses to paragraphs 1 to 55 above.

57. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

WHEREFORE PEDA, Inc., demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to this action and that it be awarded such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the statute of limitations and / or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred or the damages must be reduced by the doctrine of contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by Northeastern's own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by the conduct of persons or entities over whom PEDA had no control or responsibility.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by the intervening and/or superceding acts of third persons for whom PEDA was not responsible.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged conduct of PEDA was not the legal or proximate cause of the alleged losses.

## JURY DEMAND

**PEDA Demands Trial by Jury on All Claims so Triable.**

                                            Respectfully Submitted,
                                            PEDA, Inc.

                                            By its Attorneys,


                                            */s/ Brian C. Newberry*
                                            David J. Hatem, PC, BBO #225700
                                            Warren D. Hutchison, BBO # 246150
                                            Brian C. Newberry, BBO #635498
                                            DONOVAN HATEM LLP
                                            Two Seaport Lane
                                            Boston, MA 02210
                                            (617) 405-4500 – tel.
Dated: October 12, 2006                  (617) 406-4501 – fax

## CERTIFICATE OF SERVICE

I, Brian C. Newberry certify that on this 12th day of October, 2006, I served the foregoing by mailing a copy first class, postage prepaid, to:

Kathryn E. Hand, Esq.  
Michael E. Mone, Sr., Esq.  
Esdaile, Barrett & Esdaile  
75 Fedeal Street  
Boston, MA  02110  

Jon S. Hartmere, Esq.  
Law Office of Jacqueline Allen  
Suite 601  
262 Washington Street  
Boston, MA  02108  

Matthew A. Connelly, Esq.  
US Department of Justice  
Torts Branch, Civil Division  
P.O. Box 14271  
Washington, DC  20044  

Joslin Ham Murphy, Esq.  
Town of Brookline  
333 Washington Street  
Brookline, MA  02445  

Gerald F. Lucey, Esq.  
Nelson, Kinder, Mosseau & Saturley, P.C.  
5th Floor  
45 Milk Street  
Boston, MA  02109  

Terrance J. Hamilton, Esq.  
Christopher P. Maffucci, Esq.  
Casner & Edwards, LLP  
303 Congress Street  
Boston, MA  02210  

John Bruno, Esq.  
Masi & Bruno  
124 Long Pond Road  
Plymouth, MA  02360  

Deborah S. Russo, Esq.  
Donovan Hatem LLP  
World Trade Center East  
Two Seaport Lane  
Boston, MA  02210  

/s/ *Brian C. Newberry*  
Brian C. Newberry

01039926/2500.2021