UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **FREDERICK BABCOCK, et al** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 1:04-CV-11413-EFH |
| | ) | |
| v. | ) | consolidated with |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | 1:04-CV-12003-EFH |
| **et al,** | ) | 1:04-CV-12647-EFH |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER OF DEFENDANT UNITED STATES OF AMERICA
TO THE CROSS-CLAIM OF DEFENDANT
NORTHEASTERN UNIVERSITY**

For its Answer, the United States of America responds to the allegations contained in Defendant Northeastern University's Cross-Claim in similarly numbered paragraphs as follows:

1.  The allegations contained in paragraph 1 are denied for lack of knowledge and information.

2.  To the extent that paragraph 2 alleges that the United States was responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 2 are denied. The remaining allegations in paragraph 2 are admitted.

3.	To the extent that paragraph 3 alleges that the Marine Helicopter Squadron One, HMX-1 was responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 3 are denied. The remaining allegations in paragraph 3 are admitted.

4-12.	The allegations contained in paragraphs 4 through 12 are denied for lack of knowledge and information.

13-17.	Paragraphs 13 through 17 contain conclusions of law to which no response is required. To the extent that paragraphs 13 through 17 are deemed to contain allegations of fact, such allegations are denied.

18.	Admitted

19.	Denied. Plaintiffs' Third Amended Complaint speaks for itself.

20.	Admitted.

21.	To the extent that paragraph 21 alleges that either the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 21 are denied. The remaining allegations in paragraph 21 are admitted.

22.	To the extent that paragraph 22 alleges that either the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 22 are denied. The remaining allegations in paragraph 22 are admitted.

23-24. The allegations contained in paragraphs 23 and 24 are denied for lack of knowledge and information.

## COUNT I

25. The United States repeats and incorporates its responses to paragraphs 1 through 24 of this Cross-Claim as if each response were set forth in whole.

26. Denied.

27. Denied.

WHEREFORE, Defendant/Cross-Claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT II

28. The United States repeats and incorporates its responses to paragraphs 1 through 27 of this Cross-Claim as if each response were set forth in whole.

29. Denied.

WHEREFORE, Defendant/Cross-Claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT III

30.     The United States repeats and incorporates its responses to paragraphs 1 through 29 of this Cross-Claim as if each response were set forth in whole.

31-32.  Paragraphs 31 and 32 contain factual allegations which are directed at a defendant other than the United States.  To the extent that any factual allegations in paragraphs 31 and 32 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT IV

33.     The United States repeats and incorporates its responses to paragraphs 1 through 32 of this Cross-Claim as if each response were set forth in whole.

34.     Paragraph 34 contains factual allegations which are directed at a defendant other than the United States.  To the extent that any factual allegations in paragraph 34 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT V

35.     The United States repeats and incorporates its responses to paragraphs 1 through 34 of this Cross-Claim as if each response were set forth in whole.

36. Paragraph 36 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 36 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VI

37. The United States repeats and incorporates its responses to paragraphs 1 through 36 of this Cross-Claim as if each response were set forth in whole.

38-39. Paragraphs 38 and 39 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 38 and 39 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VII

40. The United States repeats and incorporates its responses to paragraphs 1 through 39 of this Cross-Claim as if each response were set forth in whole.

41. Paragraph 41 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 41 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VIII

42.     The United States repeats and incorporates its responses to paragraphs 1 through 41 of this Cross-Claim as if each response were set forth in whole.

43.     Paragraph 43 contains factual allegations which are directed at a defendant other than the United States.  To the extent that any factual allegations in paragraph 43 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT IX

44.     The United States repeats and incorporates its responses to paragraphs 1 through 43 of this Cross-Claim as if each response were set forth in whole.

45-46.  Paragraphs 45 and 46 contain factual allegations which are directed at a defendant other than the United States.  To the extent that any factual allegations in paragraphs 45 and 46 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT X

47.     The United States repeats and incorporates its responses to paragraphs 1 through 46 of this Cross-Claim as if each response were set forth in whole.

48. Paragraph 48 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 48 are directed against United States, those allegations are denied for lack of knowledge and information.

### COUNT XI

49. The United States repeats and incorporates its responses to paragraphs 1 through 36 of this Cross-Claim as if each response were set forth in whole.

50. Paragraph 50 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 50 are directed against United States, those allegations are denied for lack of knowledge and information.

### COUNT XII

51. The United States repeats and incorporates its responses to paragraphs 1 through 50 of this Cross-Claim as if each response were set forth in whole.

52-53. Paragraphs 52 and 53 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 52 and 53 are directed against United States, those allegations are denied for lack of knowledge and information.

54.  Any allegations not specifically addressed are denied.

**AFFIRMATIVE DEFENSES**

1. The Cross-Claim fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over the cross-claim.

3. The Defendant/Cross-Claimant is not entitled to contribution or indemnification because the Plaintiffs' injuries were caused by the negligent conduct of persons or entities other than the United States who failed to secure the first base dugout properly to its foundation.

4. The intentional, willful, wanton, reckless, careless, grossly negligent, and/or negligent conduct of others over whom the United States had no control was an intervening and superseding cause of the Plaintiffs' injuries.

5. The Plaintiffs' injuries are the result, in whole or in part, of their own contributory negligence and such negligence bars and/or diminishes Cross-Claimant's recovery against the United States.

6.    Any recovery by Defendant/Cross-Claimant for injuries suffered by a particular Plaintiff may not exceed the amount of compensation claimed on that Plaintiff's administrative claim form.

7.    The United States asserts any and all other affirmative defenses to which it may be entitled and/or which discovery may reveal.

WHEREFORE, the United States demands that the Cross-Claims of Defendant Northeastern University be dismissed with costs, and seeks such other relief as this Court may deem proper.

Dated: October 12, 2006

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              MICHAEL J. SULLIVAN
                              United States Attorney

                              BARBARA HEALY SMITH
                              Assistant United States Attorney

        /s/
MATTHEW A. CONNELLY, Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the United States of America's Answer were sent via first class mail, postage pre-paid, this 12th day of October, 2006, addressed to the following counsel of record:

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Joslin Murphy, Esq.
Associate Town Counsel
333 Washington Street
Brookline, MA  02445-6863

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA  02109

David J. Hatem, Esq.
Deborah S. Russo, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

Jeffrey A. Gorlick, Esq.
Law Offices of Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, MA  02114

Brian C. Newberry, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

        /s/
MATTHEW A. CONNELLY