# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, and LEDGEWOOD CONSTRUCTION COMPANY, INC. | ) ) ) | Consolidated C.A. No.: |
| Defendants, | ) ) | 04-CV-11413-EFH |
| NORTHEASTERN UNIVERSITY, and SPLIT BOULDER CONSTRUCTION, INC., | ) ) ) | |
| Defendants/Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEDA, INC., and SASAKI ASSOCIATES, INC., | ) ) | |
| Third-Party Defendants. | ) ) ) | |

_____

## THIRD-PARTY DEFENDANT SASAKI ASSOCIATES, INC.'S ANSWER TO PLAINITIFFS' THIRD AMENDED COMPLAINT, CROSS-CLAIMS, AND DEMAND FOR JURY TRIAL

Third-Party Defendant Sasaki Associates, Inc. (Sasaki") answers the plaintiffs'

third amended complaint as follows:

1. Sasaki is without knowledge or information sufficient to form a belief as to the

    allegations in this paragraph.

2. Sasaki is without knowledge or information sufficient to form a belief as to the

    allegations in this paragraph.

3.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

4.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

8.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

12. Admits.

13. This paragraph calls for a legal conclusion and thus no response is required.

14. This paragraph calls for a legal conclusion and thus no response is required.

15. This paragraph calls for a legal conclusion and thus no response is required.

16. This paragraph calls for a legal conclusion and thus no response is required.

17. This paragraph calls for a legal conclusion and thus no response is required.

18. This paragraph calls for a legal conclusion and thus no response is required.

19. This paragraph calls for a legal conclusion and thus no response is required.

20. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

21. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

22. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

25. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

26. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

27. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

28. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

29. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

30. Sasaki admits that renovation work was performed at Parsons Field in and around 2001 and that Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc. participated in those renovations.  Sasaki is without knowledge or information to sufficient to form a belief as to the remaining allegations in this paragraph.

31. Denies.

32. Denies.

33. Denies

34.  Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

35. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

36. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

37. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

38. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

**COUNT I**
**(Negligence Against the United States – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 38.

39. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

4

**COUNT II**
**(Negligence of Northeastern University – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 39.

40. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT III**
**(Negligence of Ledgewood Construction Company, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 34.

41. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT IV**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 41.

42. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT V**
**(Negligence of Split Boulder Construction, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 42.

43. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT VI**
**(Breaches of Warranty by Split Boulder Construction, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 43.

44. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT VII**
**(Negligence of PEDA, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 44.

45. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT VIII**
**(Breaches of Warranty by PEDA, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 45.

46. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT IX**
**(Negligence of Sasaki Associates, Inc. – Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 46.

47. Denies.

**COUNT X**
**(Breaches of Warranty of Sasaki Associates, Inc. - Babcock)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 47.

48. Denies.

**COUNT XI**
**(Negligence Against the United States – Canney)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 48.

49. The allegations in this paragraph are directed against another defendant and thus
Sasaki need not respond.  To the extent that a response is required, Sasaki denies
the allegations.

**COUNT XII**
**(Negligence of Northeastern University – Canney)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 49.

50. The allegations in this paragraph are directed against another defendant and thus
Sasaki need not respond.  To the extent that a response is required, Sasaki denies
the allegations.

**COUNT XIII**
**(Negligence of Ledgewood Construction Company, Inc. – Canney)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 50.

51. The allegations in this paragraph are directed against another defendant and thus
Sasaki need not respond.  To the extent that a response is required, Sasaki denies
the allegations.

**COUNT XIV**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. – Canney)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 51.

52. The allegations in this paragraph are directed against another defendant and thus
Sasaki need not respond.  To the extent that a response is required, Sasaki denies
the allegations.

## COUNT XV
### (Negligence of Split Boulder Construction Co., Inc. – Canney)

Sasaki incorporates by reference its responses to Paragraphs 1 though 52.

53. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XVI
### (Breaches of Warranty by Split Boulder Construction, Inc. – Canney)

Sasaki incorporates by reference its responses to Paragraphs 1 though 53.

54. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XVII
### (Negligence of PEDA, Inc. – Canney)

Sasaki incorporates by reference its responses to Paragraphs 1 though 54.

55. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XVIII
### (Breaches of Warranty by PEDA, Inc. – Canney)

Sasaki incorporates by reference its responses to Paragraphs 1 though 55.

56. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XIX
### (Negligence of Sasaki Associates, Inc. – Canney)

Sasaki incorporates by reference its responses to Paragraphs 1 though 56.

57. Denies.

## COUNT XX
### (Breaches of Warranty by Sasaki Associates, Inc. – Canney)

Sasaki incorporates by reference its responses to Paragraphs 1 though 56.

58. Denies.

## COUNT XXI
### (Negligence Against the United States – Gregorio)

Sasaki incorporates by reference its responses to Paragraphs 1 though 58.

59. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXII
### (Negligence of Northeastern University – Gregorio)

Sasaki incorporates by reference its responses to Paragraphs 1 though 59.

60. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXIII
### (Negligence of Ledgewood Construction Company, Inc. – Gregorio)

Sasaki incorporates by reference its responses to Paragraphs 1 though 60.

61. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XIV**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. – Gregorio)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 61.

62. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXV**
**(Negligence of Split Boulder Construction, Inc. – Gregorio)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 62.

63. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXVI**
**(Breaches of Warranty by Split Boulder Construction, Inc. – Gregorio)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 63.

64. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXVII**
**(Negligence of PEDA, Inc. – Gregorio)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 64.

65. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXVIII
### (Breaches of Warranty by PEDA, Inc. – Gregorio)

Sasaki incorporates by reference its responses to Paragraphs 1 though 65.

66. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXIX
### (Negligence of Sasaki Associates, Inc. - Gregorio)

Sasaki incorporates by reference its responses to Paragraphs 1 though 66.

67. Denies.

## COUNT XXX
### (Breaches of Warranty by Sasaki Associates, Inc. – Gregorio)

Sasaki incorporates by reference its responses to Paragraphs 1 though 67.

68. Denies.

## COUNT XXXI
### (Negligence Against the United States – Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 68.

69. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXXII
### (Negligence of Northeastern University – Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 69.

70. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXXIII**
**(Negligence of Ledgewood Construction Company, Inc. – Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 70.

71. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXXIV**
**(Breaches of Warranty by Ledgewood Construction Company, Inc. – Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 71.

72. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXXV**
**(Negligence of Split Boulder Construction, Inc. – Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 72.

73. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XXXVI**
**(Breaches of Warranty by Split Boulder Construction, Inc. – Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 38.

74. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXXVII
### (Negligence of PEDA, Inc. – Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 74.

75. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXXVIII
### (Breaches of Warranty by PEDA, Inc. – Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 75.

76. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XXXIX
### (Negligence of Sasaki Associates, Inc.)

Sasaki incorporates by reference its responses to Paragraphs 1 though 76.

77. Denies.

## COUNT XL
### (Breaches of Warranty by Sasaki Associates, Inc. – Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 77.

78. Denies.

## COUNT XLI
### (Negligence Against the United States – Mrs. Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 78.

79. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XLII
### (Negligence of Northeastern University – Mrs. Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 79.

80. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XLIII
### (Negligence of Ledgewood Construction Company, Inc. – Mrs. Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 80.

81. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XLIV
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Mrs. Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 81.

82. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

## COUNT XLV
### (Negligence of Split Boulder Construction, Inc. – Mrs. Kelley)

Sasaki incorporates by reference its responses to Paragraphs 1 though 82.

83. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XLVI**
**(Breaches of Warranty by Split Boulder Construction, Inc. – Mrs. Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 83.

84. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XLVII**
**(Negligence of PEDA, Inc. – Mrs. Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 84.

85. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XLVIII**
**(Breaches of Warranty by PEDA, Inc. – Mrs. Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 85.

86. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.  To the extent that a response is required, Sasaki denies the allegations.

**COUNT XLIX**
**(Negligence of Sasaki Associates, Inc. – Mrs. Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 86.

87. Denies.

**COUNT L**
**(Breaches of Warranty by Sasaki Associates, Inc.  – Mrs. Kelley)**

Sasaki incorporates by reference its responses to Paragraphs 1 though 87.

88. Denies

**WHEREFORE,** Sasaki demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to this action and that it be awarded such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's' claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the statute of limitations and/or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

If the plaintiffs were damaged as alleged, which Sasaki denies, said damages are attributable to the acts and/or omissions of persons or entities for whose conduct Sasaki is neither legally liable nor responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs were damaged as alleged, which Sasaki denies, said damages resulted from the negligent acts and/or omissions of the plaintiffs.  Accordingly,

the plaintiffs are either barred from recovery or their recovery must be reduced proportionate to the extent of their contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the alleged losses were caused by the intervening and/or superseding acts of third persons for whom Sasaki was not responsible.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the alleged conduct of Sasaki was not the legal or proximate cause of the alleged losses.

## JURY DEMAND

**Sasaki requests a trial by jury to the fullest extent permitted by law.**

## CROSS-CLAIM OF THIRD-PARTY DEFENDANT, SASAKI ASSOCIATES, INC., AGAINST SPLIT BOULDER CONSTRUCTION, INC., LEDGEWOOD CONSTRUCTION COMPANY, INC., UNITED STATES OF AMERICA, AND NORTHEASTERN UNIVERSITY

The third-party defendant, Sasaki Associates, Inc. ("Sasaki"), hereby cross-claims against the defendant/third party plaintiff, Split Boulder Construction, Inc. ("SBC"), the defendant, Ledgewood Construction Company, Inc. ("Ledgewood"), the defendant, the United States of America ("USA"), and the defendant/third-party plaintiff, Northeastern University ("Northeastern"), collectively referred to herein as "co-defendants".

## PARTIES

1.      Sasaki is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 64 Pleasant Street, Watertown, Massachusetts 02474.

2.      Upon information and belief, SBC is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Rockland, Massachusetts.

3.      Upon information and belief, Ledgewood is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in North Quincy, Massachusetts.

4.      Upon information and belief, the USA oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landing for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

5.      Upon information and belief, the USA through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential Helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drill; and for control of such helicopters' operation.

6.      Upon information and belief, Northeastern is a Massachusetts school with a principal place of business in Boston, Massachusetts.

7.    Upon information and belief, the plaintiff, Frederick Babcock, is, and at all times relevant to the allegations set forth in the plaintiffs' Third Amended Complaint has been, a citizen of Massachusetts.

8.    Upon information and belief, the plaintiff, Thomas Gregorio is, and at all times relevant to the allegations set forth in the plaintiffs' Third Amended Complaint has been, a citizen of Massachusetts.

9.    Upon information and belief, the plaintiff, Joseph Canney is, and at all times relevant to the allegations set forth in the plaintiffs' Third Amended Complaint has been, a citizen of Massachusetts.

10.    Upon information and belief, the plaintiff John Kelley is, and at all times relevant to the allegations set forth in the plaintiffs' Third Amended Complaint has been, a citizen of Massachusetts and married to Yvonne Kelley.

11.    Upon information and belief, the plaintiff, Yvonne Kelley is, and at all times relevant to the allegations set forth in plaintiffs' Third Amended Complaint has been, a citizen of Massachusetts and married to John Kelley.

## FACTS

12.    In their Third Amended Complaint, the plaintiffs allege that they sustained damages exceeding seventy-five thousand dollars ($75,000.00) as a result of an incident involving a helicopter landing coordinated by members of HMX-1on January 5, 2002 at Northeastern University's Parsons Field in Brookline, Massachusetts ("Premises").

13.     In their Third Amended Complaint, the plaintiffs attribute their damages, in part, to Sasaki's services on a prior renovation project at the Premises (the "Project"). The plaintiffs also attribute their damages to the negligence and breach of warranties of SBC, Ledgewood, the USA, and Northeastern.

14.     Sasaki denies any liability to the plaintiffs. Furthermore, Sasaki denies that it is in any way responsible for the plaintiffs' alleged damages.

15.     If liability is established as to Sasaki, which Sasaki denies, then such liability will be based in whole or in part on conduct of SBC, Ledgewood, the USA, and/or Northeastern.

## COUNT I - INDEMNIFICATION

17.     Sasaki incorporates by reference herein the allegations set forth in Paragraphs 1-16 of Sasaki's Cross-Claim as if fully set forth herein.

18.     If the plaintiffs suffered damages as alleged in their Third Amended Complaint, which Sasaki denies, then the plaintiffs' damages were caused by the negligent acts and/or omissions of the co-defendants.

19.     If Sasaki is found liable to the plaintiffs, said liability would be derivative of the wrongful acts and/or omissions of the co-defendants, their agents, servants or employees.

20.     If Sasaki is found liable to the plaintiffs, the co-defendants must indemnify Sasaki for all damages and costs incurred by Sasaki together with interest, costs and attorneys' fees.

**WHEREFORE,** Sasaki demands judgment against the co-defendants in the full amount of any sums it pays or is ordered to pay to the plaintiffs together with interest, costs, and attorney's fees, and such other relief as this Court deems just.

## COUNT II - CONTRIBUTION

21.    Sasaki repeats and re-alleges the allegations contained in Paragraphs 1 through 20 of Sasaki's Cross-Claim as if fully set forth herein.

22.    If the plaintiffs suffered damages as alleged in their Third Amended Complaint, which Sasaki denies, then the plaintiffs' damages were caused in whole or in part by the negligent acts and/or omissions of the co-defendants for which Sasaki is not responsible.

23.    If Sasaki should be found liable to the plaintiffs, which liability Sasaki expressly denies, the co-defendants are liable to Sasaki for contribution as joint tortfeasors.

**WHEREFORE,** Sasaki demands judgment against the co-defendants in the full amount of any sums it pays or is ordered to pay to the plaintiffs together with interest, costs, and attorney's fees, and such other relief as this Court deems just.

## JURY DEMAND

**Sasaki requests a trial by jury to the fullest extent permitted by law.**

Respectfully submitted,
**SASAKI ASSOCIATES, INC**.,
By its attorneys,


/s/ Alberto G. Rossi

David J. Hatem, PC, BBO #225700
Deborah S. Russo, BBO # 434610
Alberto G. Rossi, BBO # 657246
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 405-4500 – tel.
Dated:  October 16, 2006        (617) 406-4501 – fax

## CERTIFICATE OF SERVICE

I, Alberto G. Rossi certify that on this 16th day of October, 2006, I served a copy of the foregoing electronically upon each of the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 5th Floor
Boston, MA 02109

Jon S. Hartmere, Esq.
Law Office of Jacqueline Allen
Suite 601
262 Washington Street
Boston, MA 02108

Terrance J. Hamilton, Esq.
Christopher P. Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

Matthew A. Connelly, Esq.
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044

John Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Joslin Ham Murphy, Esq.
Town of Brookline
333 Washington Street
Brookline, MA 02445

Warren D. Hutchison, Esq.
Brian C. Newberry, Esq.
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

/s/ Alberto G. Rossi
Alberto G. Rossi

01040873/14352.270

23