# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY,<br><br>   Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, and LEDGEWOOD CONSTRUCTION COMPANY, INC.<br>   Defendants,<br><br>NORTHEASTERN UNIVERSITY, and SPLIT BOULDER CONSTRUCTION, INC.,<br>   Defendants/Third Party Plaintiffs,<br>v.<br><br>PEDA, INC., and SASAKI ASSOCIATES, INC.,<br><br>   Third-Party Defendants. | Consolidated C.A. No.:<br>04-CV-11413-EFH |

### THIRD-PARTY DEFENDANT SASAKI ASSOCIATES, INC.'S ANSWER TO LEDGEWOOD CONSTRUCTION COMPANY, INC.'S CROSS-CLAIM

Third-Party Defendant Sasaki Associates, Inc. (Sasaki") answers the Ledgewood

Construction Company, Inc.'s ("Ledgewood") cross-claim as follows:

### COUNT I
### (Ledgewood v. the United States)

106. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

107. The cross-claim speaks for itself.

108. Admits that the plaintiffs have served a Third Amended Complaint and that the Third Amended Complaint speaks for itself.  Sasaki denies any allegations in this paragraph inconsistent with the terms of the Third Amended Complaint.

109. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.

110. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.

## COUNT II
### (Ledgewood v. the United States)

111. Sasaki incorporates by reference its responses to Paragraphs 106 through 110.

112. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond.

## COUNT III
### (Ledgewood v. Sasaki Associates, Inc.)

113. Sasaki incorporates by reference its responses to Paragraphs 106 through 112.

114. The cross-claim speaks for itself.

115. Admits that the plaintiffs have served a Third Amended Complaint and that the Third Amended Complaint speaks for itself.  Sasaki denies any allegations in this paragraph inconsistent with the terms of the Third Amended Complaint.

116. Denies.

117. Denies.

## COUNT IV
### (Ledgewood v. Sasaki Associates, Inc.)

118. Sasaki incorporates by reference its responses to Paragraphs 106 through 117.

119. Denies.

    **WHEREFORE,** Sasaki demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to Ledgewood's cross-claim and that it be awarded such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the statute of limitations and/or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The cross-claimant, Ledgewood, is not entitled to contribution or indemnification because the plaintiffs' damages, which Sasaki denies, are attributable to the acts and/or omissions of persons or entities for whose conduct Sasaki is neither legally liable nor responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs were damaged as alleged, which Sasaki denies, said damages resulted from the negligent acts and/or omissions of the plaintiffs. Accordingly,

the cross-claimant, Ledgewood, is barred from recovery or its recovery must be reduced proportionate to the extent of the plaintiffs' negligence.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the alleged losses were caused by the intervening and/or superseding acts of third persons for whom Sasaki was not responsible.

## NINTH AFFIRMATIVE DEFENSE

Sasaki has performed and fulfilled any and all promises or obligations under any and all applicable contracts.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by Ledgewood's own conduct.

## JURY DEMAND

**Sasaki requests a trial by jury to the fullest extent permitted by law.**

**WHEREFORE,** Sasaki demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to Ledgewood's cross-claim and that it be awarded such other relief as the Court deems proper.

                                              Respectfully submitted,
                                              **SASAKI ASSOCIATES, INC**.,
                                              By its attorneys,

/s/ Alberto G. Rossi
David J. Hatem, PC, BBO #225700
Deborah S. Russo, BBO # 434610
Alberto G. Rossi, BBO # 657246
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 405-4500 – tel.
Dated: October 16, 2006                (617) 406-4501 – fax

01040875

5

## CERTIFICATE OF SERVICE

I, Alberto G. Rossi certify that on this 16th day of October, 2006, I served a copy of the foregoing electronically upon each of the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 5th Floor
Boston, MA 02109

Jon S. Hartmere, Esq.
Law Office of Jacqueline Allen
Suite 601
262 Washington Street
Boston, MA 02108

Terrance J. Hamilton, Esq.
Christopher P. Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

Matthew A. Connelly, Esq.
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044

John Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Joslin Ham Murphy, Esq.
Town of Brookline
333 Washington Street
Brookline, MA 02445

Warren D. Hutchison, Esq.
Brian C. Newberry, Esq.
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

/s/ Alberto G. Rossi
Alberto G. Rossi

01040875/14352.270