UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, and LEDGEWOOD CONSTRUCTION COMPANY, INC.<br>Defendants,<br><br>NORTHEASTERN UNIVERSITY, and SPLIT BOULDER CONSTRUCTION, INC.,<br>Defendants/Third Party Plaintiffs,<br><br>v.<br><br>PEDA, INC., and SASAKI ASSOCIATES, INC.,<br><br>Third-Party Defendants. | Consolidated C.A. No.:<br>04-CV-11413-EFH |

**THIRD-PARTY DEFENDANT SASAKI ASSOCIATES, INC.'S
ANSWER TO NORTHEASTERN UNIVERSITY'S CROSS-CLAIM**

Third-Party Defendant Sasaki Associates, Inc. (Sasaki") answers Northeastern

University's (Northeastern) cross-claim as follows:

1. Sasaki is without knowledge or information sufficient to form a belief as to the

   allegations in this paragraph.

2. Sasaki is without knowledge or information sufficient to form a belief as to the

   allegations in this paragraph.

3. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

4. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7. Admits.

8. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

12. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

## **JURISDICTION**

13. This paragraph calls for a legal conclusion and thus no response is required.

14. This paragraph calls for a legal conclusion and thus no response is required.

15. This paragraph calls for a legal conclusion and thus no response is required.

16. This paragraph calls for a legal conclusion and thus no response is required.

17. This paragraph calls for a legal conclusion and thus no response is required.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Admits that the plaintiffs have filed and served a Third Amended Complaint and that the Third Amended Complaint speaks for itself. Sasaki denies any allegations in this paragraph inconsistent with the terms of the Third Amended Complaint.

19. Admits that the plaintiffs have filed and served a Third Amended Complaint and that the Third Amended Complaint speaks for itself. Sasaki denies any allegations in this paragraph inconsistent with the terms of the Third Amended Complaint.

20. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

21. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

22. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23. Sasaki is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. Sasaki admits that renovation work was performed at Parsons Field in and around 2001 and that Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc. participated in those renovations. Sasaki denies that it had performed any work in connection with the relocation of the dugouts at Parsons

Field. Sasaki is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

## COUNT I
### (Indemnification Against The United States)

25. Sasaki incorporates by reference its responses to Paragraphs 1 through 24.

26. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

27. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT II
### (Contribution Against the United States)

28. Sasaki incorporates by reference its responses to Paragraphs 1 through 27.

29. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT III
### (Indemnification Against Ledgewood Construction)

30. Sasaki incorporates by reference its responses to Paragraphs 1 through 29.

31. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

32. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT IV
**(Breaches of Warranty Against Ledgewood Construction)**

33. Sasaki incorporates by reference its responses to Paragraphs 1 through 32.

34. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT V
**(Contribution Against Ledgewood Construction)**

35. Sasaki incorporates by reference its responses to Paragraphs 1 through 34.

36. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT VI
**(Indemnification Against Split Boulder)**

37. Sasaki incorporates by reference its responses to Paragraphs 1 through 36.

38. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

39. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT VII
### (Breaches of Warranty Against Split Boulder)

40. Sasaki incorporates by reference its responses to Paragraphs 1 through 39.

41. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT VIII
### (Contribution Against Split Boulder)

42. Sasaki incorporates by reference its responses to Paragraphs 1 through 41.

43. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT IX
### (Indemnification Against PEDA)

44. Sasaki incorporates by reference its responses to Paragraphs 1 through 43.

45. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

46. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT X
### (Breaches of Warranty Against PEDA)

47. Sasaki incorporates by reference its responses to Paragraphs 1 through 46.

48. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT XI
### (Contribution Against PEDA)

49. Sasaki incorporates by reference its responses to Paragraphs 1 through 48.

50. The allegations in this paragraph are directed against another defendant and thus Sasaki need not respond. To the extent that a response is required, Sasaki denies the allegations.

## COUNT XII
### (Indemnification Against Sasaki)

51. Sasaki incorporates by reference its responses to Paragraphs 1 through 50.

52. Denies.

53. Denies.

## COUNT XIII
### (Breaches of Warranty Against Sasaki)

54. Sasaki incorporates by reference its responses to Paragraphs 1 through 53.

55. Denies.

## COUNT XIV
### (Contribution Against Sasaki)

56. Sasaki incorporates by reference its responses to Paragraphs 1 through 53

57. Denies.

**WHEREFORE,** Sasaki demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to

Northeastern's cross-claim and that it be awarded such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the statute of limitations and/or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The cross-claimant, Northeastern, is not entitled to contribution or indemnification because the plaintiffs' damages, which Sasaki denies, are attributable to the acts and/or omissions of persons or entities for whose conduct Sasaki is neither legally liable nor responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs were damaged as alleged, which Sasaki denies, said damages resulted from the negligent acts and/or omissions of the plaintiffs. Accordingly, the cross-claimant, Northeastern, is barred from recovery or its recovery must be reduced proportionate to the extent of the plaintiffs' negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the alleged losses were caused by the intervening and/or superseding acts of third persons for whom Sasaki was not responsible.

### NINTH AFFIRMATIVE DEFENSE

Sasaki has performed and fulfilled any and all promises or obligations under any and all applicable contracts.

### TENTH AFFIRMATIVE DEFENSE

The claims are limited and/or barred by the terms of Northeastern's agreement with Sasaki.

### ELEVENTH AFFIRMATIVE DEFENSE

The cross-claims are barred because the alleged losses were caused by Northeastern's own conduct.

### JURY DEMAND

**Sasaki requests a trial by jury to the fullest extent permitted by law.**

**WHEREFORE,** Sasaki demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to Northeastern's cross-claim and that it be awarded such other relief as the Court deems proper.

                                                          Respectfully submitted,
                                                          **SASAKI ASSOCIATES, INC**.,
                                                          By its attorneys,

                                                          /s/ Alberto G. Rossi
                                                          David J. Hatem, PC, BBO #225700
                                                          Deborah S. Russo, BBO # 434610
                                                          Alberto G. Rossi, BBO # 657246
                                                         DONOVAN HATEM LLP
                                                         Two Seaport Lane
                                                         Boston, MA 02210
                                                         (617) 405-4500 – tel.
Dated:  October 16, 2006                   (617) 406-4501 – fax

01040874

## **CERTIFICATE OF SERVICE**

I, Alberto G. Rossi certify that on this 16th day of October, 2006, I served a copy of the foregoing electronically upon each of the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110-1904

Jon S. Hartmere, Esq.
Law Office of Jacqueline Allen
Suite 601
262 Washington Street
Boston, MA 02108

Matthew A. Connelly, Esq.
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044

Joslin Ham Murphy, Esq.
Town of Brookline
333 Washington Street
Brookline, MA 02445

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 5th Floor
Boston, MA 02109

Terrance J. Hamilton, Esq.
Christopher P. Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

John Bruno, Esq.
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

Warren D. Hutchison, Esq.
Brian C. Newberry, Esq.
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

/s/ Alberto G. Rossi
Alberto G. Rossi

01040874/14352.270