**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **FREDERICK BABCOCK, et al** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 1:04-CV-11413-EFH |
| | ) | |
| v. | ) | consolidated with |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | 1:04-CV-12003-EFH |
| **et al,** | ) | 1:04-CV-12647-EFH |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**UNITED STATES OF AMERICA'S ANSWER TO**
**TO THE CROSS-CLAIM OF DEFENDANT**
**SASAKI ASSOCIATES, INC.**

For its Answer, the United States of America responds to the allegations contained in the Cross-Claim of Defendant Sasaki Associates, Inc. (Sasaki) in similarly numbered paragraphs as follows:

1-3.   The allegations contained in paragraphs 1 through 3 are denied for lack of knowledge and information.

4      To the extent that paragraph 4 alleges that the United States was responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 4 are denied. The remaining allegations in paragraph 4 are admitted.

5. To the extent that paragraph 5 alleges that Marine Helicopter Squadron One (HMX-1) was responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 5 are denied. The remaining allegations in paragraph 5 are admitted.

6-11. The allegations contained in paragraphs 6 through 11 are denied for lack of knowledge and information.

12-13. Paragraphs 12 and 13 contain references to the Plaintiffs' Third Amended Complaint. The Third Amended Complaint itself is the best evidence of its own contents. To the extent that paragraphs 12 and 13 contain allegations requiring a response from the United States, those allegations are denied.

14. Denied.

15. Denied.

16. Paragraph 16, although later referenced by Defendant Sasaki, was omitted from Sasaki's Cross-Claim and contains no allegations or averments. Therefore, no response is required from the United States.

**COUNT I**

17. The United States repeats and incorporates its responses to paragraphs 1 through 16 of this Cross-Claim as if each response were set forth in whole.

18. Denied.

19. Denied.

20. Denied.

WHEREFORE, Defendant/Cross-Claimant Sasaki is not entitled to a judgment against the United States.

## COUNT II

21. The United States repeats and incorporates its responses to paragraphs 1 through 20 of this Cross-Claim as if each response were set forth in whole.

22. Denied.

23. Denied

WHEREFORE, Defendant/Cross-Claimant Sasaki is not entitled to a judgment against the United States.

24. Any allegations not specifically addressed are denied.

Neither Sasaki, nor any other party is entitled to a trial by jury on claims against the United States.

## **AFFIRMATIVE DEFENSES**

1. The Cross-Claim fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over the Cross-Claim.

3. The Defendant/Cross-Claimant is not entitled to contribution or indemnification because the Plaintiffs' injuries were caused by the negligent conduct of persons or entities other than the United States who failed to secure the first base dugout properly to its foundation.

4. The intentional, willful, wanton, reckless, careless, grossly negligent, and/or negligent conduct of others over whom the United States had no control was an intervening and superseding cause of the Plaintiffs' injuries.

5. The Plaintiffs' injuries are the result, in whole or in part, of their own contributory negligence and such negligence bars and/or diminishes Cross-Claimant's recovery against the United States.

6. Any recovery by Defendant/Cross-Claimant for injuries suffered by a particular Plaintiff may not exceed the amount of compensation claimed on that Plaintiff's administrative claim form.

7. The United States asserts any and all other affirmative defenses to which it may be entitled and/or which discovery may reveal.

WHEREFORE, the United States demands that the Cross-Claims of Defendant Sasaki be dismissed with costs, and seeks such other relief as this Court may deem proper.

Dated: October 30, 2006

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        MICHAEL J. SULLIVAN
        United States Attorney

        BARBARA HEALY SMITH
        Assistant United States Attorney

        /s/ Matthew A. Connelly
MATTHEW A. CONNELLY, Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. mail, this 30th day of October, 2006, addressed to the following counsel of record:

| | |
|---|---|
| Michael E. Mone, Esq.<br>Esdaile, Barrett & Esdaile<br>75 Federal Street<br>Boston, MA  02110 | John H. Bruno, Esq.<br>Masi & Bruno<br>124 Long Pond Road, Unit 11<br>Plymouth, MA  02360 |
| Joslin Murphy, Esq.<br>Associate Town Counsel<br>333 Washington Street<br>Brookline, MA  02445-6863 | Gerald F. Lucey, Esq.<br>Nelson, Kinder, Mosseau & Saturley, PC<br>45 Milk Street, 5th Floor<br>Boston, MA  02109 |
| David J. Hatem, Esq.<br>Deborah S. Russo, Esq.<br>Donovan Hatem LLP<br>Two Seaport Lane<br>Boston, MA  02210 | Terrence J. Hamilton, Esq.<br>Christopher Maffucci, Esq.<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA  02210 |
| Jeffrey A. Gorlick, Esq.<br>Law Offices of Jeffrey A. Gorlick<br>One Longfellow Place, Suite 3409<br>Boston, MA  02114 | Brian C. Newberry, Esq.<br>Donovan Hatem LLP<br>Two Seaport Lane<br>Boston, MA  02210 |

        /s/ Matthew A. Connelly