UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY,<br>    Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC.,<br>    Defendants<br><br>NORTHEASTERN UNIVERSITY,<br>    Defendant, Third-Party Plaintiff<br><br>v.<br><br>PEDA, INC.<br>    Third-Party Defendant/Defendant<br>    In Crossclaim<br><br>SPLIT BOULDER CONSTRUCTION, INC.,<br>    Defendant, Third Party Plaintiff,<br><br>v.<br><br>SASAKI ASSOCIATES, INC.,<br>    Third-Party Defendant/Defendant<br>    In Crossclaim | C.A. NO. 04CV11413-EFH<br><br>*(and consolidated cases)* |

**PLAINTIFFS' MOTION FOR COURT ORDER
FOR THE UNITED STATES TO DISCLOSE THE LAST
KNOWN ADDRESS OF CWO5 GEORGE H. SEAGLE (RETIRED)**

1

NOW COME the plaintiffs in the above-entitled action and hereby move this Honorable Court to order the defendant, United States, to disclose the last known address of a witness in this case, CWO5 George H. Seagle, now retired from the United States Marine Corps. As grounds therefor, the plaintiffs state that CWO Seagle is a key witness in this case, and the plaintiffs are seeking to take his deposition pursuant to the Federal Rules of Civil Procedure. However, the defendant United States will not disclose his last known address, due to the restrictions of the Privacy Act. The plaintiffs hereby request this Court to order the United States to disclose this information so that a deposition subpoena may issue.

In accordance with Local Rule 7.1(a)(2), plaintiffs' counsel has conferred with counsel for the other parties to this litigation in an attempt to resolve or narrow the issues raised by this Motion. No such resolution has been reached.

This is an action of tort wherein four plaintiffs, Frederick Babcock, Joseph Kelley, Thomas Gregorio and Joseph Canney, were injured in the line of duty as Brookline firefighters on January 5, 2002. On the date of the accident, they had been assigned to Northeastern University's Parsons Field to assist in a Marine helicopter landing which was being staged as a precursor to President Bush's arrival in the Boston area on January 8, 2002. At the time of the accident, as the first helicopter was landing, rotorwash from the helicopter blew over a dugout on the field, pinning and injuring the four firefighters. The fifth plaintiff, Yvonne Kelley, has a loss of consortium claim as a result of the injuries to her husband.

At the time of the accident, CWO5 Seagle was the White House Liaison Officer at the landing zone where the accident occurred. He was one of the military personnel to

inspect the site prior to the accident, and was the only one actually on the field as the helicopters approached. He also directed others at the scene where to remain while the helicopters landed, and was the only one at the scene capable of communicating with the helicopter pilots as they approached the field and attempted to land. His observations and actions on the days prior to the accident and on the day of the accident itself are highly relevant and crucial to proper preparation of this case.

The Privacy Act, 5 U.S.C. §552a, does indeed protect from disclosure any identifying information about an individual that is maintained by any agency, defined as any executive department or other establishment in the executive branch of the government, or any independent regulatory agency. This information includes an individual's home address. U.S. Dept. of Defense, et. al., v. Federal Labor Relations Authority, et. al., 510 U.S. 487, 490 (1994), Wallman v. Tower Air, Inc., 189 F.R.D. 566, 569 (1999), Clymer v. Grzegorek, 515 F. Supp. 938, 942 (1981), Berry v. Henderson, 2000 U.S. Dist. LEXIS 8053.

However, there are twelve exceptions expressly set forth in the statute, which allow disclosure of such protected information. The relevant exception provides as follows:

> (b) Conditions of disclosure. No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—
> (11) pursuant to the order of a court of competent jurisdiction. See

552a(b).

The Court should grant the Order requested because disclosure of information pursuant to the Privacy Act follows the same principles as disclosure under the Federal

3

Rules of Civil Procedure. Under the F.R.C.P., parties may obtain discovery regarding any matter, not privileged, relevant to the claim or defense of any party, including the identity and location of persons having knowledge of discoverable information. Fed. R. Civ. P. 26(b)(1). If the individual whose address is sought has relevant, discoverable information, the Court will order its disclosure, even if the reason for which the protected information was collected is not the reason for which disclosure is sought, and it's disclosure invades the individual's privacy. Martin v. U.S., 1 Cl. Ct. 775, 777, (1983); Wallman, 189 F.R.D. at 569. There is no basis that the Privacy Act requires an additional or higher standard than that of the Federal Rules of Civil Procedure, and any party may invoke discovery of materials protected by the Privacy Act through normal discovery process in accordance with usual discovery standards. Laxalt v. McClatchy, 258 U.S. App. D.C. 44 (1987).

If the Court is reluctant to provide an Order for unrestricted disclosure, other options are available. The Court may issue a protective order upon a showing of good cause, stating that the information may only be used for purposes of this litigation, to further protect the individual's privacy. Martin, 1 Cl. Ct. at 780; Wallman, 189 F.R.D. at 569. Alternatively, the Court may order an address other than the individual's home address where the individual can be effectively served. Clymer, 515 F. Supp at 942.

In the instant case, the plaintiffs have agreed that, should the Court order disclosure of CWO5 Seagle's identifying information, its use will be for the purposes of this litigation only, and that the information will be destroyed at the conclusion of the case.

In accordance with the foregoing, the plaintiffs respectfully request that a Court Order issue to the defendant United States, ordering disclosure of CWO5 George H. Seagle's last known address so that he may be served with a deposition subpoena.

>Respectfully submitted,
>
>FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY
>
>By their attorney,
>
>/s/ Rhonda T. Maloney
>Rhonda T. Maloney
>BBO NO. 549519
>ESDAILE, BARRETT & ESDAILE
>75 Federal Street
>Boston, MA  02110
>(617) 482-0333

Dated:  February 5, 2007

## CERTIFICATE OF SERVICE

     I, Rhonda T. Maloney, attorney for the Plaintiffs, hereby certify that on this day I served a copy of the attached Plaintiffs' Motion for Court Order for the United States to Disclose the Last Known Address of CWO5 George H. Seagle (Retired) by mailing a copy thereof, first class, postage prepaid, to:

Brian C. Newberry, Esq.  
Donovan Hatem, LLP  
Two Seaport Lane  
Boston, MA 02210  

Joslin Ham Murphy, Esq.  
Town of Brookline  
Town Hall  
333 Washington Street  
Brookline, MA 02445  

John H. Bruno, Esq.  
Masi & Bruno  
124 Long Pond Road  
Plymouth, MA 02360  

Jeffrey A. Gorlick, Esq.  
Law Office of Jeffrey A. Gorlick  
One Longfellow Place  
Suite 3409  
Boston, MA 02114  

Gerald F. Lucey, Esq.  
Nelson, Kinder, Mosseau & Saturley, P.C.  
5th Floor, 45 Milk Street  
Boston, MA 02109  

Matthew A. Connelly, Esq.  
US Department of Justice  
Torts Branch, Civil Division  
P.O. Box 14271  
Washington, DC 20044  

Christopher P. Maffucci, Esq.  
Casner & Edwards, LLP  
303 Congress Street  
Boston, MA 02210  

Alberto G. Rossi, Esq.  
Donovan Hatem, LLP  
Two Seaport Lane  
Boston, MA  02210  

                              /s/ Rhonda T. Maloney  
                              Rhonda T. Maloney

DATED:     February 5, 2007