## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY ) ) ) ) | |
| Plaintiffs, ) v. ) ) | |
| UNITED STATES OF AMERICA, ) and LEDGEWOOD CONSTRUCTION ) COMPANY, INC. ) Defendants, ) ) ) | Consolidated C.A. No.: 04-CV-11413-EFH |
| ) | consolidated with |
| NORTHEASTERN UNIVERSITY, and ) SPLIT BOULDER CONSTRUCTION, ) INC., ) Defendants/Third Party Plaintiffs, ) ) | 04-CV-12647-EFH and |
| v. ) ) | 04-CV-12003-EFH |
| PEDA, INC., and SASAKI ASSOCIATES, INC., ) ) Third Party Defendants. ) ) | |

**DEFENDANT LEDGEWOOD CONSTRUCTION COMPANY, INC.'S
RULE 56(f) MOTION TO EXTEND DEADLINE FOR FILING OPPOSITION TO
DEFENDANT UNITED STATES OF AMERICA'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant/plaintiff-in-crossclaim Ledgewood Construction Company, Inc., ("Ledgewood") hereby moves to extend the deadline for filing an opposition to defendant United States of America's motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure as the case is not ripe for summary judgment because significant fact discovery has not been completed.

Background

As grounds therefore, Ledgewood states that this case arises out of an accident on January 5, 2002 when four firefighters of the Brookline fire department were injured in the line of duty. At the time of the accident the four firefighters were assigned at Northeastern University's Parsons Field in Brookline, Massachusetts where a rehearsal helicopter landing was to take place. The rehearsal was for the anticipated arrival of President George W. Bush on Monday, January 8, 2002. Just prior to the accident, the firefighters stood behind the field's baseball dugout to shield themselves from the rotorwash (wind) created by the helicopters. Ledgewood incorporates by reference into its motion, the statements set forth in the affidavit of plaintiffs' counsel, Rhonda Maloney.

Procedural Background

The firefighters (and others) commenced suit against the United States of America (and others) on June 22, 2004 with significant discovery taking place. The current discovery deadline is March 15, 2007. On January 30, 2007, defendant United States of America filed a Motion for Summary Judgment claiming that "the injuries sustained by [the firefighters] were not a foreseeable consequence of, and not proximately caused by…" the United States of America.

Argument

Rule 56(f) of the Federal Rules of Civil Procedure provide that should "it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be

obtained or depositions to be taken or discovery to be had or may make such other order as may be just." F.R.C.P. 56(f). The rule "describes a method of buying time for a party who, when confronted by a summary judgment motion" can show a need for additional time to develop facts for its opposition. *Resolution Trust Corporation v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994). In sum, the rule is "intended to safeguard against judges swinging the summary judgment axes too hastily." *Id*. Under Rule 56(f) a party seeking relief must (a) make a timely motion; (b) show good cause for its failure to discover essential facts sooner; (c) present a plausible basis for its belief that facts exist that would likely raise a genuine and material issue; and (d) show that the facts are discoverable within a reasonable amount of time. *Town of Sturbridge v. Mobil Corporation, et al*., 195 F.Supp.2d 330, 337 (D.Mass. 2002).

In the case before the court discovery is still open. At least five noticed, fact depositions of key witnesses have yet to be taken (Kim Kimball, Ernest Silva, George Segal, Kerry O'Grady, and Thomas Keady). These witnesses are important fact witnesses and are expected to provide significant information to all parties as well as to Ledgewood's opposition to the United States' motion for summary judgment. Thus, the proffer by Ledgewood is timely.

More importantly, the reason said depositions have not been taken rests almost entirely with the United States as it has failed to make witnesses available in a timely or reasonable manner and has not produced witnesses competent to testify on important areas in the case. It would be premature for the Court to decide the United States' motion when discovery is still open and most, if not all, of the delay in completing said depositions lies with the movant.

Next, in order to show that plaintiffs' injuries were a foreseeable consequence of a party's acts or omissions, a party need not show that particular harm that resulted was foreseeable to the defendant, but that the harm that resulted was a foreseeable result of a defendant's conduct. *Jorgensen v. Massachusetts Port Authority*, 905 F.2d 515 (1st Cir. 1990). Under this analysis, whether the risk of a dugout blowing over as a result of rotorwash is foreseeable and can be shown in a number of ways.

In the case at bar, there are several depositions scheduled where witnesses are expected to testify about the suitability of Parsons Field as a landing site for the Presidents helicopter entourage. These witnesses include Kim Kimball who was identified by Special Agent Jenkins of the United States Secret Service as the White House liaison with knowledge as to the Untied States' decision to use Parsons Field for the landing. Ernest Silva was identified as a member of the White House Advance Team and participated in the pre-rehearsal inspection of Parsons Field. Kerry O'Grady of the United States Secret Service met with representatives of Northeastern University and the Town of Brookline prior to the rehearsal landing and discussed the effects of the helicopters' rotorwash. Major Clay Stackhouse was identified by the United States as having knowledge of decision making regarding the choice of Parsons Field for the President's landing as well as participating in the pre-landing inspection of the field. Chief Warrant Officer George Seagle was the White House Liaison Officer at Parsons Field when the accident occurred. Finally, Thomas Keady of Northeastern University was identified as the contact person regarding the proposed Presidential landing at Parsons Field. All of the these depositions have been noticed and scheduled within the

Court's scheduling order, but due to one party's counsel or another's have had to be re-scheduled.

The testimony of these witnesses are highly relevant and crucial to Ledgewood's preparation of its case. More to the point, the testimony of these witnesses will undoubtedly bear directly on the issue of foreseeability, which is the gravamen of the United States' Motion for Summary Judgment. In order to allow Ledgewood an opportunity to complete discovery on these crucial matters—especially since discovery has not closed—Ledgewood requests that the Court refuse to consider the United States' application for judgment.

WHEREFORE, defendant, plaintiff-in-crossclaim, Ledgewood Construction Company, Inc. respectfully requests that its Rule 56(f) motion be allowed.

LEDGEWOOD CONSTRUCTION
COMPANY, INC.

/s/ Christopher Maffucci
Terrance J. Hamilton, Esq.
BBO# 218980
Christopher Maffucci, Esq.
BBO#645972
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Dated:  February 8, 2007    (617) 426-5900

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party via electronic filing and first-class mail on February 8, 2007.

/s/ Christopher Maffucci
Christopher Maffucci

5