UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC. <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-CV-11413-EFH <br><br> *consolidated with* <br><br> C.A. NO. 04CV12647-EFH <br><br> *and* <br><br> C.A. NO. 04CV12003-EFH |
| NORTHEASTERN UNIVERSITY, <br>     Defendant, Third-Party Plaintiff, <br><br> v. <br><br> PEDA, Inc. <br>     Third-Party Defendant/Defendant <br>     In Crossclaim. | ) ) ) ) ) ) ) ) ) | |
| SPLIT BOULDER CONSTRUCTION, INC., <br>     Defendant, Third-Party Plaintiff, <br><br> v. <br><br> SASAKI ASSOCIATES, INC., <br>     Third-Party Defendant/Defendant <br>     In Crossclaim. | ) ) ) ) ) ) ) ) ) | |

**NORTHEASTERN UNIVERSITY'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f) FOR CONTINUANCE ON DEADLINE FOR FILING OPPOSITION TO DEFENDANT, UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

ASSENTED TO by PLAINTIFFS BABCOCK, CANNEY, GREGORIO, JOHN KELLEY and YVONNE KELLEY and by the following parties: PEDA, INC., SPLIT

BOULDER CONSTRUCTION INC; SANDRA BABCOCK, LEDGEWOOD CONSTRUCTION COMPANY, INC. and the TOWN OF BROOKLINE. <u>SASAKI ASSOCIATES, INC. HAS STATED IT WILL NOT OPPOSE THE MOTION</u>

      NOW COMES Northeastern University in the above-entitled action and hereby moves this Honorable Court for a continuance on the deadline for filing its Opposition to Defendant, United States of America's Motion for Summary Judgment, which was filed on or about January 30, 2007. The Court has specific authority to grant such continuance pursuant to Federal Rule of Civil Procedure 56(f) where, as here, the party opposing a Motion for Summary Judgment is unable to present all facts essential to its opposition, as discovery is still ongoing and several depositions or key witnesses are currently scheduled but have not yet taken place.

      The current deadline within which the parties must complete depositions is March 15, 2007. Northeastern University prays that it be given sufficient time after completion of discovery to file its Opposition to Defendant, United States of America's Motion for Summary Judgment.

      In support of its Motion Northeastern University incorporates herein the arguments set forth in the Memorandum In support Of Plaintiffs' Motion Pursuant To Federal Rule of Civil Procedure 56(f) For Continuance On Deadline For Filing Opposition To Defendant United States Of America's Motion For Summary Judgment (Document 100) and the Affidavit Gerald F. Lucey attached hereto, made a part hereof and marked "A".

      In accordance with Local Rule 7.1(a)(2), undersigned counsel has conferred with counsel for the other parties to this litigation in an attempt to resolve or narrow the issues raised by this Motion. The only party who has not assented to the Motion is the Unite States of America.

      WHEREFORE, the Northeastern University respectfully requests that this motion be allowed and that the time for filing its Opposition to Defendant, United States of America's Motion for Summary Judgment be continued until a reasonable time after completion of discovery, which is currently scheduled for March 15, 2007.

WHEREFORE, Northeastern University requests that this Motion be allowed and the undersigned parties assent to the allowance of this Motion.

Respectfully Submitted,

| | |
|---|---|
| Defend/Third-Party Plaintiff<br>NORTHEASTERN UNIVERSITY,<br>By its attorney,<br><br>/s/ Gerald F. Lucy<br>Gerald F. Lucey, BBO#306860<br>NELSON KINDER MOSSEAU &<br>SATURLEY, P.C.<br>45 Milk Street, 7th Floor<br>Boston, MA 02109<br>(617) 778-7500 | The Consolidated Plaintiff,<br>SANDRA BABCOCK,<br>By her attorney,<br><br>/s/ Jeffrey A. Gorlick<br>Jeffrey A. Gorlick, BBO#203890<br>LAW OFFICES OF JEFFREY A. GORLICK<br>One Longfellow Place, Suite 3409<br>Boston, MA 02114<br>(617) 227-8383 |
| Plaintiffs,<br>FREDERICK, BABCOCK, JOSEPH<br>CANNEY, THOMAS GREGORIO<br>JOHN KELLEY and YVONNE KELLEY,<br>By their attorney,<br><br>/s/ Rhonda T. Maloney<br>Rhonda T. Maloney, BBO #549519<br>ESDAILE, BARRETT & ESDAILE<br>75 Federal Street<br>Boston, MA 02110-*1904<br>(617) 482-0333 | Third-Party Defendant, Defendant in<br>Crossclaim<br>PEDA, Inc.<br>By its attorney,<br><br>/s/ Brian C. Newberry<br>Brian C. Newberry, BBO #635498<br>DONOVAN HATEM, LLP<br>Two Seaport Lane<br>Boston, MA 2210<br>(617) 406-4500 |
| The Consolidated Plaintiff,<br>TOWN OF BROOKLINE<br>By its attorney,<br><br>/s/ Joslin H. Murphy<br>TOWN OF BROOKLINE<br>Town Hall<br>333 Washington Street<br>Brookline, MA 02445<br>(617) 730-2190 | Defendant, LEDGEWOOD CONSTRUCTION<br>COMPANY, Inc.,<br>By its attorney,<br><br>/s/ Brian C. Newberry<br>Christopher P. Maffucci, Esq.<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA 02210<br>(617) 426-5900 |

Dated: February 9, 2007

3

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, attorney for Plaintiffs, hereby certify that on this day I served a copy of the attached Northeastern University's Motion Pursuant to Federal Rule of Civil Procedure 56(f) for Continuance on Deadline for Filing Opposition to Defendant United States of America's Motion for Summary Judgment of the attached Affidavit of Gerald F. Lucey in support by facsimile transmission and by mailing a copy thereof, first class, postage prepaid, to:

| | |
|---|---|
| Brian C. Newberry, Esq.<br>Donovan Hatem, LLP<br>Two Seaport Lane<br>Boston, MA 02210 | Rhonda T. Maloney, Esq.<br>Esdaile, Barrett & Esdaile<br>75 Federal Street<br>Boston, MA 02110-1904 |
| Joslin Ham Murphy, Esq.<br>Town of Brookline<br>Town Hall<br>333 Washington Street<br>Brookline, MA 02445 | Matthew A. Connelly, Esq.<br>U.S. Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Washington, DC 20044 |
| John H. Bruno, Esq.<br>Masi & Bruno<br>124 Long Pond Road<br>Plymouth, MA 02360 | Christopher P. Maffucci, Esq.<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA 02210 |
| Jeffrey A. Gorlick, Esq.<br>Law Office of Jerry A. Gorlick<br>One Longfellow Place<br>Suite 3409<br>Boston, MA 02114 | Alberto G. Rossi, Esq.<br>Donovan Hatem, LLP<br>Two Seaport Lane<br>Boston, MA 02210 |

DATED: February 9, 2007         /s/ Gerald F. Lucey
                                                Gerald F. Lucey

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC.<br>        Defendants. | C.A. No. 04-CV-11413-EFH<br><br>*consolidated with*<br><br>C.A. NO. 04CV12647-EFH<br><br>*and*<br><br>C.A. NO. 04CV12003-EFH |
| NORTHEASTERN UNIVERSITY,<br>    Defendant, Third-Party Plaintiff,<br><br>v.<br><br>PEDA, Inc.<br>    Third-Party Defendant/Defendant<br>    In Crossclaim. | |
| SPLIT BOULDER CONSTRUCTION, INC.,<br>    Defendant, Third-Party Plaintiff,<br><br>v.<br><br>SASAKI ASSOCIATES, INC.,<br>    Third-Party Defendant/Defendant<br>    In Crossclaim. | |

### AFFIDAVIT OF GERALD F. LUCEY

I, Gerald F. Lucy, Attorney for Northeastern University in this matter, hereby depose and state as follows:

    1.    This civil action arises out of an incident that occurred on January 5, 2002 at Parson's Field in Brookline, Massachusetts, involving helicopters owned and


"A"

1. operated by employees of the United States. On that date, one or more United States' tandem-rotor military transport helicopters landed on the field, causing a baseball dugout to blow over onto four Town of Brookline firefighters.

2. As a result of the incident, the firefighters suffered personal injuries.

3. Northeastern University has been named as a defendant as a result of the accident. The various plaintiffs have alleged that Northeastern University is negligent in failing to maintain its property, Parson's Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of allegedly dangerous conditions which existed.

4. Northern University has asserted crossclaims against the United States of America for indemnification and for contribution.

5. On December 14, 2006, Northeastern University noticed the Rule 30(b)(6) deposition of the United States of America to take place on January 2, 2007, with respect to rotor wash generated by the type of helicopter in question. That deposition was continued at the request of the government. No witness has been identified by the government and no date has been scheduled. A copy of the Notice of taking Deposition is attached.

6. On or about January 30, 2007, the United States filed a Motion for Summary Judgment and supporting Memorandum of Law, asserting that it should be granted Summary Judgment on all claims and cross-claims raised against it in the consolidated actions because the injuries sustained by the Plaintiff firefighters were not a foreseeable consequence of, and were not proximately caused by, any acts or admissions of the government's employees.

7. To date, extensive discovery has been conducted; however, as is more fully described in the *Memorandum In Support of Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 56(f) for Continuance on Deadline For filing Opposition to Defendant United States of America's Motion for Summary Judgment* (Document 100), several of the remaining scheduled and proposed depositions are of current or former employees of the United States who participated in planning the January 5, 2002 helicopter landing and are expected to have knowledge of the circumstances that led to the United States' choice of Parson's Field as a landing area, the steps, if any, that were taken to determine the suitability of the field for the anticipated landing, problems with the field as a landing site, the conduct of the military test landing and the effects of rotor wash generated by the Clinook CH-47D heavy duty military transport/combat helicopters involved in the test landing.

8. The information that is expected to be provided at the depositions of government personnel which remain to be taken is critical to an analysis of the issues raised by the United States in its Motion for Summary Judgment, and consequently to permit Northeastern University to present facts essential to justify its opposition to that Motion.

2

Signed under the pains and penalties of perjury on this 9th day of February, 2007.

_____
Gerald F. Lucey

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABCOCK et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | C.A. No. 04-CV-11413-EFH |

### NOTICE OF TAKING OF DEPOSITION

Please take notice that at **10:00 a.m. on Tuesday, January 2, 2007** at the offices of Nelson, Kinder, Mosseau & Saturley, P.C., 45 Milk Street, 7th Floor, Boston, MA 02109, Defendant Northeastern University in this action, by its attorneys, will take the deposition upon oral examination of the United States of America by the person or persons with the most knowledge about the matters described in the attached Schedule A, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The deponent is instructed to bring with him or her copies of the documents described in the attached Schedule B. The deposition will continue from day to day until completed.

You are invited to attend and cross-examine.

DEFENDANT
NORTHEASTERN UNIVERSITY
By its attorney

_____
Gerald F. Lucey, BBO #306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
(617) 778-7500

Dated: December 14, 2006

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, counsel for the defendant, do hereby certify that on this date I served the foregoing **"NOTICE OF TAKING OF DEPOSITION"** upon all parties of record to this action by mailing a copy of same postage prepaid to the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110-1904

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Jeffrey A. Gorlick, Esq.
One Longfellow Place, Suite 3409
Boston, MA  02114

Alberto G. Rossi, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Joslin Murphy, Esq.
Associate Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA  02445-6863

Brian C. Newberry, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

Dated: December 14, 2006

_____
Gerald F. Lucey

## SCHEDULE A

1. The operational characteristics of Chinook CH-47D helicopters that landed and/or attempted to land at Parsons Field on January 5, 2002.

2. The characteristics, effects and force(s) of downdrafts, down wash, rotor down wash and wind velocities created as a result of the operation of Chinook CH-47D helicopters of the type that landed and/or attempted to land at Parsons Field on January 5, 2002.

3. The downdrafts, down wash, rotor down wash, and wind velocities created by the Chinook CH-47D helicopters that landed and/or attempted to land at Parsons Field on January 5, 2002.

4. The site and site condition requirements for the safe landing of Chinook CH-47D helicopters of the type that landed and/or attempted to land at Parsons Field on January 5, 2002.

5. The manner in which to calculate the force(s) and velocity(ies) of the downdrafts, down wash, rotor down wash and winds created by:

    a. Chinook CH-47D helicopters of the type that landed and/or attempted to land at Parsons Field on January 5, 2002; and

    b. the Chinook CH-47D helicopters that landed and/or attempted to land at Parsons Field on January 5, 2002.

## SCHEDULE B

Any and all documents, items and other tangible things within the ambit of Rule 34 of the Federal Rules of Civil Procedure which refer to, relate to and/or evidence the following:

1. The operational characteristics of Chinook CH-47D helicopters that landed and/or attempted to land at Parsons Field on January 5, 2002.

2. The characteristics, effects and force(s) of downdrafts, down wash, rotor down wash and wind velocities created as a result of the operation of Chinook CH-47D helicopters of the type that landed and/or attempted to land at Parsons Field on January 5, 2002.

3. The downdrafts, down wash, rotor down wash, and wind velocities created by the Chinook CH-47D helicopters that landed and/or attempted to land at Parsons Field on January 5, 2002.

4. The site and site condition requirements for the safe landing of Chinook CH-47D helicopters of the type that landed and/or attempted to land at Parsons Field on January 5, 2002.

5. The manner in which to calculate the force(s) and velocity(ies) of the downdrafts, down wash, rotor down wash and winds created by:

    a. Chinook CH-47D helicopters of the type that landed and/or attempted to land at Parsons Field on January 5, 2002; and

    b. the Chinook CH-47D helicopters that landed and/or attempted to land at Parsons Field on January 5, 2002.