# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, JOSEPH CANNEY, THOMAS GREGORIO, JOHN KELLEY and YVONNE KELLEY,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, NORTHEASTERN UNIVERSITY, LEDGEWOOD CONSTRUCTION COMPANY, INC., and SPLIT BOULDER CONSTRUCTION, INC.<br>        Defendants. | C.A. No. 04-CV-11413-EFH<br><br>*consolidated with*<br><br>C.A. NO. 04CV12647-EFH<br><br>*and*<br><br>C.A. NO. 04CV12003-EFH |
| NORTHEASTERN UNIVERSITY,<br>    Defendant, Third-Party Plaintiff,<br><br>v.<br><br>PEDA, Inc.<br>    Third-Party Defendant/Defendant<br>    In Crossclaim. | |
| SPLIT BOULDER CONSTRUCTION, INC.,<br>    Defendant, Third-Party Plaintiff,<br><br>v.<br><br>SASAKI ASSOCIATES, INC.,<br>    Third-Party Defendant/Defendant<br>    In Crossclaim. | |

**NORTHEASTERN UNIVERSITY'S ANSWERS TO THIRD-PARTY DEFENDANT
SASAKI ASSOCIATES, INC.'S FIRST SET OF INTERROGATORIES**

Defendant Northeastern University (the "University") hereby responds and objects to Third-Party Defendant Sasaki Associates, Inc.'s ("Sasaki") First Set Of Interrogatories To Defendant Northeastern University as follows:

## PRELIMINARY STATEMENT

That the University objects to any particular interrogatory should not be construed to mean that documents responsive to such interrogatories exist. Similarly, a statement that the University will provide documents in response to any particular interrogatory should not be construed to mean that documents of a type or category described in the interrogatory in fact exist. Furthermore, the production of any documents that are otherwise subject to an objection is not a waiver of any such objection as to any other documents not produced.

## GENERAL OBJECTION

The University states that answers to interrogatories propounded by Sasaki will be made in accordance with Federal Rules of Civil Procedure and consistent with the generally accepted meaning of the terms used in the respective interrogatories. Further, all answers incorporate the following general objections:

A.  The University objects to the interrogatories insofar as they seek to impose on the University burdens or responsibilities inconsistent with, or in addition to, the University's responsibilities under the Federal Rules of Civil Procedure.

B.  The University provides these answers to the interrogatories and is providing information pursuant thereto, without waiver of or prejudice to its right, at any later time, to raise objections to (1) the relevance, materiality, or admissibility of: (a) any interrogatory or any part thereof, (b) statements made in response to any interrogatory or any part thereof, or (c) any answer provided pursuant to these interrogatories; or (2) any further demand for discovery involving or relating to the matters raised in any interrogatory.

C.  The Specific Answers set forth below are based upon information now available to the University. The University may, in the future, identify or determine additional information relevant to its Specific Answers to the interrogatories. The University objects to the interrogatories to the extent they seek or demand information not in its possession. The University reserves the right at any time to revise, correct, add to, supplement, modify, or clarify its Specific Answers set forth below.

D.  The University objects to the interrogatories to the extent they seek discovery of privileged matters, materials prepared in anticipation of litigation or trial, or information that otherwise is not subject to discovery under Fed. R. Civ. P. 26(b).

E.  The University objects to the interrogatories to the extent they seek to require the University to provide information that is publicly available, or available from sources to which the defendant has equal access, on the ground that the defendant has equal access to such information and it would be unduly burdensome and oppressive to require the University to provide that information under such circumstances.

F.  The University objects to the interrogatories to the extent they require the University to provide information that is protected as confidential, proprietary or as a trade secret.

2

G.  The University objects to the interrogatories to the extent they call for detailed information concerning communications, both written and oral, on the grounds that they are unduly burdensome and that the written communications in many respects speak for themselves.

H.  The University objects to the interrogatories to the extent that their responses require information not yet in the University's possession.

I.  The University objects to the interrogatories to the extent they impose upon the University a duty to supplement its responses that is greater than that imposed by the Federal Rules of Civil Procedure.

J.  The University objects to the interrogatories to the extent they seek information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

K.  By answering any interrogatory, the University does not waive any of its general or specific objections to that or any other interrogatory.

**INTERROGATORY ONE**
Please identify each person who you expect to call as an expert witness at trial.

**ANSWER ONE**

The University has not made any decision with respect to experts expected to be called at trial and respectfully reserves the right to supplement this answer.

**INTERROGATORY TWO**
With respect to each person identified in the answer to the preceding interrogatory, please state:

(a)  The subject matter on which each person is expected to testify;

(b)  The substance of the facts and opinions to which the person is expected to testify; and

(c)  A summary of the grounds for each opinion.

**ANSWER TWO**

(a-c).  The University has not made any decision with respect to experts expected to be called at trial and respectfully reserves the right to supplement this answer.

**INTERROGATORY THREE**
Please identify each person involved in answering these interrogatories on your behalf, identifying each interrogatory that each such person assisted in answering, and identifying all persons or entities consulted in responding to these interrogatories, including the information that each person or entity provided.

3

**ANSWER THREE**

The University objects to this interrogatory for the following reasons: it calls for information which is beyond the permissible scope of discovery as set forth in Rule 26, Fed. R. Civ. P.; it seeks disclosure of the mental impressions, conclusions, opinions and/or legal theories of counsel; and it seeks information which is protected by the attorney-client privilege and/or the attorney work-product doctrine. Without waiving the foregoing objections, the undersigned prepared these answers to interrogatories with the assistance of counsel.

**INTERROGATORY FOUR**
Please identify each person who has knowledge of the facts and circumstances relevant to this case and, for each, state the general nature of the facts and circumstances about which the person has knowledge. Please identify each person who has knowledge of the facts and circumstances relevant to this case and, for each, state the general nature of the facts and circumstances about which the person has knowledge.

**ANSWER FOUR**

The University objects to this interrogatory for the following reasons: it calls for information which is beyond the permissible scope of discovery as set forth in Rule 26, Fed. R. Civ. P.; it is overly broad in scope; it calls for information the accumulation of which would impose undue burden and expense upon the University; it calls for the disclosure of information made, taken, prepared and/or obtained in anticipation of litigation without a showing having been made that plaintiff is unable without undue hardship to obtain the substantial equivalent of the materials by other means; it seeks disclosure of the mental impressions, conclusions, opinions and/or legal theories of counsel to University and it seeks information which is protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections or the General Objections set forth above, Sasaki's attention is directed to the University's Initial Disclosures, its responses to all discovery

4

served in the case to date, to the Initial Disclosures and discovery responses of other parties in the case to date, and to the depositions taken to date.

**INTERROGATORY FIVE**
Please provide the names of all the witnesses that are expected to testify during the course of the trial on behalf of Northeastern.

**ANSWER FIVE**

The University has not made any decision with respect to witnesses expected to be called at trial and respectfully reserves the right to supplement this answer.

**INTERROGATORY SIX**
Please provide a description of the decision process by which Northeastern agreed, decided, or acquiesced to the use of Parsons Field in Brookline, Massachusetts as the landing site for the President's visit to Boston Latin in January 2002, and identify the persons or entities involved in making that decision.

**ANSWER SIX**

The University objects to the terms "decision process," "agreed," "decided" and "acquiesced" in the context of this interrogatory and on the facts of this case to the extent those terms are vague, ambiguous, misleading, incapable of a definitive response, and to the extent they suggest or imply that the University had the right to deny the use of its property to the President of the United States and/or to interfere with national security.

Without waiving the foregoing objections or the General Objections set forth above, the University states that Thomas Keady, former Vice President of Government Relations & Community Affairs for the University, was the contact person for government personnel with respect to the proposed Presidential visit to Boston on January 8, 2002. Upon information and belief the government identified potential landing sites for the president in December of 2001. In late 2001 government representatives contacted Mr. Keady with respect to using Parsons Field as a landing site for the President. Mr. Keady suggested alternative sites including Logan Airport,

5

the Esplanade and helicopter landing sites at local hospitals. The government was not interested in alternative sites and went forward with the test landing mission on January 5, 2002.

### INTERROGATORY SEVEN

Please identify and describe the construction and/or renovation work performed at Northeastern's Parsons Field in 2001 related to the relocation and installation of the baseball dugouts, which are the subject of this litigation.

### ANSWER SEVEN

The University objects to this interrogatory for the following reasons: it is overly broad in scope; and it calls for information which is or should be known to Sasaki and which has been the subject of much discovery in the case to date. The University further objects to the extent the word "construction" is vague, misleading, imprecise, seeming inapplicable, and incapable of a definitive response, and for the reason that the information is or should be well known to Sasaki.

Without waiving the foregoing objections or the General Objections set forth above, Sasaki's attention is directed to the University's Initial Disclosures, its responses to all discovery served in the case to date, to the Initial Disclosures and discovery responses of other parties in the case to date, and to the depositions taken to date.

### INTERROGATORY EIGHT

Please identify the contractors, subcontractors, engineers, and architects who were involved in the construction, design, architectural, and engineering work or services described in Northeastern's answer to Interrogatory No. 7.

### ANSWER EIGHT

Sasaki Associates, Inc.
64 Pleasant Street
Watertown, MA 02472

R. E. Cameron & Associates, Inc.
681 Washington Street
Norwood, MA 02062

Southwest Recreational Industries, Inc.
701 Leader Drive
Leander, TX 78641

    Ledgewood Construction Company, Inc.
    233 Victory Road
    Quincy, MA 02171

    PEDA, Inc.
    549 Columbian Street
    So. Weymouth, MA 02190

    Split Boulder Construction, Inc.
    5 Split Boulder Road
    Rockland, MA 02370

**INTERROGATORY NINE**
Please identify all permits that were obtained from the Town of Brookline, as well as the Commonwealth of Massachusetts, for the construction, design, architectural, and engineering work or services described in Northeastern's answer to Interrogatory No. 7.

**ANSWER NINE**

    Upon information and belief, permit number BL0100515 dated 5/10/01 and permit number BL0100524 dated 5/11/01.

**INTERROGATORY TEN**
Please identify the person(s) or entity(ies) who applied for the permits identified in Northeastern's Interrogatory No. 9 and, if different from the person who applied for the permit, the person who received the permit.

**ANSWER TEN**

    Upon information and belief both permits were applied for by Joseph P. Trainor, Ledgewood Construction Company, 233 Victory Road, Quincy, MA 02171.

**INTERROGATORY ELEVEN**
Please describe any similar or comparable incidents at Parsons Field or any other Northeastern controlled site that occurred prior to the one that led to this lawsuit.

**ANSWER ELEVEN**

    Upon information and belief, none.

**INTERROGATORY TWELVE**
Please state the basis for the allegations in Count XII of the Answer of Northeastern University to Plaintiffs' Third Amended Complaint, Crossclaims and Demand for Trial By Jury, wherein Northeastern alleges that "if the plaintiffs were injured and damaged as alleged, such injuries and damages were caused by the negligence of the third-party defendant/crossclaim defendant Sasaki in connection with the renovations to Parsons Field and the relocation of the dugout in question."

**ANSWER TWELVE**

The University objects to this interrogatory to the extent it seeks disclosure of the mental impressions, conclusions, opinions and/or legal theories of counsel to the University and it seeks information which is protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections or the General Objections set forth above, Sasaki's attention is directed to the University's Initial Disclosures, its responses to all discovery served in the case to date, the deposition testimony of John E. Malone, to the Initial Disclosures and discovery responses of other parties in the case to date, and to the other depositions taken to date.

**INTERROGATORY THIRTEEN**
Please state the basis for the allegations in Count XIII of the Answer of Northeastern University to Plaintiffs' Third Amended Complaint, Crossclaims and Demand for Trial By Jury, wherein Northeastern alleges that "the injuries and damages allegedly suffered by the plaintiffs were caused by the third-party defendant/crossclaim defendant Sasaki's breaches of warranty of workmanlike performance and fitness in connection with the renovations to Parsons Field and the relocation of the dugout in question."

**ANSWER THIRTEEN**

The University objects to this interrogatory to the extent it seeks disclosure of the mental impressions, conclusions, opinions and/or legal theories of counsel to the University and it seeks information which is protected by the attorney-client privilege and/or the attorney work-product doctrine.

Without waiving the foregoing objections or the General Objections set forth above, Sasaki's attention is directed to the University's Initial Disclosures, its responses to all discovery served in the case to date, the deposition testimony of John E. Malone, to the Initial Disclosures and discovery responses of other parties in the case to date, and to the other depositions taken to date.

**INTERROGATORY FOURTEEN**
Please identify and describe in detail the work or services Sasaki was contracted and/or engaged by Northeastern to perform in connection with the renovations to Parsons Field and to the relocation and installation of the baseball dugouts, which are the subject of this litigation.

**ANSWER FOURTEEN**

Without waiving the General Objections set forth above, Sasaki's attention is directed to the University's Initial Disclosures, its responses to all discovery served in the case to date, the deposition testimony of John E. Malone, to the Initial Disclosures and discovery responses of other parties in the case to date, and to the other depositions taken to date.

**INTERROGATORY FIFTEEN**
Please identify and describe in detail all communications, if any, between Northeastern and Sasaki in connection with the relocation and installation of the baseball dugouts on Parsons Field in Brookline, Massachusetts in 2001.

**ANSWER FIFTEEN**

The University objects to this interrogatory for the following reasons: it is overly broad in scope; and it calls for information the accumulation of which would impose undue burden and expense upon the University.

Without waiving the foregoing objections or the General Objections set forth above, Sasaki's attention is directed to the University's Initial Disclosures, its responses to all discovery served in the case to date, the deposition testimony of John E. Malone, to the Initial Disclosures and discovery responses of other parties in the case to date, and to the other depositions taken to date.


### As to Answers

Brian J. Burns hereby states that he is employed by Northeastern University and that he signs the within Answers to Interrogatories for and on behalf of the University and is duly authorized to do so; that the matters stated in the foregoing Answers are not all within his personal knowledge and that he is informed there is no officer or employer of the University who has personal knowledge of all such matters; rather the facts stated herein have been assembled by authorized employees and/or counsel to the University, and that to the best of his knowledge the within Answers and the facts in said Answers are true and so states under the pains and penalties of perjury this _11th_ day of _December_, 2006.

_____
Brian J. Burns, Esq.

As to objections:

_____
Gerald F. Lucey, BBO #306860
Nelson Kinder Mosseau Saturley, PC
45 Milk Street, Seventh Floor
Boston, MA 02109
(617) 778-7500

CERTIFICATE OF SERVICE

    I, Gerald F. Lucey, do hereby certify that on this date I served the foregoing "NORTHEASTERN UNIVERSITY'S ANSWERS TO THIRD-PARTY DEFENDANT SASAKI ASSOCIATES, INC.'S FIRST SET OF INTERROGATORIES" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

Michael E. Mone, Esq.
Kathryn E. Hand, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110-1904

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Jeffrey A. Gorlick, Esq.
One Longfellow Place, Suite 3409
Boston, MA  02114

Alberto G, Rossi, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Joslin Murphy, Esq.
Associate Town Counsel
Town of Brookline
333 Washington Street
Brookline, MA  02445-6863

Brian C. Newberry, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210

DATED: __12-11__, 2006

                                                  Gerald F. Lucey

11