# EXHIBIT V

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK BABCOCK, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil No. 1:04-CV-11413-EFH |
| ) | |
| v. ) | consolidated with |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:04-CV-12003-EFH |
| et al; ) | 1:04-CV-12647-EFH |
| ) | |
| Defendants. ) | |
| ) | |

## THE UNITED STATES' RESPONSE TO THIRD-PARTY DEFENDANT SASAKI ASSOCIATES, INC.'S FIRST SET OF INTERROGATORIES

The United States of America responds to Sasaki Associates, Inc.'s First Set of Interrogatories by providing its answers and raising its general and specific objections. Because discovery is continuing, the United States reserves the right to supplement its responses, if necessary.

### GENERAL OBJECTIONS

The following general objections apply to all interrogatories individually.

1.  The United States objects to each interrogatory to the extent that it seeks discovery of sensitive national security information regarding the procedures and methods for protecting the President of the United States. Disclosure of such information, even to a limited extent, endangers the safety of the President and places national security at risk.

2. The United States objects to each interrogatory to the extent that it seeks disclosure of information protected by the law enforcement privilege.

3. The United States objects to each interrogatory to the extent that it seeks discovery of information that is not relevant to the limited scope of the allegations contained in the Plaintiffs' Complaint.

4. The United States objects to Sasaki's General Instructions as vague, overbroad, and unduly burdensome.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each person who you expect to call as an expert witness at trial.

**RESPONSE:**

Objection. The United States objects to Interrogatory No. 1 to the extent that it seeks information protected by the work-product doctrine. Without waiving either this specific objection or the General Objections, and subject to them, the United States will identify its expert witnesses in accordance with the schedule set by the Court.

**INTERROGATORY NO. 2:**

With respect to each person identified in the answer to the preceding interrogatory, please state:

(a) The subject matter on which each person is expected to testify;

(b) The substance of the facts and opinions to which the person is expected to testify; and

(c) A summary of the grounds for each opinion.

**RESPONSE:**

Objection. The United States objects to Interrogatory No. 2 to the extent that it seeks information protected by the work-product doctrine. Without waiving either this specific objection or the General Objections, and subject to them, the United States will make its Rule 26(a)(2) disclosures in accordance with the schedule set by the Court.

**INTERROGATORY NO. 3:**

Please identify each person involved in answering these interrogatories on your behalf, identify each interrogatory that each such person assisted in answering, and identifying all persons or entities consulted in responding to these interrogatories, including the information that each person or entity provided.

**RESPONSE:**

Objection. The United States objects to Interrogatory No. 3 to the extent that it seeks information protected by either the attorney-client privilege and/or the work-product doctrine. Without waiving either these specific objections or the General Objections, and subject to them, see the respective Response for each Interrogatory. Assistance was provided by agency counsel, Liza Murphy, Esq. and Paul H. Turney, Esq. as well.

**INTERROGATORY NO. 4:**

Please identify each person who has knowledge of the facts and circumstances relevant to this case and, for each, state the general nature of the facts and circumstances about which the person has knowledge.

**RESPONSE:**

Objection. The United States objects to Interrogatory No. 4 to the extent that it seeks information protected by either the attorney-client privilege and/or the work-product doctrine. Interrogatory No. 4 is also overbroad and unduly burdensome. Interrogatory No. 4 also contains multiple questions and should be counted as two interrogatories. Without waiving either these specific objections or the General Objections, and subject to them, see the responses of the United States to all previous discovery, the transcripts of all depositions in this case, and the disclosures and discovery responses provided by the other Parties to this matter.

In addition, the following persons are believed to have been present at Parsons Field during the rehearsal and may not have been previously identified by any Party.

Natalie Klobucher and minor child
address unknown
Tel. 978-750-4906

**INTERROGATORY NO. 5:**

Please provide the names of all the witnesses that are expected to testify during the course of the trial on behalf of the USA.

**RESPONSE:**

Objection. The United States objects to Interrogatory No. 5 to the extent that it seeks information protected by either the attorney-client privilege and/or the work-product doctrine. Interrogatory No. 5 is also overbroad. Without waiving either these specific objections or the General Objections, and subject to them, the United States has not yet determined which witnesses it will call at trial. The United States will identify its witnesses at the times, and in the manner, prescribed by the Federal Rules of Civil Procedure, the local rules and any applicable orders of the Court.

**INTERROGATORY NO. 6:**

Please provide a description of the decision-making process by which the USA chose to use Parsons Field in Brookline, Massachusetts as the landing location for the President's visit, who was involved in making that decision, and any alternative sites that were considered by the USA.

**RESPONSE:**

Objection. Interrogatory No. 6 is cumulative and it seeks discovery of sensitive national security information. Interrogatory No. 6 also contains multiple questions and should be counted as three interrogatories. Without waiving either these specific

objections or the General Objections, and subject to them, see the transcript of the 30(b)(6) deposition of the United States and the responses of the United States to previous interrogatories served by the Parties in this matter.

**INTERROGATORY NO. 7:**

Please describe any similar or comparable incidents to the one that led to this lawsuit to which the USA has been a party or for which the USA has provided a settlement.

**RESPONSE:**

Objection. The United States objects to Interrogatory No. 7 to the extent that it seeks information protected by either the attorney-client privilege, the deliberative process privilege, and/or the work-product doctrine. Interrogatory No. 7 is also vague, overbroad, and unduly burdensome. Without waiving either these specific objections or the General Objections, and subject to them, the United States notes that the following lawsuit was filed in the United States District Court for the District of Connecticut on February 20, 2004.

*Crossman, et al. v. United States of America*
Civil No. 3:04CV291(AWT)

The United States specifically denies all allegations of negligence in the above case. The United States also does not concede the accuracy of the factual allegations in the Plaintiffs' Complaint in the above case.

**INTERROGATORY NO. 8:**

Please identify the agency or individual who conducted a rotor wash test or simulated the affect of rotor wash on the physical structures on Parsons Field in Brookline, Massachusetts prior to the rehearsal landing on January 5, 2002 for the Presidential visit, and state the results and/or conclusions of that test or tests.

**RESPONSE:**

Objection. Vague. Without waiving either this specific objection or the General Objections, and subject to them, the United States notes that no such test was required, and therefore, no such test was performed. (Information provided by Lt. Col. Clay Stackhouse, USMC)

**INTERROGATORY NO. 9:**

Please describe the role of the United States Secret Service, the White House Advance Office, and HMX-1 with regard to the selection of Parsons Field in Brookline, Massachusetts as the landing site for the January 8, 2006 Presidential visit to Boston Latin.

**RESPONSE:**

Objection. Cumulative. Interrogatory No. 9 also contains multiple questions and should be counted as three interrogatories. Without waiving either these specific objections or the General Objections, and subject to them, see the transcript of the 30(b)(6) deposition of the United States and the responses of the United States to

previous interrogatories served by the Parties in this matter.

**INTERROGATORY NO. 10:**

Please identify the individuals and/or agencies who had a role in ensuring the safety of the Town of Brookline Firemen at the scene of the January 5, 2002 rehearsal landing on Parsons Field in Brookline, Massachusetts as well as those individuals and/or agencies who had a role in ensuring the safety of potential civilian bystanders who were present on January 5, 2002 at the rehearsal landing for the Presidential visit.

**RESPONSE:**

Objection. Interrogatory No. 10 is vague and calls for a legal conclusion. Without waiving either these specific objections or the General Objections, and subject to them, the United States asserts that no federal agency was responsible for ensuring the safety of either the Brookline firefighters or any potential civilian bystanders during the rehearsal landing on January 5, 2002. See the 30(b)(6) deposition of the United States, Special Agent Kenneth Jenkins testifying.

**INTERROGATORY NO. 11:**

Please state the roles of the individuals in the USA's Answer to Sasaki's Interrogatory No. 10 with respect to ensuring the safety of civilians and other state or federal employees who were involved in some capacity with the rehearsal landing on Parsons Field in Brookline, Massachusetts on the evening of January 5, 2002.

**RESPONSE:**

Objection. Interrogatory No. 11 is vague and calls for a legal conclusion. Without waiving either these specific objections or the General Objections, and subject to them, see the Response to Interrogatory No. 10 above.

**INTERROGATORY NO. 12:**

Please identify the individual or agency from the USA who ultimately determined that the synthetic turf and the baseball dugouts on Parsons Field could withstand rotor wash from the helicopters being employed during the rehearsal landing on Parsons Field on January 5, 2002.

**RESPONSE:**

Objection. Interrogatory No. 12 is vague and ambiguous. Without waiving either these specific objections or the General Objections, and subject to them, the United States notes that, to the extent that such a determination was made, it would have been made by Lt. Col. Clay Stackhouse, USMC. (Information provided by Lt. Col. Clay Stackhouse, USMC)

**INTERROGATORY NO. 13:**

Please identify the report and the custodian of the report written by the individual or agency identified in the USA's Answer to Sasaki's Interrogatory No. 12.

**RESPONSE:**

Objection. Interrogatory No. 13 is vague and ambiguous. Without waiving either these specific objections or the General Objections, and subject to them, the United States notes that no such report was required, and therefore, none was submitted. (Information provided by Lt. Col. Clay Stackhouse, USMC)

**INTERROGATORY NO. 14:**

Please identify the individual or agency from the USA who determined that rotor wash would not affect the physical integrity of the dugouts on Parson Field in Brookline, Massachusetts during the rehearsal landing on January 5, 2002.

**RESPONSE:**

Objection. Interrogatory No. 14 is vague and ambiguous. Without waiving either these specific objections or the General Objections, and subject to them, the United States notes that, to the extent that such a determination was made, it would have been made by Lt. Col. Clay Stackhouse, USMC. (Information provided by Lt. Col. Clay Stackhouse, USMC)

## INTERROGATORY NO. 15 :

Please state the basis for the individual or agency identified in the USA's Answer to Sasaki's Interrogatory No. 14 assessment and/or conclusion that the rotor wash of the helicopters employed during the rehearsal landing on January 5, 2002 would not adversely affect the baseball dugouts and/or synthetic turf on Parsons Field in Brookline, Massachusetts.

## RESPONSE:

HMX-1 relies on the judgment of the respective White House Liaison Officer, a screened and experienced helicopter pilot, to determine the safety of a landing zone for helicopter operations. Lt. Col. Clay Stackhouse, USMC. (Information provided by Lt. Col. Clay Stackhouse, USMC.)

Dated:      December 1, 2006

                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

_/s/ Matthew A. Connelly_
MATTHEW A. CONNELLY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## VERIFICATION

I certify, pursuant to 28 U.S.C. § 1746, that the preceding Responses to Sasaki Associates, Inc.'s First Set of Interrogatories were based on information officially provided to me and not on the basis of my personal knowledge. I believe these Responses to be true and correct.

December 1, 2006

_/s/ Matthew A. Connelly_
MATTHEW A. CONNELLY,
Trial Attorney
U.S. Department of Justice

-12-

## CERTIFICATE OF SERVICE

I hereby certify copies of this document were placed in the U.S. mail, this first day of December, 2006, addressed to the following counsel of record:

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA 02360

Joslin Murphy, Esq.
Associate Town Counsel
333 Washington Street
Brookline, MA 02445-6863

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA 02109

David J. Hatem, Esq.
Deborah S. Russo, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

Jeffrey A. Gorlick, Esq.
Law Offices of Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, MA 02114

Brian C. Newberry, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210